JEFFREY A. KRIEGER (SBN 156535)
JKrieger@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Proposed Attorneys for Jason M. Rund,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YOUTH POLICY INSTITUTE, INC.,<br><br>Debtor. | Case No. 2:19-bk-23085-BB<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER LIMITING SCOPE OF NOTICE; DECLARATION OF JASON M. RUND IN SUPPORT THEREOF**<br><br>[APPLICATION FOR ORDER SHORTENING TIME LBR 9075-1(b) CONCURRENTLY FILED]<br><br>**Hearing**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 1539<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

76214.00002/3665995.1

MOTION FOR ORDER
LIMITING SCOPE OF NOTICE

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-INTEREST HEREIN:**

**PLEASE TAKE NOTICE** that Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor Youth Policy Institute, Inc. (the "Debtor"), hereby submits his motion (the "Motion") for entry of an order pursuant to sections 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules 2002, 4001, 6004, 6006, 6007, 9006, 9007, 9013, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and each a "Bankruptcy Rule") authorizing the Trustee to limit notice of the Limited Notice Matters (as defined in the Motion) in this chapter 7 case to the following parties: (1) the Office of the United States Trustee; (2) the largest twenty unsecured creditors compiled pursuant to the disclosures of the Debtor in its *Schedule E/F* filed on December 3, 2019 [Docket No. 15-3] ("Schedule E/F"); (3) parties that file with the Court and serve upon the Trustee requests for notice of all matters in accordance with Bankruptcy Rule 2002(i); (4) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel; and (5) all secured creditors disclosed in the Debtor's *Schedule D* filed on December 3, 2019 [Docket No. 15-2] (collectively, the "Limited Service List"). If the relief requested herein is granted, the burden, complication, delay and cost to the bankruptcy estate that is associated with administering the chapter 7 case and providing notice of the proceedings to over a thousand parties would be dramatically reduced.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the accompanying *Declaration of Jason M. Rund* (the "Rund Declaration"), the records and pleadings in this case, the arguments and representations of counsel, and any oral or documentary evidence presented at or prior to the time of the hearing.

**PLEASE TAKE FURTHER NOTICE** that due to the necessity of filing certain Limited Notice Matters (as such term is defined in the Motion) in the near further, the Trustee, in accordance with Local Bankruptcy Rule 9075-1(b), is respectfully requesting that the Motion be heard on shortened time pursuant to the concurrently filed *Application for Order Setting Hearing*

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

*on Shortened Notice [LBR 9075-1(b)]* (the "OST Application")  All deadlines relating to the Motion and the hearing thereon shall be set in accordance with the Court's ruling on the OST Application.

**PLEASE TAKE FURTHER NOTICE** that this Motion is being served on the Limited Service List.  In the event that the Court grants the relief requested by the Motion, the Trustee shall provide notice of the entry of the order granting such relief upon all creditors, parties-in-interest and any additional parties as the Court directs.  The Trustee submits that such notice is sufficient and that no other or further notice need be given.

**WHEREFORE**, for all the reasons stated in the Motion, the Trustee respectfully requests that this Court enter an order (1) limiting the scope and manner of notice as set forth in the Motion; (2) finding that notice of the Motion is sufficient under the circumstances, and (3) granting such other and further relief as is just and proper under the circumstances.

DATED: December 6, 2019

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP


By: */s/ Jeffrey A. Krieger*
  JEFFREY A. KRIEGER
  KEITH PATRICK BANNER
  Proposed Attorneys for Jason M. Rund, Chapter 7 Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**

Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor Youth Policy Institute, Inc. (the "Debtor"), hereby submits his motion (the "Motion") for entry of an order pursuant to sections 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules 2002, 4001, 6004, 6006, 6007, 9006, 9007, 9013, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and each a "Bankruptcy Rule") to limit the scope of notice in this chapter 7 case on the terms set forth herein.

I.   **JURISDICTION AND VENUE**

The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the case is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee consents to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. The statutory predicates for the relief requested herein is sections 105 of the Bankruptcy Code; and Bankruptcy Rules 2002(i), 2002(m), 4001, 6004, 6006, 6007, 9006, 9007, 9013, 9014, and 9019.

I.   **BACKGROUND**

A.   **Commencement of the Bankruptcy Case**

On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7 bankruptcy case. The Debtor filed the Petition on an emergency basis without the required schedules, statements and other case commencement documents listed in section 2.1(b) of the Court Manual. The Debtor's creditor matrix accompanying the Petition consists of approximately 356 pages and lists approximately 2,760 parties. *See* BNC Certificate of Notice of Petition, Docket No. 6.

On the Petition Date, the Trustee was duly appointed the interim chapter 7 trustee pursuant to section 701 of the Bankruptcy Code. The first chapter 7 meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") is currently scheduled for December 11, 2019 at 9:00 a.m.

**B.    The Debtor's Disclosures in the Schedules and SOFA**

On December 3, 2019, the Debtor filed its *Schedules*, *Statement of Financial Affairs* and other case commencement documents [Docket Nos. 15 & 16] (collectively, the "Schedules and SOFA"). In the Schedules and SOFA, the Debtor discloses, among other things, approximately 981 unsecured creditors – 834 priority unsecured creditors consisting primarily of wage claimants, and 147 general unsecured creditors. In addition, the Schedules and SOFA identify approximately 163 contract counterparties relating to pre-petition executory contracts and unexpired leases.

**II.    PROPOSED LIMITED NOTICE**

As detailed above, the Debtor's mailing matrix consists of no less than 2,760 parties and the Debtor has disclosed well over 1,000 creditors and parties-in-interest in its Schedules and SOFA. Providing notice of all matters identified in Bankruptcy Rule 2002 to all creditors and interested parties in this chapter 7 case would be costly and time-consuming. In an effort to minimize the administrative burden and expense on the Trustee while remaining cognizant of the due process concerns of creditors and other parties-in-interest, the Trustee brings this Motion.

The Trustee requests that the Court limit the scope of service of all notices, motions, or applications, including, but not limited to, the following:

   i.   any proposed use, sale, or lease of property of the estate pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 4001(b), and 6004 (except a sale of substantially all assets of the estate);

   ii.  any proposed financing or use of cash collateral;

   iii. any proposed approval of a compromise or settlement of a controversy pursuant to Bankruptcy Rules 2002(a)(3) and 9019 and/or section 363 of the Bankruptcy Code;

   iv.  any proposed abandonment or disposition of property of the estate pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rule 6007(a);

|   |   |   |
|---|---|---|
| 1 | v. | any proposed assumption, assumption and assignment or rejection of contracts or leases under section 365 of the Bankruptcy Code and Bankruptcy Rule 6006(a) or (c); |
| 4 | vi. | any proposal to prohibit or condition the use, sale or lease of property pursuant to section 363 of the Bankruptcy Code or Bankruptcy Rule 4001(a); |
| 6 | vii. | any proposed objections to claims pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rules 3002, 3003 or 3007; |
| 8 | viii. | any proposed application for employment of professionals pursuant to sections 327, 1103 or 1104 of the Bankruptcy Code or Bankruptcy Rule 2014; |
| 10 | ix. | any proposed application for compensation or reimbursement of expenses of professionals, pursuant to sections 328, 329, 330, or 331 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(6), 2016, 2017, and 6005; except as provided by other orders of this Court; and |
| 14 | x. | except as limited below, a hearing relating to any other contested matters, requests for relief, pleadings, or papers in this chapter 7 case that may or may not require notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the Local Bankruptcy Rules, provided that, the Trustee, applicant, or movant, as applicable, includes in such pleading the basis for the limited service. |

(The notices, motions and applications for which the Trustee is seeking to limit notice are hereinafter referred to as the "Limited Notice Matters").

Notwithstanding the foregoing, the relief requested in this Motion does not affect the rights of all creditors to receive notice of the following matters or proceedings: (i) the date fixed for filing proofs of claim; (ii) a hearing on the dismissal or conversion of this chapter 7 bankruptcy case; and (ii) any other proceeding for which the Court orders further notice.

/ / /

/ / /

/ / /

## III. ARGUMENT

### A. The Court Has the Authority to Limit the Scope of Notice

Bankruptcy Code section 105(a) provides in relevant part that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, Bankruptcy Rule 2002(i) provides, in pertinent part, as follows:

> [T]he Court may order that notices required by subdivision (a)(2), (3) and (6) of this rule be transmitted to the United States Trustee and be mailed only to the committees . . . appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them.

Bankruptcy Rules 4001, 6004, 6006, 9006, 9007, 9013, 9014, and 9019 each allow this Court to determine those parties to whom the Trustee must provide notice. Given the thousands of parties-in-interest in this chapter 7 case, it would impose an administrative and economic burden upon the bankruptcy estate if the Trustee were required to mail notice of every matter in this chapter 7 case to all parties listed on the creditor matrix.

### B. The Proposed Notice Procedures

As permitted by Bankruptcy Rules 2002(i) and (m), the Trustee requests that the Court enter an order that, to the extent allowed, limits the parties upon whom the Trustee must serve the Limited Notice Matters in this chapter 7 case. This order should also designate the manner of service as set forth below regarding all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to designate the manner of service, including matters subject to Bankruptcy Rules 2002(i), 4001, 6004, 6006 or 6007. It is well within the Court's authority to regulate notices and to approve the notice procedures proposed by the Trustee. Furthermore, these notice procedures will minimize administrative burdens in this chapter 7 case without diminishing creditor participation.

/ / /

/ / /

### 1. Service of Limited Notice Matters That Are Not Emergency or Expedited Motions

Specifically, the Trustee proposes that notices regarding the Limited Notice Matters be served by first class mail, email or the Court's NEF system, as applicable, upon only: (1) the Office of the United States Trustee; (2) the largest twenty unsecured creditors compiled pursuant to the disclosures of the Debtor in its *Schedule E/F* filed on December 3, 2019 [Docket No. 15-3] ("Schedule E/F"); (3) parties that file with the Court and serve upon the Trustee requests for notice of all matters in accordance with Bankruptcy Rule 2002(i); (4) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel; and (5) all secured creditors disclosed in the Debtor's *Schedule D* filed on December 3, 2019 [Docket No. 15-2] (collectively, the "Limited Service List").

### 2. Service of Limited Notice Matters That Require Emergency or Expedited Relief

Pursuant to Local Bankruptcy Rule 9075-1(a)(5), motions filed in chapter 7 cases that require emergency or expedited relief must be served by email, fax or personal service. In some instances, service by one of the means listed is not possible within the time frame available or is not practical (*e.g.*, service on a very large group for which the Trustee has no fax or email addresses readily available). The Trustee proposes that service of emergency or expedited Limited Notice Matters be upon only the Limited Service List and that, in addition to the service methods authorized by Local Bankruptcy Rule 9075-1, service of emergency or expedited Limited Notice Matters by overnight delivery be authorized if such notice will be delivered prior to the scheduled hearing time.

### C.  The Limited Notice Procedures are Necessary and Appropriate

The above proposed limited notice procedures are necessary and appropriate given that the creditor body is large and many of the creditors would not be interested in receiving copies of all the Limited Notice Matters but would find service of all these motions and other documents wasteful. Requiring notice to and service upon so many parties, would add to the cost and administrative burden on the bankruptcy estate, without conferring any meaningful benefit to the

1  estate, and thus would diminish the assets ultimately available to creditors.  Further, allowing

2  service of an emergency motion by overnight delivery in the instances outlined above provides

3  parties on the Limited Service List with adequate notice and preserves the Trustee's ability to

4  bring such matters on a timely and efficient basis.  The Trustee submits that such notice

5  constitutes due and sufficient notice of the Limited Notice Matters.

6        If this Motion is granted, the Trustee will provide a copy of the Limited Service List to

7  any creditor or party in interest that requests it.  The Trustee will also send a copy of any order

8  granting this Motion to all known creditors and parties-in-interest.

9        **D.**    **Service of This Motion**

10        As detailed in the accompanying Notice, the Trustee is serving this Motion on the Limited

11  Service List.  The Trustee submits such notice is appropriate under the circumstances.  As stated

12  above, there are approximately 2,760 parties on the mailing matrix.  Serving the Motion, and then

13  the subsequent order, on these parties would be cost prohibitive, defeat the very purpose for

14  which this Motion is filed and would accomplish very little.  The vast majority of parties will not

15  be interested in receiving this Motion and will likely simply dispose of the material upon receipt.

16  Also, the Trustee is serving the Limited Service List, which contains the most significant parties

17  to this chapter 7, including all secured creditors, the twenty largest unsecured creditors and the

18  U.S. Trustee.  The Trustee submits that service of this Motion as set forth above is sufficient

19  under the circumstances.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

## IV. CONCLUSION

Based upon the foregoing, the Trustee respectfully requests that the Court enter an order: (1) limiting the scope and manner of notice as set forth herein; (2) finding that notice of the Motion is sufficient under the circumstances; and (3) such other and further relief as the Court deems just and proper.

DATED:  December 6, 2019

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: */s/ Jeffrey A. Krieger*
JEFFREY A. KRIEGER
KEITH PATRICK BANNER
Proposed Attorneys for Jason M. Rund, Chapter 7 Trustee

**DECLARATION OF JASON M. RUND**

I, Jason M. Rund, declare:

1.  I am the duly appointed and acting chapter 7 Trustee of the bankruptcy estate of Youth Policy Institute, Inc. (the "Debtor").  I have personal knowledge of the facts stated below, or have gained knowledge of them from pleadings and other documents typically obtained and reviewed by trustees administering estates or from the professionals employed to assist me herein, and, if called as a witness, I could and would testify competently thereto.

2.  I submit this Declaration in support of the accompanying *Motion for Order Limiting Scope of Notice* (the "Motion").  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.  On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7 bankruptcy case.  The Debtor filed the Petition on an emergency basis without the required schedules, statements and other case commencement documents listed in section 2.1(b) of the Court Manual.  The first chapter 7 meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") is currently scheduled for December 11, 2019 at 9:00 a.m.

4.  The Debtor's creditor matrix accompanying the Petition consists of approximately 356 pages and lists approximately 2,760 parties.  *See* BNC Certificate of Notice of Petition, Docket No. 6.

5.  On December 3, 2019, the Debtor filed its *Schedules*, *Statement of Financial Affairs* and other case commencement documents [Docket Nos. 15 & 16] (collectively, the "Schedules and SOFA").  In the Schedules and SOFA, the Debtor discloses, among other things, approximately 981 unsecured creditors – 834 priority unsecured creditors consisting primarily of wage claimants, and 147 general unsecured creditors.  In addition, the Schedules and SOFA identify approximately 163 contract counterparties relating to pre-petition executory contracts and unexpired leases.

///

6.  As the Debtor's service list consists of no less than 2,760 parties and the Debtor disclosed well over 1,000 creditors and parties-in-interest in its Schedules and SOFA, providing notice of all matters identified in Bankruptcy Rule 2002 to all creditors and interested parties in this chapter 7 case would be costly and time-consuming. I bring the Motion in an effort to minimize the administrative burden and expense on the estate while remaining cognizant of the due process concerns of creditors and other parties-in-interest.

7.  I believe the proposed limited notice procedures detailed in the Motion are necessary and appropriate given that the creditor body is large and many of the creditors would not be interested in receiving copies of all the Limited Notice Matters but would find service of all these motions and other documents wasteful. Requiring notice to and service upon so many parties, would add to the cost and administrative burden on the bankruptcy estate, without conferring any meaningful benefit to the estate, and thus would diminish the assets ultimately available to creditors of the estate. Further, allowing service of an emergency motion by overnight delivery in the instances outlined above provides parties on the Limited Service List with adequate notice and preserves the Trustee's ability to bring such matters on a timely and efficient basis. The Trustee submits that such notice constitutes due and sufficient notice of the Limited Notice Matters.

8.  If the Motion is granted, I will provide a copy of the Limited Service List to any creditor or party in interest that requests it. I will also send a copy of any order granting the Motion to all known creditors and parties-in-interest.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 6th day of December, 2019, at El Segundo, California.

/s/ JASON M. RUND

2

DECLARATION OF
JASON M. RUND

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR ORDER LIMITING SCOPE OF NOTICE; DECLARATION OF JASON M. RUND IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 6, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass    bob.bass47@icloud.com
- Jeffrey A Krieger    jkrieger@ggfirm.com, kwoodson@greenbergglusker.com; calendar@greenbergglusker.com; jking@greenbergglusker.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Matthew N Sirolly    msirolly@dir.ca.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) December 6, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 6, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Messenger**
Honorable Sheri Bluebond
United States Bankruptcy Court, Central District
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 6, 2019 | Sherry Harper | /s/ Sherry Harper |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

*June 2012*
76214.00002/3667152.1

**2. SERVED BY UNITED STATES MAIL**:

**Secured Creditors**

Ford Motor Credit
260 Interstate N PKWY NW
Atlanta, GA 30339

Jules and Associates
2 Great Valley Parkway,
Suite 300
Malvern, PA 19355

Non-Profit Finance Fund
5 Hanover Square,
9th Floor
New York, NY 10004

**Unsecured Creditors**

American Express
World Financial Center
New York, NY 10285

Bright Star Schools
2636 South Mansfield Avenue
Los Angeles, CA 90016

C3 Business Solutions
3130 S. Harbor Blvd.
Suite 500
Santa Ana, CA 92704

California Department of Education
21st 1430 N Street
Sacramento, CA 95814-5901

Department of Education (Los Angeles Prom)
400 Maryland Avenue, SW
Washington, DC 20202

Employed Security Service Center Inc.
959 E., Walnut Street
Suite 112
Pasadena, CA 91106

Fresh Start Meals Inc
1530 1st Street
San Fernando, CA 91340

Granada Hills Charter High School
10535 Zelzah Avenue
Granada Hills, CA 91344

JFK Transportation Company Inc.
980 W. 17th Street
Suite B
Santa Ana, CA 92706

Multicultural Learning Center
7510 Desoto Avenue
Canoga Park, , CA 91303

NIU College
5959 Topanga Canyon Blvd.
Suite 110
Woodland Hills, CA 91367

Oracle America, Inc.
P.O. Box 44471
San Francisco, CA 94144

Orenda Education (Principal's Exchange)
2101 E. Fourth Street
Suite 200B
Santa Ana, CA 92705

Roth Staffing Companies, L.P.
P.O. Box 60003
Anaheim, CA 92812

Sabio Enterprises, Inc.
400 Corporate Pointe, Suite 300
Culver City, CA 90230

Spectrum
9260 Topanga Canyon Blvd.
Chatsworth, CA 91311

Staples Contract & Commercial Inc.
Dept. La
P.O. Box 83689
Chicago, IL 60696

Staples Technology
P.O. Box 95230
Chicago, IL 60694

Stem & More LLC
7618 Jellico Avenue
Northridge, CA 91325

Ultimate Software (Payroll Services)
P.O. Box 930953
Atlanta, GA 91193