JEFFREY A. KRIEGER (SBN 156535)
JKrieger@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Proposed Attorneys for Jason M. Rund,
Chapter 7 Trustee

FILED & ENTERED

DEC 11 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY wesley    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:19-bk-23085-BB |
| YOUTH POLICY INSTITUTE, INC., | Chapter 7 |
| Debtor. | **ORDER GRANTING MOTION FOR ORDER LIMITING SCOPE OF NOTICE** |
| | **Hearing**<br>Date: December 11, 2019<br>Time: 11:00 a.m.<br>Place: Courtroom 1539<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

On the above captioned date and time, the Court considered the *Motion for Order Limiting Scope of Notice* [Docket No. 20] (the "Motion") filed by Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor Youth Policy Institute, Inc. (the "Debtor") for entry of an order limiting the scope of notice required in this chapter 7 case. Appearances were stated on the record.

Based upon the Court's review of the Motion, the accompanying Memorandum of Points and Authorities, the *Declaration of Jason M. Rund* accompanying the Motion, the evidentiary record, and argument of counsel; it appearing that this Court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and good cause appearing therefor, based upon findings of fact and conclusions of law stated on the record orally and recorded in open court pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, as incorporated into Bankruptcy Rule 7052 and applied to contested matters by Bankruptcy Rule 9014(c),

**IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED**.

2. Pursuant to sections 105, 1107 and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 2002(i), 2002(m), 4001, 6004, 6006, 6007, 9006, 9007, 9013, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and each a "Bankruptcy Rule"), notice of the Limited Notice Matters, as defined below, is limited to the following: (1) the Office of the United States Trustee; (2) the largest twenty unsecured creditors compiled pursuant to the disclosures of the Debtor in its *Schedule E/F* filed on December 3, 2019 [Docket No. 15-3] ("Schedule E/F"); (3) parties that file with the Court and serve upon the Trustee requests for notice of all matters in accordance with Bankruptcy Rule 2002(i); (4) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel; and (5) all secured creditors disclosed in the Debtor's *Schedule D* filed on December 3, 2019 [Docket No. 15-2] (collectively, the "Limited Service List").

3. Except for matters set forth in paragraph 4 below, the Limited Notice Matters constitute all notices, motions, or applications, including, but not limited to, the following:

    a. any proposed use, sale, or lease of property of the estate pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 4001(b), and 6004 (except a sale of substantially all assets of the estate);

    b. any proposed financing or use of cash collateral;

    c. any proposed approval of a compromise or settlement of a controversy pursuant to Bankruptcy Rules 2002(a)(3) and 9019 and/or section 363 of

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

the Bankruptcy Code;

    d.   any proposed abandonment or disposition of property of the estate pursuant to section 554 of the Bankruptcy Code and Bankruptcy Rule 6007(a);

    e.   any proposed assumption, assumption and assignment or rejection of contracts or leases under section 365 of the Bankruptcy Code and Bankruptcy Rule 6006(a) or (c);

    f.   any proposal to prohibit or condition the use, sale or lease of property pursuant to section 363 of the Bankruptcy Code or Bankruptcy Rule 4001(a);

    g.   any proposed objections to claims pursuant to section 502 of the Bankruptcy Code or Bankruptcy Rules 3002, 3003 or 3007;

    h.   any proposed application for employment of professionals pursuant to sections 327, 1103 or 1104 of the Bankruptcy Code or Bankruptcy Rule 2014;

    i.   any proposed application for compensation or reimbursement of expenses of professionals, pursuant to sections 328, 329, 330, or 331 of the Bankruptcy Code and Bankruptcy Rules 2002(a)(6), 2016, 2017, and 6005; except as provided by other orders of this Court; and

    j.   except as limited below, a hearing relating to any other contested matters, requests for relief, pleadings, or papers in this chapter 7 case that may or may not require notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the Local Bankruptcy Rules, provided that, the Trustee, applicant, or movant, as applicable, includes in such pleading the basis for the limited service.

4.   Notwithstanding the foregoing, this order does not affect the rights of all creditors to receive notice of the following matters or proceedings: (a) the date fixed for filing proofs of claim; (b) a hearing on the dismissal or conversion of this chapter 7 bankruptcy case; and (c) any other proceeding for which the Court orders further notice.

5. In addition to the service methods authorized by Local Bankruptcy Rule 9075-1, service of emergency or expedited Limited Notice Matters by overnight delivery are authorized if such notice will be delivered prior to the scheduled hearing time or as otherwise ordered by the Court.

6. The Trustee shall serve a copy of this order on the Debtor's creditor matrix.

7. The Trustee shall provide a copy of the Limited Service List to any creditor or party in interest that makes a written request to the Trustee's counsel.

8. Any party may be added to the Limited Service List by either (a) serving a written request for inclusion on the Trustee's counsel; or (b) filing in this chapter 7 bankruptcy case a Request to be Added or Removed From Courtesy Notification of Electronic Filing (NEF), a copy of which may be obtained through the Court's website at:

https://www.cacb.uscourts.gov/forms/request-be-added-or-removed-courtesy-notification-electronic-filing-nef

###

Date: December 11, 2019

Sheri Bluebond
United States Bankruptcy Judge