JEFFREY A. KRIEGER (SBN 156535)
JKrieger@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax:  310.553.0687

Proposed Attorneys for Jason M. Rund,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In re:<br><br>YOUTH POLICY INSTITUTE, INC.,<br><br>     Debtor. | Case No. 2:19-bk-23085-BB<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER EXTENDING TIME PURSUANT TO 11 U.S.C. § 365(d)(1) IN WHICH TO ASSUME OR REJECT EXECUTORY CONTRACTS; DECLARATION OF JASON M. RUND IN SUPPORT THEREOF**<br><br>Hearing<br>Date: January 15, 2019<br>Time: 10:00 a.m.<br>Place: Courtroom 1539<br>    United States Bankruptcy Court<br>    255 E. Temple Street<br>    Los Angeles, CA 90012 |
|---|---|

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-INTEREST HEREIN:**

Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor Youth Policy Institute, Inc. (the "Debtor"), hereby files this motion (this "Motion") for entry of an order pursuant to section 365(d)(1) of title 11 of the United States Code §§ 101, *et seq.* (the

"Bankruptcy Code") extending the time to assume or reject executory contracts of the Debtor (collectively, the "Agreements"[1]) for approximately 90 additional days, to April 7, 2020, without prejudice to the Trustee seeking a further extension as the Trustee deems necessary. In support of his Motion, the Trustee respectfully represents as follows:

## I. JURISDICTION

The Court has jurisdiction over this case, the Debtor's estate and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the case is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee consents to the entry of a final judgment or order with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. The statutory predicate for the relief requested here is section 365(d)(1) of the Bankruptcy Code.

## II. FACTUAL BACKGROUND

### A. Commencement of the Bankruptcy Case

On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7 bankruptcy case. The Debtor filed the Petition on an emergency basis without the required schedules, statements and other case commencement documents listed in section 2.1(b) of the Court Manual. The Debtor's creditor matrix accompanying the Petition consists of approximately 356 pages and lists approximately 2,760 parties. *See* BNC Certificate of Notice of Petition, Docket No. 6.

On the Petition Date, the Trustee was duly appointed the chapter 7 trustee pursuant to section 701 of the Bankruptcy Code. The first chapter 7 meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") was held on December 11, 2019 at 9:00 a.m., at which the Debtor's representatives appeared. The 341(a) Meeting has since been continued to January 7, 2019 at 2:30 p.m.

/ / /

---

[1] By making his Motion herein, the Trustee does not concede that any of the Agreements are executory.

**B.    The Debtor's Petition Disclosures**

As detailed in the corporate resolutions accompanying the Debtor's Petition (*See* Docket No. 1, the "Resolutions"), the Debtor is a non-profit corporation which operated after-school and extracurricular programs at nearly 100 sites in the Los Angeles area and focused on the highest need communities. In operating these programs, the Debtor was funded primarily through sizeable federal and state government grants. In fact, the Debtor's most recent publicly available tax return shows grants totaling more than $40 million for both fiscal years 2016/2017 and 2015/2016. The Resolutions further detail that in early 2019, an audit revealed irregularities in expense reimbursements made to the former CEO, Dixon Slingerland ("Mr. Slingerland"), and inaccurate disclosures and reports made in connection with the various grants the Debtor received. The Debtor's Board of Directors (the "Board") therefore formed a special committee and investigated these irregularities and, through its investigations concluded that Mr. Slingerland used the Debtor's funds for unauthorized and personal expenditures, and further directed inaccurate reporting to certain government agencies.

The Resolutions go on to detail that, due to the findings from the audit relating to the activities of Mr. Slingerland, the Board sought to bring in new management of the Debtor and appointed Mr. Daniel Grunfeld ("Mr. Grunfeld") as executive chair of the board on July 24, 2019. Around the same time, the board also hired Grobstein Teeple, LLP ("Grobstein"), which had previously performed forensic work for the special committee, to assist Mr. Grunfeld. On September 16, 2019, the Board fired Mr. Slingerland and appointed Mr. Grunfeld as the Debtor's interim CEO during the Debtor's financially-troubled period leading up to the commencement of the chapter 7 bankruptcy case.

**C.    The Debtor's Disclosures in the Schedules and SOFA**

After obtaining an extension of the deadline to file its required disclosure schedules and statements (*See* Docket No. 9), on December 3, 2019, the Debtor filed its *Schedules*, *Statement of Financial Affairs* and other case commencement documents [Docket Nos. 15 & 16] (collectively, the "Schedules and SOFA").

///

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

### 1. Complications Relating to the Schedules and SOFA

The Schedules and SOFA have been prepared by the interim management of the Debtor. As discussed above, such interim management began work for the Debtor no earlier than the end of July 2019 and only officially oversaw the Debtor's affairs since September 2019. As a result, the Debtor's interim management has included with the Schedules and SOFA a number of reservations, disclaimers and comments which note, among other things: (1) the schedules were prepared by the interim management of the Debtor, who had only directly overseen the Debtor's affairs since September 2019; (2) the Debtor's former CFO also resigned effective September 20, 2019; (3) the Debtor's financial reporting system has not been fully integrated with all transaction information and cash accounts have not reconciled for over a year; and (4) much of the information in the schedules was based on the information and belief of the interim management.

Mr. Grunfeld and Grobstein have been responsive and supportive of the Trustee's efforts to investigate the affairs of the Debtor. This process, however, has been difficult and time-intensive due to the limited information known to the Debtor's interim management, the Debtor's incomplete records, and the unscrupulous and inaccurate reporting practices of Mr. Slingerland. The Trustee continues to work diligently to gain a better understanding of the Debtor's financial and business affairs.

### 2. General Disclosures Made in the Schedules and SOFA

Despite being prepared by interim management based on limited information, the Schedules and SOFA provide a valuable snapshot of the Debtor's affairs. The Schedules and SOFA, disclose, among other things, approximately 981 unsecured creditors – 834 priority unsecured creditors consisting primarily of wage claimants, and 147 general unsecured creditors.

The Schedules and SOFA further disclose over $9.2 million in assets and approximately $12.2 million in liabilities, including a secured liability of approximately $4.35 million owed to Non Profit Finance Fund ("NFF"). The most significant asset categories disclosed by the Debtor are "accounts receivable" – consisting generally of approximately $1.55 million in current, and approximately $1.1 million in overdue, accounts, and "other property" of approximately $5.4 million in "unbilled" grants. The Trustee understands that most, if not all, of these assets relate to

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

various government grants for programs previously conducted and are likely subject to certain reporting requirements and may be further subject to certain government agency claims.

The Schedules and SOFA also disclose certain causes of action against Mr. Slingerland in the aggregate amount of approximately $1.77 million, the collection of which may require litigation and may implicate certain pre-petition insurance policies held by the Debtor.

### 3.     Executory Contracts Disclosed in Schedule G

The Debtor's Schedule G discloses approximately 150 executory contracts, which appear to relate to personal property and therefore fall under the 60-day time period set forth in 365(d)(1) of the Bankruptcy Code (collectively, the "Scheduled Agreements").  The Trustee understands, through review of Schedule G and through his investigations to date, that the Scheduled Agreements relate to the approximately 200 individual grants from various city, county, state and federal agencies for the after-school and other programs the Debtor conducted prior to the Petition Date (collectively, the "Disclosed Grants").   The Trustee further understands that the Schedule A/B disclosures of $2.65 million in aggregate "accounts receivables" and the "unbilled" grants of approximately $5.4 million relate to the Disclosed Grants (and therefore, to certain of the Scheduled Agreements).   The Trustee continues to investigate the Disclosed Grants and has entered into an agreement with the Debtor's former controller to serve as a paraprofessional to assist in the grant administration process. The Trustee expects to soon file an application to seek approval of this arrangement.  Until such time as the Trustee's investigations are complete, the Trustee is unable to fully determine what amounts are currently due and/or will become due to the bankruptcy estate under the respective executory contracts underlying each of the Disclosed Grants.

### III.    DISCUSSION

#### A.    The Legal Standard

The deadline to assume or reject executory contracts relating to personal property is governed by section 365(d)(1) of the Bankruptcy Code.  The sub-section provides that:

> (1) In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of

residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

11 U.S.C. § 365(d)(1).

Therefore, the Court may, for cause, order an extension of the period during which the Trustee may assume or reject such agreements upon the filing of a motion for such relief. Such a request is timely so long as the motion is brought within the original 60-day period. *In re Southwest Aircraft Services, Inc.*, 831 F.2d 848 (9th Cir. 1987), *cert. denied*, 487 U.S. 1206, 108 S. Ct. 2848 (1988) (holding that "if cause for an extension arises within the 60-day period and a motion for an extension is made within that period, a bankruptcy court may, even after the 60-day period has expired, consider the debtor's motion and, if it finds there was sufficient cause at the time the motion was filed, grant the requested extension." *see also In re Victoria Station, Inc.*, 840 F.2d 682 (9th Cir. 1988) (same).[2]

A Trustee's request for an extension of time to assume or reject an executory contract or unexpired lease need not necessarily be on notice to contract counterparties. Depending upon the circumstances, the request might be general. *See In re American Healthcare Management, Inc.*, 900 F. 2d 827, 832 (5th Cir. 1990) ("when a statute gives a court discretion to extend the time in which a party is required to act, the court has authority to grant such an extension without affording other parties notice or a hearing"); *Victoria Station*, 875 F. 2d 1380, 1385-1386 (9th Cir. 1989) (order extending time need not necessarily be given to affected counter-party, and an order "to assume or reject a lease merely preserves the status quo, and like orders pursuant to Rule 6(b), is entered in the routine administration of the court").

Courts determine whether cause exists for an extension of time to assume or reject executory contracts by considering all of the particular facts and circumstances of the case.

---

[2] An analogous approach is provided in Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, which provides that when a court order requires that an action be taken at or within a specified period, the Court may enlarge such period if: (a) the request is made prior to the expiration of such period; and (b) the movant has shown "cause" for such an enlargement of time. Fed. R. Bankr. Proc. Rule 9006(b).

*Southwest Aircraft Services, Inc.*, 831 F.2d at 854. No Ninth Circuit authority provides further guidance on specific factors to consider when a debtor or trustee seeks extension of the 60-day period. However, a decision in the Eastern District of Missouri provides some guidance in this regard.

The case of *In re S&M Food Services, Inc.* from the Bankruptcy Court for the Eastern District of Missouri sets forth some factors that the Court may consider in determining whether an extension of the 60-day deadline is warranted. 117 B.R. 497 (Bankr. E.D. Mo. 1990). In *S&M Food Services*, the court permitted an extension of time to assume leases over the landlords' objections based on a number of considerations, of which the following are pertinent here: (i) the contracts were the primary assets of the estate; (ii) the debtor was not afforded a reasonable period of time to review its position with respect to the six contracts and determine their value; (iii) a dispute existed between debtor and certain of the counterparties to the contracts; and (iv) there was no apparent undue prejudice or harm to the counterparties if the deadline were extended.[3] *S&M Food Services*, 117 B.R. at 498. Such factors are not meant to be comprehensive and all relevant factors should be considered. *See Southwest Aircraft Services*, 831 F.2d 848 at 854 (remanding the matter so that bankruptcy court could consider "all . . . relevant factors" in determining whether or not to extend the time to assume or reject).

### B. Cause Exists to Grant the Requested Extension of Time

The Trustee's immediate assumption of any of the Agreements of the Debtor could result in significant administrative liability for the estate, and the Trustee and his professionals have had insufficient time to determine the existence, let alone the value to the estate, of all such existing Agreements. Conversely, if the Trustee is forced to immediately reject any Agreements, his ability to maximize of the value of the assets of the bankruptcy estate could be adversely impacted, or, at the very least, be significantly compromised. This is especially true in this case, as the Debtor has disclosed that many of the Scheduled Agreements appear to relate to the

---

[3] Other consideration of the court *S&M Food Services* related to the debtor's reorganization efforts, which are inapplicable here. *See* 117 B.R. at 498.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Disclosed Grants, which, based on the Debtor's disclosures in Schedule A/B could potentially be worth millions of dollars to the bankruptcy estate.

Although the Trustee is diligently investigating the Debtor's circumstances, it is too soon to determine which of the Agreements might be significant assets of the estate which can be monetized for the benefit of creditors and which should be abandoned as holding inconsequential value. Further, it does not appear that a delay in the assumption or rejection deadline will prejudice any Agreement counterparties. Indeed, if such a situation arises, the relevant counterparty may seek an earlier determination by way of a motion to compel assumption or rejection. To date, the Trustee is unaware of any counterparties seeking immediate rejection or assumption of any alleged executory contracts of the Debtor.

Based on the above, the Trustee submits that cause exists for an extension of the deadline to assume or reject executory contracts for an additional 90 days until April 7, 2020.

### C.     Notice is Adequate

Under the circumstances, the Trustee believes that notice of the Motion is adequate. Pursuant to the *Order Granting Motion for Order Limiting Scope of Notice* [Docket No. 32] (the "Order Limiting Notice"), the Trustee has served the notice of this Motion and a copy of the Motion on the Limited Service List, as such term is defined in the Order Limiting Notice. In addition, the Trustee has served notice of the Motion on each of the approximately 18 counterparties to the roughly 150 executory contracts disclosed in the Debtor's Schedule G.[4] The disclosed executory contracts constitute, as of the date of this Motion, all Agreements of the Debtor known to the Trustee. Accordingly, the Trustee submits that notice of this Motion is proper under the circumstances.

### IV.     **CONCLUSION**

Based on the foregoing, the Trustee respectfully requests entry of an order pursuant to section 365(d)(1) of the Bankruptcy Code further extending the time to assume or reject

---

[4] Though approximately 150 executory contracts have been disclosed in the Debtor's Schedule G, such contracts appear to only pertain to 18 disclosed counterparties, as numerous contracts are identified as having identical counterparties. The Debtor's Schedule G further does not disclose addresses for the 18 counterparties so the Trustee has served the Notice on addresses obtained through either (i) communications with applicable counterparties; (ii) filings, documents and records of the Debtor; and/or (iii) public records and internet resources.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

executory contracts of the Debtor for an additional approximately 90 days, until April 7, 2020, without prejudice to (i) any later characterization of one of the applicable Agreements, or (ii) the Trustee's right to seek further extension of the deadline, so long as such later motion is filed prior to the expiration of the extended period, and for such other and further relief as the Court deems just and proper.

DATED: December 19, 2019

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: */s/ Jeffrey A. Krieger*
JEFFREY A. KRIEGER
KEITH PATRICK BANNER
Proposed Attorneys for Jason M. Rund, Chapter 7 Trustee

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## DECLARATION OF JASON M. RUND

I, Jason M. Rund, declare:

1. I am the duly appointed and acting chapter 7 Trustee of the bankruptcy estate of Youth Policy Institute, Inc. (the "Debtor"). I have personal knowledge of the facts stated below, or have gained knowledge of them from pleadings and other documents typically obtained and reviewed by trustees administering estates or from the professionals employed to assist me herein, and, if called as a witness, I could and would testify competently thereto.

2. I submit this Declaration in support of the accompanying *Chapter 7 Trustee's Motion for Order Extending Time Pursuant to 11 U.S.C. §365(d)(1) in Which to Assume or Reject Executory Contracts* (the "Motion"). Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3. On the Petition Date, I was duly appointed the chapter 7 trustee pursuant to section 701 of the Bankruptcy Code. The first chapter 7 meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") was held on December 11, 2019 at 9:00 a.m., at which the Debtor's representatives appeared. The 341(a) Meeting has since been continued to January 7, 2019 at 2:30 p.m.

4. I understand that the Debtor's filed Schedules, Statement of Financial Affairs and other case commencement documents [Docket Nos. 15 & 16] (collectively, the "Schedules and SOFA"), SOFA have been prepared by the interim management of the Debtor. I further understand that much interim management began work for the Debtor no earlier than the end of July 2019 and only officially oversaw the Debtor's affairs since September 2019. As a result, the Debtor's interim management has included with the Schedules and SOFA a number of reservations, disclaimers and comments which note, among other things: (1) the schedules were prepared by the interim management of the Debtor, who had only directly overseen the Debtor's affairs since September 2019; (2) the Debtor's former CFO also resigned effective September 20, 2019; (3) the Debtor's financial reporting system has not been fully integrated with all transaction information and cash accounts have not reconciled for over a year; and (4) much of the information in the schedules was based on the information and belief of the interim management.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

5. The Debtor's interim management, Mr. Daniel Grunfeld ("Mr. Grunfeld"), the interim CEO and the Debtor's financial advisors Grobstein Teeple, LLP ("Grobstein") have been responsive and supportive of the my efforts to investigate the affairs of the Debtor.  This process, however, has been difficult and time-intensive.

6. Despite being prepared by interim management based on limited information, the Schedules and SOFA provide a valuable snapshot of the Debtor's affairs.  The Schedules and SOFA, disclose, among other things, approximately 981 unsecured creditors – 834 priority unsecured creditors consisting primarily of wage claimants, and 147 general unsecured creditors.  The Schedules and SOFA further disclose over $9.2 million in assets and approximately $12.2 million in liabilities, including a secured liability of approximately $4.35 million owed to Non Profit Finance Fund ("NFF").  The most significant asset categories disclosed by the Debtor are "accounts receivable" – consisting generally of approximately $1.55 million in current, and approximately $1.1 million in overdue, accounts, and "other property" of approximately $5.4 million in "unbilled" grants.  I understand that most, if not all, of these assets relate to various government grants for programs previously conducted and are likely subject to certain reporting requirements and may be further subject to certain government agency claims.

7. The Schedules and SOFA also disclose certain causes of action against Mr. Slingerland in the aggregate amount of approximately $1.77 million, the collection of which I believe may require litigation and may implicate certain pre-petition insurance policies held by the Debtor.

8. The Debtor's Schedule G discloses approximately 150 executory contracts, which appear to relate to personal property and therefore fall under the 60-day time period set forth in 365(d)(1) of the Bankruptcy Code (collectively, the "Scheduled Agreements").  I understand through review of Schedule G and through my investigations to date, that the Scheduled Agreements relate to the approximately 200 individual grants from various city, county, state and federal agencies for the after-school and other programs the Debtor conducted prior to the Petition Date (collectively, the "Disclosed Grants").  I further understand that the Schedule A/B disclosures of $2.65 million in aggregate "accounts receivables" and the "unbilled" grants of

2 CHAPTER 7 TRUSTEE'S MOTION TO
EXTEND TIME TO ASSUME OR REJECT

approximately $5.4 million relate to the Disclosed Grants (and therefore, to certain of the Scheduled Agreements). I am continuing to investigate the Disclosed Grants and have entered into an agreement with the Debtor's former controller to serve as a paraprofessional to assist in the grant administration process. I expect to soon file an application to seek approval of this arrangement. Until such time as the my investigation are complete, I am unable to fully determine what amounts are currently due and/or will become due to the bankruptcy estate under the respective executory contracts underlying each of the Disclosed Grants.

9. The immediate assumption of any of the Agreements of the Debtor could result in significant administrative liability for the estate, and I have had insufficient time to determine the existence, let alone the value to the estate, of all such existing Agreements. Conversely, if the I am forced to immediately reject any Agreements, my ability to maximize of the value of the assets of the bankruptcy estate could be adversely impacted, or, at the very least, be significantly compromised. This is especially true in this case, as the Debtor has disclosed that many of the Scheduled Agreements appear to relate to the Disclosed Grants, which, based on the Debtor's disclosures in Schedule A/B could potentially be worth millions of dollars to the bankruptcy estate.

10. Although I am continuing to diligently investigate the Debtor's circumstances, it is too soon to determine which of the Agreements might be significant assets of the estate which can be monetized for the benefit of creditors and which should be abandoned as holding inconsequential value. Further, it does not appear that a delay in the assumption or rejection deadline will prejudice any Agreement counterparties.

11. I am unaware of any counterparties seeking immediate rejection or assumption of any alleged executory contracts of the Debtor.

/ / /

/ / /

/ / /

/ / /

/ / /

3  CHAPTER 7 TRUSTEE'S MOTION TO EXTEND TIME TO ASSUME OR REJECT

1   I declare under penalty of perjury under the laws of the United States of America that the
2   foregoing is true and correct.
3   Executed this _18_ day of December, 2019, at El Segundo, California.

                                                    _____
                                                    JASON M. RUND

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

4

CHAPTER 7 TRUSTEE'S MOTION TO
EXTEND TIME TO ASSUME OR REJECT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1900 Avenue of the Stars, 21st Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER EXTENDING TIME PURSUANT TO 11 U.S.C. § 365(d)(1) IN WHICH TO ASSUME OR REJECT EXECUTORY CONTRACTS; DECLARATION OF JASON M. RUND IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) December 19, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass    bob.bass47@icloud.com
- Jeffrey A Krieger    jkrieger@ggfirm.com, kwoodson@greenbergglusker.com; calendar@greenbergglusker.com; jking@greenbergglusker.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Matthew N Sirolly    msirolly@dir.ca.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) December 19, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 19, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Messenger**
Honorable Sheri Bluebond
United States Bankruptcy Court, Central District
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012    ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 19, 2019 | Sherry Harper | /s/ Sherry Harper |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**:

**Secured Creditors**

Ford Motor Credit
260 Interstate N PKWY NW
Atlanta, GA 30339

Jules and Associates
2 Great Valley Parkway,
Suite 300
Malvern, PA 19355

Non-Profit Finance Fund
5 Hanover Square,
9th Floor
New York, NY 10004

**Unsecured Creditors**

American Express
World Financial Center
New York, NY 10285

Bright Star Schools
2636 South Mansfield Avenue
Los Angeles, CA 90016

C3 Business Solutions
3130 S. Harbor Blvd.
Suite 500
Santa Ana, CA 92704

California Department of Education
21st 1430 N Street
Sacramento, CA 95814-5901

Department of Education (Los Angeles Prom)
400 Maryland Avenue, SW
Washington, DC 20202

Employed Security Service Center Inc.
959 E., Walnut Street
Suite 112
Pasadena, CA 91106

Fresh Start Meals Inc
1530 1st Street
San Fernando, CA 91340

Granada Hills Charter High School
10535 Zelzah Avenue
Granada Hills, CA 91344

JFK Transportation Company Inc.
980 W. 17th Street
Suite B
Santa Ana, CA 92706

Multicultural Learning Center
7510 Desoto Avenue
Canoga Park, , CA 91303

NIU College
5959 Topanga Canyon Blvd.
Suite 110
Woodland Hills, CA 91367

Oracle America, Inc.
P.O. Box 44471
San Francisco, CA 94144

Orenda Education (Principal's Exchange)
2101 E. Fourth Street
Suite 200B
Santa Ana, CA 92705

Roth Staffing Companies, L.P.
P.O. Box 60003
Anaheim, CA 92812

Sabio Enterprises, Inc.
400 Corporate Pointe, Suite 300
Culver City, CA 90230

Spectrum
9260 Topanga Canyon Blvd.
Chatsworth, CA 91311

Staples Contract & Commercial Inc.
Dept. La
P.O. Box 83689
Chicago, IL 60696

Staples Technology
P.O. Box 95230
Chicago, IL 60694

Stem & More LLC
7618 Jellico Avenue
Northridge, CA 91325

Ultimate Software (Payroll Services)
P.O. Box 930953
Atlanta, GA 91193]

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                **F 9013-3.1.PROOF.SERVICE**