| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JEFFREY A. KRIEGER (SBN 156535)<br>JKrieger@GreenbergGlusker.com<br>KEITH PATRICK BANNER (SBN 259502)<br>KBanner@GreenbergGlusker.com<br>GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP<br>1900 Avenue of the Stars, 21st Floor<br>Los Angeles, California 90067-4590<br>Telephone: 310.553.3610<br>Fax: 310.553.0687<br><br>☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* Jason M. Rund, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>YOUTH POLICY INSTITUTE, INC.<br><br><br><br><br>Debtor(s). | CASE NO.: 2:19-bk-23085-BB<br>CHAPTER: 7<br><br>**DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)**<br><br>[No Hearing Required] |
|---|---|

1. I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): 12/20/2019   Movant(s) filed a motion or application (Motion) entitled: TRUSTEE'S NOTICE OF MOTION AND MOTION UNDER LBR 2016-2 FOR: AUTHORIZATION TO EMPLOY PARAPROFESSIONALS, AND/OR AUTHORIZATION TO PAY FLAT FEE TO TAX PREPARER; NOTICE OF OPPORTUNITY TO REQUEST HEARING; DECLARATION OF TRUSTEE; AND DECLARATION OF PARAPROFESSIONAL

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): 12/20/2019   Movant(s), served a copy of  ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than 26  days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

9. Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: 01/15/2020  /s/ Jeffrey A. Krieger_____
Signature


Jeffrey A. Krieger_____
Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*    Page 2    **F 9013-1.2.NO.REQUEST.HEARING.DEC**

# EXHIBIT "A"

| | |
|---|---|
| Chapter 7 Trustee Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>JEFFREY A. KRIEGER (SBN 156535)<br>JKrieger@GreenbergGlusker.com<br>KEITH PATRICK BANNER (SBN 259502)<br>KBanner@GreenbergGlusker.com<br>GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP<br>1900 Avenue of the Stars, 21st Floor<br>Los Angeles, California 90067-4590<br>Telephone:  310.553.3610<br>Fax:  310.553.0687<br>(Application to employ pending)<br><br>☒ *Attorney for trustee*<br>☐ *Trustee appearing without an attorney* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br><br>YOUTH POLICY INSTITUTE, INC.,<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:19-bk-23085-BB<br>CHAPTER: 7<br><br>**TRUSTEE'S NOTICE OF MOTION AND MOTION UNDER LBR 2016-2 FOR:**<br><br>☒ **AUTHORIZATION TO EMPLOY PARAPROFESSIONALS,**<br>    **AND/OR**<br>☐ **AUTHORIZATION TO PAY FLAT FEE TO TAX PREPARER;**<br><br>**NOTICE OF OPPORTUNITY TO REQUEST HEARING; DECLARATION OF TRUSTEE; AND DECLARATION OF PARAPROFESSIONAL**<br><br>[No hearing unless requested under LBR 9013-1(o)] |

TO PARTIES IN INTEREST: Honorable Sheri Bluebond, the U.S. Trustee and parties on the Limited Service List

PLEASE TAKE NOTICE that the duly-appointed chapter 7 trustee has filed this motion for court approval of the trustee's request to ☒ employ a paraprofessional, and/or ☐ pay a flat fee to a tax preparer of up to $ _____ (not to exceed $1,000 unless the court orders otherwise).  The court may grant the motion authorizing retention of a paraprofessional and expenditure of estate funds without a hearing unless you file with the court and serve upon the trustee and the United States trustee a written objection to the motion explaining all of the reasons for the opposition WITHIN 14 DAYS AFTER THE DATE OF SERVICE OF THIS NOTICE AND MOTION, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).  If an objection is timely filed, the trustee will set the matter for hearing and notify you of the date and time of the hearing.  Failure to object may be deemed consent to interim authorization of the expenses requested by the trustee.

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*January 2017*    Page 1    **F 2016-2.1.APP.TRUSTEE.EMPLOY**

☒ 1. The trustee moves for an order authorizing employment of a paraprofessional, as follows:

    a. Identity of proposed paraprofessional: David Oshiro ("Paraprofessional")

        (1) A resume and **Paraprofessional Agreement with** rate for services is attached as **Exhibit A**.

        (2) It is estimated that the fees for all work by the paraprofessional will be $ 8,000.00.

    b. The trustee contends that the paraprofessional will provide the following services that are listed in paragraph (f)(1) of LBR 2016-2, and fees for these services will be included in the statutory limitation on the trustee's compensation pursuant to 11 U.S.C. § 326(a).

        (1) n/a

        (2) 

        (3) 

    c. The trustee contends that the paraprofessionals will provide the following services that are not included in paragraph (f)(1) of LBR 2016-2, and fees for these services should be paid separate and apart from the trustee's compensation allowed pursuant to 11 U.S.C. § 326(a):

        (1) Perform services necessary to administer and process government grants

        (2) See Exhibit A.

        (3) 

☐ 2. The trustee moves for an order authorizing employment of a tax preparer, as follows:

    a. Identity of proposed tax preparer: _____

        (i) A resume is attached as Exhibit B.

    b. The tax preparer has agreed to accept up to $ _____ (not to exceed $750 unless the court orders otherwise) as payment in full for the following services.

☐ 3. The trustee moves for an order authorizing payment from property of the estate of a sum not to exceed $ _____ (not to exceed $1,000 unless the court orders otherwise) to the tax preparer upon completion of such services to the estate without a separate fee application being required.

GREENBERG GLUKSER FIELDS CLAMAN FIELDS
& MACHTINGER LLP

Date: 12/20/2019

/s/ Jeffrey A. Krieger

Jeffrey A. Krieger
Attorney for Jason M. Rund, Chapter 7 Trustee

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*January 2017*    Page 2    **F 2016-2.1.APP.TRUSTEE.EMPLOY**

## DECLARATION OF TRUSTEE

I, Jason M. Rund _____, the duly-appointed chapter 7 trustee, have prepared the foregoing motion for ☒ authorization to employ paraprofessionals, and/or ☐ for authorization to pay a flat fee of $_____ (not to exceed $1,000 unless the court orders otherwise) to a tax preparer. The effective and efficient administration of this bankruptcy case dictates approval of the motion and I base that conclusion on the following facts:

On December 3, 2019, the Debtor filed its Schedules, Statement of Financial Affairs and other case commencement documents [Docket Nos. 15 & 16] (collectively, the "Schedules and SOFA"). The Schedules and SOFA disclose approximately 164 executory contracts and unexpired leases, of which many relate to, at least, approximately 200 individual grants from various city, county, state and federal agencies relating to the after-school and other programs the Debtor conducted prior to the Petition Date (collectively, the "Disclosed Grants"). I further understand that the Debtor's Schedule A/B disclosures of $2.65 in "accounts receivables" and $5.4 million in "unbilled grants" relate to the Disclosed Grants are likely subject to certain reporting requirements, which vary by governmental agency.

Paraprofessional formerly served as the controller of the Debtor. As such, Paraprofessional has intimate knowledge and familiarity regarding the Disclosed Grants, including the associated reporting requirements. As such, I require the services of the Paraprofessional for proper administration of the Disclosed Grants and any other grants of the Debtor.

Through this Motion, I request to pay the Paraprofessional at a rate of $45/hour in an aggregate amount of not more than $8,000 without further order of the court. See Exhibit A.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/20/19 | Jason M. Rund | _[signature]_ |
|---|---|---|
| Date | Printed Name of chapter 7 trustee | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

January 2017    Page 3    F 2016-2.1.APP.TRUSTEE.EMPLOY

## DECLARATION OF DISINTERESTEDNESS FOR EMPLOYMENT
## OF PARAPROFESSIONAL PERSON UNDER LBR 2016-2

1. The following is a complete description of all of the paraprofessional's connections with the debtor, principals of the debtor, insiders, the debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, or any person employed in the office of the United States trustee:
I was employed by the Debtor from approximately 8/15/2011 through 10/26/2019 and held the position as Controller. To the best of my knowledge, I do not have any other connections with the debtor, insiders, the debtor's creditors the U.S. Trustee, or any other party-in-interest in this chapter 7 case.

2. The paraprofessional is not a creditor, an equity security holder or an insider of the debtor, except as follows:
I am owed unpaid wages for my last week worked, 40 hours (10/20/2019 - 10/26/2019) and vacation accruals as of 10/19/2019 of 164.96 hours.

3. The paraprofessional is not and was not, within 2 years before the date of the filing of the petition herein, a director, officer or employee of the debtor in connection with the offer, sale or issuance of any security of the debtor.

4. The paraprofessional neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the debtor or an investment banker for any security of the debtor, or for any other reason, except as follows:
n/a

5. The paraprofessional is not a relative or employee of the United States trustee or a bankruptcy judge, except as follows:
n/a

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

12-20-19    David Oshiro
Date        Printed Name                                    Signature

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

January 2017                              Page 4                              F 2016-2.1.APP.TRUSTEE.EMPLOY

# EXHIBIT "A"

# PARAPROFESSIONAL AGREEMENT
## (GRANT ADMINISTRATION)

This Paraprofessional Agreement (Grant Administration) (this "**Agreement**") is made and entered into as of December 16 , 2019 by and between David Oshiro ("**Paraprofessional**") and Jason M. Rund (the "**Trustee**"), solely in his capacity of the Chapter 7 Trustee of the bankruptcy estate (the "**Bankruptcy Estate**") of Youth Policy Institute, Inc. (Paraprofessional and the Trustee are sometimes collectively referred to herein as, the "**Parties**").

## RECITALS

A.  On November 5, 2019 (the "**Petition Date**"), Youth Policy Institute, Inc. (the "**Debtor**") filed a voluntary petition under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**"), commencing Case No. 2:19-bk-23085-BB pending in the United States Bankruptcy Court, Central District of California (the "**Bankruptcy Court**").

B.  On the Petition Date, the Trustee was duly appointed the chapter 7 trustee of the Debtor's Bankruptcy Estate pursuant to section 701 of the Bankruptcy Code.

C.  Prior to the Petition Date, the Debtor's primary source of income was government grants designed to fund various after-school, education, and related programs (collectively, the "**Grant Programs**").

D.  Prior to the Petition Date, Paraprofessional was employed by the Debtor, holding the position of Controller. In this position, Paraprofessional obtained specialized knowledge and familiarity with the Grant Programs and would regularly prepare the necessary reports and other information in connection with the same.

E.  As of the Petition Date, the Debtor had been approved to receive funding from various government agencies for programs which the Debtor had already conducted. However, the post-program reporting and other administrative processes required by these various government agencies had yet to be completed (collectively, the "**Unprocessed Grants**").

F.  Administration of the Unprocessed Grants is a unique administrative process and requires the specialized knowledge of Paraprofessional regarding both the details relating to the individual Grant Programs and the varying reporting requirements and processes associated with, and required by, each of the government agencies.

G.  Trustee requires the Paraprofessional's special expertise and accordingly wishes to employ Paraprofessional, as an independent contractor, to facilitate the administration of the Unprocessed Grants on the terms set forth herein.

## AGREEMENT

NOW THEREFORE, in consideration of the foregoing and the mutual promises and agreements hereinafter contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Services**. The Trustee engages Paraprofessional to render services necessary to facilitate the administration and processing of the Unprocessed Grants, including but not limited to preparation and transmittal of the necessary reports and other correspondence to applicable government agencies (collectively, the "**Services**").

2. **Fees**. In full consideration for the performance of the Services, subject to Paragraph 3 below, the Bankruptcy Estate shall compensate Paraprofessional on an hourly basis in the amount of $45.00 per hour. Paraprofessional shall submit monthly reports to Trustee detailing the time expended and the specific Services performed in the preceding month.

3. **Bankruptcy Court Approval**. The Parties acknowledge that this Agreement and the compensation agreed to hereunder is in all respects subject to the provisions of the Bankruptcy Code and approval of the Bankruptcy Court. The Parties acknowledge that the Trustee will seek approval of this Agreement via motion with the Bankruptcy Court and will further seek authority to compensate Paraprofessional in an aggregate amount of up to $8,000, without the necessity of filing a separate fee application. To the extent compensation for the Services exceeds $8,000, or such other amount as determined by the Bankruptcy Court, any further compensation will be subject to separate approval of the Bankruptcy Court under sections 330 and/or 331 of the Bankruptcy Code.

4. **Independent Contractor**. The Parties agree that Paraprofessional shall perform the Services solely as an independent contractor. The parties to this Agreement recognize that this Agreement does not create any actual or apparent agency, partnership, franchise, or relationship of employer and employee between the Parties. Neither the Trustee, nor the Bankruptcy Estate shall not be liable for taxes, worker's compensation, unemployment insurance, employers' liability, employer's FICA, social security, withholding tax, or other taxes or withholding for or on behalf of Paraprofessional or any other person consulted or employed by Paraprofessional in performing services hereunder.

5. **Termination**. Either Party may terminate this Agreement upon written notice to the other Party.

6. **Miscellaneous**.

    a. Entire Agreement. This Agreement constitutes the entire agreement and understanding between the Parties and supersedes all prior agreements and understandings, written or oral, between the Parties relating to the subject matter hereof.

b. <u>Amendments</u>. Neither this Agreement nor any term hereof may be changed, waived, discharged or terminated orally or in writing, except that any term of this Agreement may be amended by a writing signed by the Parties, subject to Bankruptcy Court approval.

c. <u>Governing Law/ Venue</u>. This Agreement shall be governed and construed in accordance with the laws of the State of California, without regard to choice of law provisions. The Parties agree that any dispute regarding this Agreement shall be resolved by the Bankruptcy Court.

d. <u>Severability</u>. If any provision of this Agreement is held to be illegal or invalid by a court of competent jurisdiction, such provision shall be considered severed and deleted. Neither such provision, nor its severance and deletion, shall affect the validity of the remaining provisions of this Agreement.

e. <u>Counterparts</u>. This Agreement may be executed in counterparts, and a signed copy shall have the full force and effect of a signature on any original. A copy, PDF, or facsimile copy of the fully executed Agreement shall have the full force and effect of the original executed Agreement.

IN WITNESS WHEREOF, Trustee and Paraprofessional have executed and delivered this Paraprofessional Agreement (Grant Administration) as of the date hereof.

TRUSTEE:                                          PARAPROFESSIONAL:

_____                   _____
JASON M. RUND, Solely in His Capacity             DAVID OSHIRO
as Chapter 7 Trustee of the Bankruptcy
Estate of Youth Policy Institute, Inc.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1900 Avenue of the Stars, Ste. 2100, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **TRUSTEE'S NOTICE OF MOTION AND MOTION UNDER LBR 2016-2 FOR AUTHORIZATION TO EMPLOY PARAPROFESSIONALS, AND/OR AUTHORIZATION TO PAY FLAT FEE TO TAX PREPARER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/20/2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

[X] Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12/20/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[X] Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 12/20/2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Messenger
The Honorable Sheri Bluebond
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Ste. 1534
Los Angeles, CA 90012

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/20/2019 | Julie King | /s/ Julie King |
|---|---|---|
| Date | Printed Name | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

January 2017      Page 6      F 2016-2.1.APP.TRUSTEE.EMPLOY

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass    bob.bass47@icloud.com
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Jeffrey A Krieger    jkrieger@ggfirm.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Matthew N Sirolly    msirolly@dir.ca.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com

2. **SERVED BY UNITED STATES MAIL**:

Secured Creditors

Ford Motor Credit
260 Interstate N PKWY NW
Atlanta, GA 30339

Jules and Associates
2 Great Valley Parkway Ste. 300
Malvern, PA 19355

Non Profit Finance Fund
5 Hanover Square, 9th Fl.
New York, NY 10004

Unsecured Creditors

American Express
World Financial Center
New York, NY 10285

Bright Star Schools
2636 S. Mansfield Ave.
Los Angeles, CA 90016

C3 Business Solutions
3130 S. Harbor Blvd. Ste. 500
Santa Ana, CA 92704

California Department of Education
21st 1430 N Street
Sacramento, CA 95814

Department of Education
Los Angeles
400 Maryland Ave., SW
Washington, DC 20202

Employed Security Service Center
959 E. Walnut St. Ste. 112
Pasadena, CA 91106

Fresh Start Meals
1530 1st Street
San Fernando, CA 91340

Granada Hills Charter School
10535 Zelzah Avenue
Granada Hills, CA 91344

JFK Transportation Company Inc.
980 W. 17th St. Ste. B
Santa Ana, CA 92706

Multicultural Learning Center
7510 DeSoto Ave.
Canoga Park, CA 91303

NIU College
5959 Topanga Canyon Blvd. Ste. 110
Woodland Hills, CA 91367

Oracle America
PO Box 44471
San Francisco, CA 92705

| | | |
|---|---|---|
| Orenda Education<br>2101 E. Fourth St. Ste. 200B<br>Santa Ana. CA 92705 | Roth Staffing Companies<br>PO Box 60003<br>Anaheim, CA 92812 | Sabio Enterprises<br>400 Corporate Pointe Ste. 300<br>Culver City, CA 90230 |
| Spectrum<br>9260 Topanga Canyon Blvd.<br>Chatsworth, CA 91311 | Staples Commercial<br>Dep. LA<br>PO Box 83689<br>Chicago, IL 60696 | Staples Technology<br>PO Box 95230<br>Chicago, IL 60694 |
| Stem & More<br>7618 Jellico Avenue<br>Northridge, CA 91325 | Ultimate Software<br>PO Box 930953<br>Atlanta, GA 91193 | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1900 Avenue of the Stars, Ste. 2100 LosAngeles, CA 90067

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/15/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 01/15/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 01/15/2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Messenger
The Honorable Sheri Bluebond
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Ste. 1534
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/15/2020 | Julie King | /s/ Julie King |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 3                       F 9013-1.2.NO.REQUEST.HEARING.DEC

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass    bob.bass47@icloud.com
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Jeffrey A Krieger    jkrieger@ggfirm.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Matthew N Sirolly    msirolly@dir.ca.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com