JEFFREY A. KRIEGER (SBN 156535)
JKrieger@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067
Telephone:  310.553.3610
Fax:  310.553.0687

Attorneys for Jason M. Rund,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YOUTH POLICY INSTITUTE, INC.,<br><br>　　　　　Debtor. | Case No. 2:19-bk-23085-BB<br><br>Chapter 7<br><br>**STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND SECURED CREDITOR NONPROFIT FINANCE FUND: (1) AUTHORIZING USE OF CASH COLLATERAL; (2) GRANTING CERTAIN CARVE OUTS FROM SENIOR LIEN IN FAVOR OF THE BANKRUPTCY ESTATE; AND (3) RESOLVING DISPUTES REGARDING SECURED CLAIM AND EXTENT OF LIEN** |

STIPULATION WITH
NONPROFIT FINANCE FUND

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

This *Stipulation Between Chapter 7 Trustee and Secured Creditor Nonprofit Finance Fund: (1) Authorizing Use of Cash Collateral; (2) Granting Certain Carve Outs from Senior Lien in Favor of the Bankruptcy Estate; and (3) Resolving Disputes Regarding Secured Claim and Extent of Lien* (the "Stipulation") is hereby entered into by and between Jason M. Rund, solely in his capacity as the duly appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Bankruptcy Estate") of Debtor Youth Policy Institute, Inc. (the "Debtor"), on the one hand, and secured creditor Nonprofit Finance Fund, a New York not-for-profit corporation ("NFF"). The Trustee and NFF are sometimes referred to herein as the "Parties" and each, a "Party". The Trustee and NFF enter into this Stipulation with reference to the following facts:

## RECITALS

A.    <u>Commencement of Case</u>. On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of title 11 of the United States Code, 11 U.S.C. 101, *et seq.* (the "Bankruptcy Code"), commencing the within chapter 7 bankruptcy case (the "Bankruptcy Case"). On the Petition Date, the Trustee was duly appointed the chapter 7 trustee pursuant to section 701 of the Bankruptcy Code.

B.    <u>Prepetition NFF Loan</u>. NFF represents that prior to the Petition Date, the Debtor obtained secured financing from NFF pursuant to, *inter alia,* the following:

1.    That certain promissory note dated October 30, 2017 (as subsequently amended, the "Note") in the original principal sum of $4,500,000 executed by the Debtor in favor of NFF, as amended by the following Amendments: (i) First Amendment to Loan Agreement and Note dated as of November 29, 2018 ("Amendment No. 1"); (ii) Second Amendment to Loan Agreement and Note dated as of February 19, 2019 ("Amendment No. 2"); and (iii) Third Amendment to Loan Agreement and Note dated as of August 29, 2019 ("Amendment No. 3", and collectively with Amendment No. 1 and Amendment No. 2, the "Loan Amendments").

2.    That certain Loan Agreement dated as of October 30, 2017 (as subsequently amended, the "Loan Agreement") by and between the Debtor, as borrower and NFF, as

1  lender, as subsequently amended by the Loan Amendments, which set forth certain terms

2  and conditions relating to the loan payable under the Note (the "NFF Loan").

3    3.    That certain Security Agreement dated as of October 30, 2017 (the

4  "Security Agreement") by and between the Debtor and NFF pursuant to which the Debtor

5  purported to pledge substantially all of its assets as security for the obligations under the

6  NFF Loan.

7    4.    Those certain UCC-1 and UCC-3 Financing Statements filed by NFF with

8  the Washington D.C. Secretary of State in connection with the NFF Loan, including but not

9  limited to: Instrument Nos. 2014069956, 2016063714, 2017121677 and 2019046613

10  (collectively, the "UCC Filings").

11  The Note, the Loan Agreement, the Security Agreement, the UCC Filings and all related documents

12  are hereinafter referred to collectively as the "Prepetition Loan Documents."

13    C.    NFF Secured Claim.  As of the Petition Date, the Debtor was indebted to NFF under

14  the Prepetition Loan Documents, in the approximate aggregate principal amount of $4,350,000 (the

15  "NFF Secured Claim").

16    D.    Prepetition Collateral.  Pursuant to the terms of the Security Agreement, the Debtor

17  purported to grant a prepetition security interest and lien (the "Prepetition Lien") in the following

18  (collectively the "Prepetition Collateral"):

19    1.    all Inventory, wherever located, including all raw materials, work in

20  progress, finished goods and materials to be used or consumed in Borrower's business;

21    2.    all furniture, Fixtures, Equipment, Goods, appliances, and furnishings,

22  wherever located, including telecommunications, media and computer equipment;

23    3.    all Accounts, Instruments, Documents, Chattel Paper, Supporting

24  Obligations, and Letter of Credit Rights;

25    4.    all Intellectual Property;

26    5.    all Cash, Deposit Accounts, General Intangibles, Investment Property, and

27  Commercial Tort Claims in which Borrower is a plaintiff;

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

STIPULATION WITH
NONPROFIT FINANCE FUND

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

6.    any and all additions, accessions and upgrades to, and all renewals, substitutions and replacements of, each of the foregoing; and

7.    all Proceeds of each of the foregoing.[1]

E.    NFF Notice of Non-Consent. On November 25, 2019, NFF filed *Nonprofit Finance Fund's Statement of Non-Consent to Use of Cash Collateral* [Docket No. 14] (the "NFF Notice of Non-Consent") in which NFF, among other things, expressed its non-consent to use of any of NFF's Prepetition Collateral and/or cash held by the Trustee.

F.    Negotiations Between the Trustee and NFF.  Since the Petition Date, the Trustee and NFF, through counsel, have engaged in extensive, good faith, negotiations relating to the NFF Secured Claim, Prepetition Lien, and Prepetition Collateral.  The Trustee has taken the position that, among other things, NFF failed to properly perfect its Prepetition Lien in certain of the Prepetition Collateral, and therefore the Bankruptcy Estate's rights in such Prepetition Collateral under section 544(a) of the Bankruptcy Code are superior to NFF's Prepetition Lien – a position which NFF denies and disputes (the "Dispute").

G.    The Parties have now reached an agreement which resolves the Dispute, authorizes use of any cash collateral and provides for certain carve outs from NFF's Prepetition Lien in favor of the Bankruptcy Estate and certain mutual releases on the terms, provisions, and conditions of this Stipulation.

NOW, THEREFORE, in consideration of the foregoing, the Trustee and NFF stipulate and agree as follows:

**STIPULATION:**

1.    Incorporation of Recitals.  The Parties hereby represent that the Recitals in this Stipulation are incorporated herein by reference and shall be deemed to be true and correct representations of the Parties with respect to such statements as such statements apply to each Party.

2.    Court Approval. This Stipulation is subject to entry of an order of the Bankruptcy Court approving this Stipulation that is in form and substance reasonably acceptable to each of the

[1] Capitalized terms in the foregoing definition of Prepetition Collateral shall have the meanings ascribed to them in the Security Agreement.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

Parties (the "Approval Order").  Upon entry of the Approval Order, the terms of this Stipulation shall be, and the Approval Order shall provide that such terms are, valid and binding upon the Parties and their respective successors and assigns, including but not limited to, as applicable, any successor trustee appointed in the Bankruptcy Case.   In the event the Bankruptcy Court denies approval of this Stipulation, the Parties shall be returned, as of the date of entry of the order denying approval, to the *status quo* existing immediately prior to their entry into this Stipulation.

3.    Estate Carve Out.  As consideration for full resolution of the Dispute, NFF agrees, as of the Petition Date, to carve out from the amount which NFF would otherwise receive on account of the NFF Secured Claim and Prepetition Lien certain amounts in favor of the Bankruptcy Estate, as follows (collectively, the "Estate Carve Out"):

(a)    Grant Assets:  As to all proceeds collected by the Trustee from receivables relating to the various prepetition grants, program contracts and arrangements between the Debtor and government entities and/or nonprofit entities (collectively, the "Grant Assets"), NFF agrees to carve out from its Prepetition Lien in favor of the Bankruptcy Estate: (i) an amount equal to, and which shall be applied to, the Trustee's costs of collection , including all attorneys' fees, professional fees, and other administrative expenses incurred on account of collection of the Grant Assets, whether or not incurred prior to this Stipulation (collectively, the "Grant Collection Costs"); and (ii) 30% of the net proceeds (after deducting the Grant Collection Costs) (the "Estate Grant Assets Net Share"), with the other 70% of the net proceeds of the Grant Assets (after deducting the Grant Collection Costs) (the "NFF Grant Assets Net Share") payable in accordance with Paragraph 4 hereof to NFF on account of the NFF Secured Claim and the Prepetition Lien.

(b)    Commercial Tort Claims:  As to all proceeds collected by the Trustee on account of commercial tort claims and/or any insurance proceeds relating thereto (collectively, the "Commercial Tort Assets"), NFF agrees to carve out from its Prepetition Lien in favor of the Bankruptcy Estate: (i) an amount equal to, and which shall be applied to, the Trustee's costs of collection, including all attorneys' fees, professional fees, and

other administrative expenses incurred on account of collection of the Commercial Tort Assets, whether or not incurred prior to this Stipulation (collectively, the "Commercial Tort Collection Costs"); and (ii) 90% of the net proceeds (after deducting the Commercial Tort Collection Costs) (the "Estate Commercial Tort Assets Net Share"), with the other 10% of the net proceeds of the Commercial Tort Assets (after deducting the Commercial Tort Collection Costs) (the "NFF Commercial Tort Assets Net Share") payable in accordance with Paragraph 4 hereof to NFF on account of the NFF Secured Claim and the Prepetition Lien.

(c)    FUTA Tax Overpayment:   As to all proceeds collected by the Trustee relating to the Debtor's prepetition overpayment of taxes under the Federal Unemployment Tax Act (collectively, the "FUTA Assets"), NFF agrees to carve out from its Prepetition Lien in favor of the Bankruptcy Estate: (i) an amount equal to, and which shall be applied to, the Trustee's costs of collection, including all attorneys' fees, professional fees, and other administrative expenses incurred on account of collection of the FUTA Assets, whether or not incurred prior to this Stipulation (collectively, the "FUTA Collection Costs", and together with the Grant Collection Costs and the Commercial Tort Collection Costs, the "Collection Costs"); and (ii) 50% of the net proceeds (after deducting the FUTA Collection Costs) (the "Estate FUTA Assets Net Share", and collectively with the Estate Grant Assets Net Share and the Estate Commercial Tort Assets Net Share, the "Estate Net Share"), with the other 50% of the net proceeds of the FUTA Assets (after deducting the FUTA Collection Costs) (the "NFF FUTA Assets Net Share", and collectively with the NFF Grant Assets Net Share and the NFF Commercial Tort Assets Net Share, the "NFF Net Share") payable in accordance with Paragraph 4 hereof to NFF on account of the NFF Secured Claim and the Prepetition Lien.

(d)    Cash On Hand.  As of the date of the Trustee's execution of this Stipulation, the Bankruptcy Estate's cash on hand totals approximately $130,271.31 (the "Cash On

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

1    Hand").  As to the Cash On Hand, NFF agrees to a 100% carve out from its Prepetition Lien

2    in favor of the Bankruptcy Estate.

3    NFF agrees that the NFF Secured Claim shall in all respects be subject to the Estate Carve-

4    Out and any proceeds thereof shall be free and clear property of the Bankruptcy Estate.  NFF

5    acknowledges and agrees that any portion of the Estate Carve Out can be used by the Bankruptcy

6    Estate for any purpose permitted under the Bankruptcy Code and shall not be subject to any

7    encumbrance or claim by NFF, except as to any distribution permitted on account of the NFF

8    Unsecured Claim as defined in Paragraph 10 herein.  For the avoidance of doubt, NFF shall be

9    entitled to a *pro rata* distribution, if any, from the Estate Net Share on account of the NFF

10   Unsecured Claim to the same extent as other general unsecured creditors.

11   4.    Distributions on the NFF Net Share.  The Approval Order shall provide that the

12   Trustee is authorized in his discretion to make a distribution or distributions to NFF on account of

13   the NFF Net Share, or any portion thereof, at any time, without further notice or order of the

14   Bankruptcy Court.   Notwithstanding the foregoing, within a reasonable time following the

15   Bankruptcy Court's approval of applicable Collection Costs pursuant to sections 330 or 331 of the

16   Bankruptcy Code, the Trustee shall make a distribution, if any, to NFF on account of the NFF Net

17   Share applicable to the time period of the approved Collection Costs.

18   5.    Tangible Personal Property.  As to all the Debtor's prepetition tangible personal

19   property identified by the Trustee as of the date of his execution of this Stipulation, whether or not

20   previously abandoned by the Trustee, excluding all documents and records of the Debtor

21   (collectively, the "Tangible Personal Property"), the Trustee agrees, and the Approval Order shall

22   provide, that, upon entry of the Approval Order and without further notice or order of the

23   Bankruptcy Court, NFF will automatically be granted relief from the automatic stay pursuant to

24   section 362(d)(1) of the Bankruptcy Code to proceed under applicable nonbankruptcy law against

25   the Tangible Personal Property.  Nothing herein shall be construed as imposing an affirmative duty

26   on NFF to pursue, collect, administer, or dispose of any Tangible Personal Property.

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

6.    <u>Abandonment</u>.  Notwithstanding anything herein to the contrary, if the Trustee determines in his business judgment that the Grant Assets, the Commercial Tort Assets, the FUTA Assets, or any other Prepetition Collateral is burdensome to the Bankruptcy Estate or of inconsequential value (such Prepetition Collateral, the "Abandoned Collateral"), the Trustee may seek to abandon the Abandoned Collateral as provided in the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.  Notwithstanding anything herein to the contrary, upon abandonment of the Abandoned Collateral: (i) the Trustee, on behalf of the Bankruptcy Estate, waives all rights of the Bankruptcy Estate to proceeds of the Abandoned Collateral; and (ii) the Trustee agrees, and the Approval Order shall provide, that NFF will automatically, without further notice or order of the Bankruptcy Court, be granted relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to proceed under applicable nonbankruptcy law against the Abandoned Collateral upon the Trustee's abandonment of such Abandoned Collateral.  Nothing herein shall be construed as imposing an affirmative duty on NFF to pursue, collect, administer, or dispose of any Abandoned Collateral.

7.    <u>Prepetition Lien</u>.  As consideration for the Estate Carve Out and resolution of the Dispute, the Trustee acknowledges and stipulates on behalf of the Bankruptcy Estate that: (i) the Prepetition Lien is valid, binding, enforceable, and a perfected first-in-priority lien in the Prepetition Collateral; (ii) the NFF Secured Claim constitutes a legal, valid, and binding obligation of the Debtor, enforceable in accordance with the terms of the Prepetition Loan Documents (other than in respect of the stay of enforcement arising from section 362 of the Bankruptcy Code), (iii) no offsets, defenses, or counterclaims to any of the NFF Secured Claim exists, (iv) no portion of the NFF Secured Claim is subject to avoidance, recharacterization, or subordination (except to the extent set forth herein) pursuant to the Bankruptcy Code or applicable non-bankruptcy law, (v) the Bankruptcy Estate does not have any valid claims (as such term is defined in section 101(5) of the Bankruptcy Code) or causes of action against NFF with respect to the Prepetition Loan Documents or otherwise, whether arising at law or at equity, including, without limitation, any recharacterization, subordination, disallowance, avoidance or other claims arising under or

STIPULATION WITH
NONPROFIT FINANCE FUND

1    pursuant to sections 105, 510, 541, or 542 through 553, inclusive, of the Bankruptcy Code, and (vi)

2    the NFF Secured Claim constitutes an allowed secured claim.

3        8.    No Lien in Chapter 5 Claims.  Notwithstanding anything herein to the contrary, NFF

4    acknowledges and agrees that neither the Prepetition Lien, nor any other lien or claim asserted by

5    NFF encumbers and/or attaches to any claims of the Bankruptcy Estate arising under chapter 5 of

6    the Bankruptcy Code, including but not limited to any claims arising under sections 544, 545, 547,

7    548, 549, 550, and 551; provided, however, the foregoing shall not affect NFF's right to any

8    distribution on account of the NFF Unsecured Claim, as defined in Paragraph 10 herein.

9        9.    Undiscovered Estate Property.    The Parties acknowledge and agree that the

10   Trustee's investigations into the assets of the Bankruptcy Estate are ongoing and there may exist

11   property of the Bankruptcy Estate with realizable value yet to be discovered that may constitute

12   Prepetition Collateral (collectively, "Undiscovered Estate Property").   To the extent that any

13   Undiscovered Estate Property is identified by the Trustee following the date of his execution of this

14   Stipulation, the Parties will engage in separate discussions regarding the administration, disposition

15   and extent of the Prepetition Lien regarding such Undiscovered Estate Property and any agreement

16   relating thereto shall be memorialized in a side letter or other agreement to be effective upon filing

17   of notice thereof with the Bankruptcy Court.  Nothing herein shall be construed as a waiver of the

18   respective rights of the Parties regarding any Undiscovered Estate Property.

19       10.    NFF Unsecured Claim.   Prior to the bar date to file a proof of claim in this

20   Bankruptcy Case, NFF shall file a proof of claim reflecting the NFF Secured Claim.  As further

21   consideration for the Estate Carve Out, NFF shall be granted an allowed general unsecured claim

22   against the Bankruptcy Estate for the amount of the difference between the NFF Secured Claim

23   and the aggregate amount collected by NFF on account of the NFF Secured Claim prior to NFF's

24   receipt of written confirmation from the Trustee that the Trustee has administered all assets of the

25   Bankruptcy Estate, whether collected through the Bankruptcy Case, or otherwise (the "NFF

26   Unsecured Claim").   Following written confirmation from the Trustee that the Trustee has

27   administered all assets of the Bankruptcy Estate, and prior to the Trustee submitting his final report

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

1    in this Bankruptcy Case, NFF shall amend its filed proof of claim to reflect only the NFF Unsecured

2    Claim.  The NFF Unsecured Claim shall be entitled to share *pro rata* in any distributions to general

3    unsecured creditors, and the Trustee shall not make any distributions to general unsecured creditors

4    until the final amount of the NFF Unsecured Claim has been determined.

5        11.    <u>Cash Collateral</u>.    To the extent that any portion of the Estate Carve Out may

6    constitute NFF's cash collateral under section 363(a) of the Bankruptcy Code: (i) NFF grants the

7    Trustee permission to use its cash collateral to pay any expenditures necessary for the

8    administration of the Bankruptcy Estate; (ii) the NFF Notice of Non-Consent is deemed not to apply

9    to any portion of the Estate Carve Out; and (iii) NFF agrees that it is adequately protected for any

10    cash collateral use granted hereunder through the consideration otherwise provided by the

11    Bankruptcy Estate under this Stipulation.

12        12.    <u>No Super-Priority Claim</u>.    Except for the NFF Secured Claim and the NFF

13    Unsecured Claim, NFF waives any and all claims against the Bankruptcy Estate with respect to the

14    Grant Assets, the Commercial Tort Assets, the FUTA Assets and the Cash On Hand, including but

15    not limited to any "super-priority" or "administrative claim," other than any administrative claim

16    based on a breach of this Stipulation, as such may be determined by the Bankruptcy Court.

17        13.    <u>Mutual Releases</u>.

18        (a)    Release by Bankruptcy Estate.    Upon the entry of the Approval Order and

19    subject only to the provisions of this Stipulation, including the specific exceptions identified

20    in Paragraph 13(d) below, the Trustee, on behalf of the Bankruptcy Estate, fully and

21    irrevocably releases and forever discharges NFF and its past and representatives, agents,

22    insurers, employees, attorneys, accountants, and each of them (collectively, the "NFF

23    Released Parties"), from any and all manner of action or actions, claims or cause(s) of

24    action, suits, debts, liabilities, obligations, costs, expenses, damages of any nature

25    whatsoever, known or unknown, suspect or unsuspected, fixed or contingent, which the

26    Trustee, on behalf of the Bankruptcy Estate, may now own or holds or has at any time

27    heretofore owned or held against the NFF Released Parties in connection with, based upon,

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

1    by reason of, relating to or arising from the Prepetition Loan Documents, the Prepetition

2    Lien, the Bankruptcy Case, the Dispute, or the Debtor.

3    (b)    Release by NFF.  Upon the entry of the Approval Order and subject only to

4    the provisions of this Stipulation, including the specific exceptions identified in Paragraph

5    13(d) below, NFF fully and irrevocably releases and forever discharges the Trustee, the

6    Bankruptcy Estate, and each and all of his and its respective past and present

7    representatives, agents, insurers, employees, attorneys, accountants, and each of them

8    (collectively, the "Estate Released Parties"), from any and all manner of action or actions,

9    claims or cause(s) of action, suits, debts, liabilities, obligations, costs, expenses, damages

10    of any nature whatsoever, known or unknown, suspect or unsuspected, fixed or contingent,

11    which NFF may now own or hold or have at any time heretofore owned or held against any

12    of the Estate Released Parties in connection with, based upon,  by reason of, relating to or

13    arising from the Prepetition Loan Documents, the Prepetition Lien, the Bankruptcy Case,

14    the Dispute, or the Debtor.

15    (c)    Waiver of California Civil Code § 1542.  With respect to all claims released

16    under this Stipulation, the Parties agree that, notwithstanding section 1542 of the California

17    Civil Code, which presently provides that:

18    A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
       THAT THE CREDITOR OR RELEASING PARTY DOES NOT
19    KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
       THE TIME OF EXECUTING THE RELEASE AND THAT, IF
20    KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY
       AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR
21    OR RELEASED PARTY.

22

23    The Parties, and each of them, knowingly, intelligently and voluntarily waive the provisions

24    section 1542, and any successor provision, and acknowledge and agree that this waiver is an

25    essential and material term of this Stipulation, and that without such waiver the Stipulation would

26    not have been entered into.  The Parties acknowledge the significance and consequences of the

27    released granted hereunder and of the specific waiver of section 1542.

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

(d)     Specific Exceptions to Mutual Releases.  Notwithstanding the above, except as set forth herein, nothing in this Stipulation shall be construed as a release or discharge of the respective rights and claims of Parties under this Stipulation, including but not limited to rights and claims relating to the NFF Secured Claim, the Estate Carve Out, the NFF Unsecured Claim and any Undiscovered Estate Property, and all rights and claims of the Parties with respect to enforcement of this Stipulation and/or damages by reason of any alleged breach of any provision of this Stipulation are expressly reserved.

14.     Modification and Amendment.  No waiver, modification, or amendment of any of the provisions in this Stipulation shall be effective unless it is set forth in writing, signed by the Parties, and, except with respect to any side letter regarding Undiscovered Estate Property entered into pursuant to Paragraph 9 hereof, approved by the Bankruptcy Court.

15.     Miscellaneous.

(a)     Captions and Headings.  The captions and headings in this Stipulation are for convenience of reference only and shall not limit or otherwise affect the meaning hereof.

(b)     Authority.  The undersigned represent and warrant that they have the requisite authority to enter into this Stipulation on behalf of the respective Parties.

(c)     Severability.  The Parties agree not to challenge this Stipulation, nor any provision hereof, as illegal, invalid, or unenforceable.  If any portion, provision or part of this Stipulation is held, determined, or adjudicated to be invalid, unenforceable, or void for any reason whatsoever, each such portion, provision or part shall be severed from the remaining portions, provisions, or parts of this Stipulation and shall not affect the validity or enforceability of such remaining portions, provisions, or parts of this Stipulation.  The Parties expressly agree that the terms of this Stipulation shall be construed in a manner designed to make it valid and enforceable to the fullest extent possible.

(d)     Entire Agreement.  This Stipulation contains the entire understanding of the Parties and supersedes any prior understandings or agreements concerning the subject matter of this Stipulation.

(e)    Attorneys' Fees.  Except as otherwise expressly set forth herein, each of the Parties agree to bear its respective costs and attorney fees incurred in connection with this Stipulation.  Should any Party hereto institute any action or proceeding to enforce any provision hereof or for damages by reason of any alleged breach of any provision of this Stipulation, the prevailing party shall be entitled to receive such amount as the Bankruptcy Court may judge to be reasonable attorneys' fees and costs for the services rendered to the prevailing party in such action or proceeding.

(f)    Further Assurances. The Parties agree to execute all further documents and perform such further acts as may reasonably be required to effectuate the purpose and intent of this Stipulation, and to use reasonable efforts to obtain entry of the Approval Order.

(g)    Counterparts. This Stipulation may be executed in original, .pdf, or facsimile signature and in counterpart copies, and this Stipulation shall be deemed fully executed and effective when all Parties have executed and possess a counterpart, even if no single counterpart contains all signatures.

(h)    Jurisdiction.  Each Party agrees that this Stipulation shall be governed by and interpreted under the laws of the State of California and, to the extent applicable, the Bankruptcy Code.  Should any Party hereto institute any action or proceeding to enforce any provision hereof or for damages by reason of any alleged breach of any provision of this Stipulation, such action shall be brought in the Bankruptcy Court, and the Parties hereto expressly consent to the jurisdiction of the Bankruptcy Court and the Bankruptcy Court's authority to enter a final ruling with respect to any such action.

(i)    No Third-Party Beneficiary.  This Stipulation is for the benefit of the Parties and their respective successors and assigns, and no third person who is not one of the Parties or their respective successors and assigns shall be entitled to any of the benefits hereof.

/ / /

/ / /

/ / /

/ / /

IN WITNESS WHEREOF, the parties hereto execute this Stipulation as of the date set forth opposite their respective signatures.

DATED March __20__, 2020

_____
JASON M. RUND, Solely in his Capacity as
Chapter 7 Trustee of the Bankruptcy Estate of
Youth Policy Institute, Inc.

DATED March 19, 2020                    NONPROFIT FINANCE FUND

By: _____
Name:  Shawn Luther
Its:   Vice President and Chief Credit Officer

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 CENTURY PARK EAST, STE. 2600
LOS ANGELES, CA 90067

14

STIPULATION WITH
NONPROFIT FINANCE FUND

76214-00002/3735542.8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2049 Century Park East, Ste. 2600, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND SECURED CREDITOR NONPROFIT FINANCE FUND: (1) AUTHORIZING USE OF CASH COLLATERAL; (2) GRANTING CERTAIN CARVE OUTS FROM SENIOR LIEN IN FAVOR OF THE BANKRUPTCY ESTATE; AND (3) RESOLVING DISPUTES REGARDING SECURED CLAIM AND EXTENT OF LIEN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 1, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) April 1, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 1, 2020 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 1, 2020 | Julie King | /s/ Julie King |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                          Page 1
76214-00002/3758541.1

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- Keith Patrick Banner    kbanner@greenbergglusker.com,
  sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass    bob.bass47@icloud.com
- Magdalena R Bordeaux    mbordeaux@publiccounsel.org
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Jeffrey A Krieger    jkrieger@ggfirm.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Matthew N Sirolly    msirolly@dir.ca.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Andy C Warshaw    awarshaw@bwlawcenter.com, ecf@bwlawcenter.com
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-
  0813@ecf.pacerpro.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                                 Page 2
76214-00002/3758541.1