JEFFREY A. KRIEGER (SBN 156535)
JKrieger@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Jason M. Rund,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

In re:

YOUTH POLICY INSTITUTE, INC.,

Debtor.

Case No. 2:19-bk-23085-BB

Chapter 7

**CHAPTER 7 TRUSTEE'S MOTION UNDER FED. R. BANKR. P. 9019 FOR ORDER APPROVING STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND SECURED CREDITOR NONPROFIT FINANCE FUND: (1) AUTHORIZING USE OF CASH COLLATERAL; (2) GRANTING CERTAIN CARVE OUTS FROM SENIOR LIEN IN FAVOR OF THE BANKRUPTCY ESTATE; AND (3) RESOLVING DISPUTES REGARDING SECURED CLAIM AND EXTENT OF LIEN**

**DECLARATION OF JASON M. RUND IN SUPPORT THEREOF**

<u>Hearing</u>
Date:     April 29, 2020
Time:     10:00 a.m.
Place:    Courtroom 1539
          United States Bankruptcy Court
          255 E. Temple Street
          Los Angeles, CA 90012

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

MOTION TO APPROVE STIPULATION
WITH NONPROFIT FINANCE FUND

# TABLE OF CONTENTS

**Page**

I.    JURISDICTION AND VENUE ........................................................................ 1

    A.    Commencement of the Bankruptcy Case ........................................... 2

    B.    The NFF Secured Claim and Prepetition Lien ................................. 2

    C.    The Terms of the Stipulation ............................................................ 4

        1.    The Estate Carve Out ........................................................... 4

        2.    Cash Collateral ...................................................................... 5

        3.    Tangible Personal Property ................................................... 6

        4.    Undiscovered Estate Property ............................................... 6

        5.    NFF Unsecured Claim ........................................................... 6

        6.    No Lien on Chapter 5 Claims/ No Superpriority Lien ......... 6

        7.    No Challenge of Prepetition Lien ......................................... 7

        8.    Mutual Releases .................................................................... 7

II.    DISCUSSION ............................................................................................... 8

    A.    The Legal Standard ........................................................................... 8

    B.    The Stipulation Should Be Approved ............................................... 9

III.    CONCLUSION ............................................................................................. 10

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

# TABLE OF AUTHORITIES

**Page**

CASES

Anaconda-Ericsson Inc. v. Hessen (In re Teltronics Servs., Inc.),
    762 F.2d 185 (2d Cir. 1985).................................................................8

In re Lee Way Holding Co.,
    120 B.R. 881 (Bankr. S.D. Ohio 1990).................................................8

Martin v. Kane (In re A & C Properties),
    784 F.2d 1377 (9th Cir. 1986)...........................................................8, 9, 4

Newman v. Stein,
    464 F.2d 689 (2d Cir. 1972).................................................................8

United States v. Alaska Nat'l Bank (In re Walsh Constr., Inc.),
    669 F.2d 1325 (9th Cir. 1982).............................................................8

Woodson v. Fireman's Fund Ins. Co. (In re Woodson),
    839 F.2d 610 (9th Cir. 1988)...............................................................8

STATUTES

11 U.S.C. §§ 101, et seq., 101(5)..........................................................1, 7

11 U.S.C. § 105(a)................................................................................1, 8

11 U.S.C. § 341(a)................................................................................2, 2

11 U.S.C. § 362.........................................................................................7

11 U.S.C. § 363(a)....................................................................................5

11 U.S.C. § 544(a)................................................................................4, 4

11 U.S.C. § 701....................................................................................2, 2

28 U.S.C. §§  157 and 157(b)(2)...............................................................1

28 U.S.C. § 1334.......................................................................................1

28 U.S.C. §§ 1408 and 1409......................................................................1

OTHER AUTHORITIES

Fed. R. Bankr. P. 7001(2)......................................................................9, 4

Fed. R. Bankr. P. 9019..............................................................................1

Fed. R. Bankr. P. 9019(a)..........................................................................8

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

# TABLE OF AUTHORITIES
(continued)

**Page**

Fed. R. Evid. R. 201 .................................................................................................................... 1

Fed. R. Bankr. P.  2002 ............................................................................................................... 8

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

MOTION TO APPROVE STIPULATION
WITH NONPROFIT FINANCE FUND

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-INTEREST HEREIN:**

Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Bankruptcy Estate") of Debtor Youth Policy Institute, Inc. (the "Debtor"), hereby submits his motion (the "Motion") for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and each, a "Bankruptcy Rule") approving the concurrently-filed *Stipulation Between Chapter 7 Trustee and Secured Creditor Nonprofit Finance Fund: (1) Authorizing Use of Cash Collateral; (2) Granting Certain Carve Outs from Senior Lien in Favor of the Bankruptcy Estate; and (3) Resolving Disputes Regarding Secured Claim and Extent of Lien* [Docket No. 106] (the "Stipulation") entered into between the Trustee, on behalf of the Bankruptcy Estate, on the one hand, and secured creditor Nonprofit Finance Fund, a New York not-for-profit corporation ("NFF"), on the other hand with respect to the secured claim and associated lien asserted by NFF in this chapter 7 bankruptcy case. A copy of the Stipulation is attached as <u>Exhibit 1</u> to the accompanying Declaration of Jason M. Rund (the "Rund Declaration"). In support of his Motion, the Trustee represents as follows:

## I.    <u>JURISDICTION AND VENUE</u>

The Bankruptcy Court has jurisdiction over this bankruptcy case, the Bankruptcy Estate, and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee consents to the entry of a final judgment or order with respect to the Motion, if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code") and Bankruptcy Rule 9019.

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

**A.     Commencement of the Bankruptcy Case**

On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7 bankruptcy case.  The Debtor filed the Petition on an emergency basis without the required schedules, statements and other case commencement documents listed in section 2.1(b) of the Court Manual.  The Debtor's creditor matrix accompanying the Petition consists of approximately 356 pages and lists approximately 2,760 parties.  *See* BNC Certificate of Notice of Petition, Docket No. 6.

On the Petition Date, the Trustee was duly appointed the chapter 7 trustee pursuant to section 701 of the Bankruptcy Code.  The first chapter 7 meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") was held on December 11, 2019 at 9:00 a.m., at which the Debtor's representatives appeared.  The 341(a) Meeting has since been continued from time to time.

**B.     The NFF Secured Claim and Prepetition Lien**

After obtaining an extension of the deadline to file its required disclosure schedules and statements (*See* Docket No. 9), on December 3, 2019, the Debtor filed its *Schedules*, *Statement of Financial Affairs* and other case commencement documents [Docket Nos. 15 & 16].  According to the Debtor's Schedule D, the Debtor is party to a pre-petition loan agreement with NFF with a disclosed outstanding balance of $4,350,000.00.  The Debtor further disclosed that the NFF loan is secured by "All Assets" of the Debtor.

The Trustee has investigated the disclosed claim of NFF, and understands that NFF does assert that, as of the Petition Date, the Debtor was indebted to NFF on a secured loan obligation in the approximate aggregate principal amount of $4,350,000 (the "NFF Secured Claim") pursuant to, *inter alia,* the following documents (collectively, the "Prepetition Loan Documents"):

1.     That certain promissory note dated October 30, 2017 (as subsequently amended, the "Note") in the original principal sum of $4,500,000 executed by the Debtor in favor of NFF, as amended by the following Loan Amendments: (i) First Amendment to Loan Agreement and Note dated as of November 29, 2018 ("Amendment No. 1"); (ii)

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

MOTION TO APPROVE STIPULATION
WITH NONPROFIT FINANCE FUND

Second Amendment to Loan Agreement and Note dated as of February 19, 2019 ("Amendment No. 2"); and (iii) Third Amendment to Loan Agreement and Note dated as of August 29, 2019 ("Amendment No. 3", and collectively with Amendment No. 1 and Amendment No. 2, the "Loan Amendments").

2.      That certain Loan Agreement dated as of October 30, 2017 (as subsequently amended, the "Loan Agreement") by and between the Debtor, as borrower and NFF, as lender, as subsequently amended by the Loan Amendments, which set forth certain terms and conditions relating to the loan payable under the Note (the "NFF Loan").

3.      That certain Security Agreement dated as of October 30, 2017 (the "Security Agreement") by and between the Debtor and NFF pursuant to which the Debtor purported to pledge substantially all of its assets as security for the obligations under the NFF Loan.

4.      Those certain UCC-1 and UCC-3 Financing Statements filed by NFF with the Washington D.C. Secretary of State in connection with the NFF Loan, including but not limited to: Instrument Nos. 2014069956, 2016063714, 2017121677 and 2019046613 (collectively, the "UCC Filings").

Pursuant to the terms of the Security Agreement, the Debtor purported to grant a prepetition security interest and lien (the "Prepetition Lien") in the following collateral (collectively the "Prepetition Collateral"):

(a) all Inventory, wherever located, including all raw materials, work in progress, finished goods and materials to be used or consumed in Borrower's business;

(b) all furniture, Fixtures, Equipment, Goods, appliances, and furnishings, wherever located, including telecommunications, media and computer equipment;

(c) all Accounts, Instruments, Documents, Chattel Paper, Supporting Obligations, and Letter of Credit Rights;

(d) all Intellectual Property;

(e) all Cash, Deposit Accounts, General Intangibles, Investment Property, and Commercial Tort Claims in which Borrower is a plaintiff;

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

MOTION TO APPROVE STIPULATION
WITH NONPROFIT FINANCE FUND

1      (f) any and all additions, accessions and upgrades to, and all
2   renewals, substitutions and replacements of, each of the foregoing; and

3   (g) all Proceeds of each of the foregoing.[1]

4   Security Agreement, ¶ 2.

5   On November 25, 2019, NFF filed *Nonprofit Finance Fund's Statement of Non-Consent*

6   *to Use of Cash Collateral* [Docket No. 14] (the "NFF Notice of Non-Consent") in which NFF,

7   among other things, expressed its non-consent to use of any of NFF's Prepetition Collateral

8   and/or cash held by the Trustee.

9   **C.    The Terms of the Stipulation**

10  Since the Petition Date, the Trustee and NFF, through counsel, have engaged in extensive,

11  good faith negotiations relating to the NFF Secured Claim, Prepetition Lien, and Prepetition

12  Collateral.  The Trustee has taken the position that, among other things, NFF failed to properly

13  perfect its Prepetition Lien in certain of the Prepetition Collateral, and therefore the Bankruptcy

14  Estate's rights in such Prepetition Collateral under section 544(a) of the Bankruptcy Code are

15  superior to NFF's Prepetition Lien – a position which NFF denies and disputes (the "Dispute").

16  The Trustee and NFF have now reached an agreement memorialized in the Stipulation

17  which, among other things (i) resolves the Dispute; (ii) authorizes the Bankruptcy Estate's use of

18  cash collateral; (iii) provides for certain carve outs from NFF's Prepetition Lien in favor of the

19  Bankruptcy Estate; and (iv) grants certain mutual releases.  Salient terms of the Stipulation are

20  summarized below.[2]

21  **1.    The Estate Carve Out**

22  Under the terms of the Stipulation, as consideration for full resolution of the Dispute, NFF

23  agreed to carve out (the "Estate Carve Out") from the amount which NFF would otherwise

24  receive on account of the NFF Secured Claim and Prepetition Lien certain amounts in favor of the

25  Bankruptcy Estate based on four asset categories, as each are defined in the Stipulation:

26

27  [1] Capitalized terms in the foregoing definition of Prepetition Collateral shall have the meanings ascribed to them in the Security Agreement.

28  [2] Summaries of certain provisions of the Stipulation are provided for convenience purposes, only, and are not intended to supersede any of the terms of the Stipulation.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

MOTION TO APPROVE STIPULATION
WITH NONPROFIT FINANCE FUND

(a) "Grant Assets" meaning grant-related receivables[3] collected by the Trustee, the net proceeds of which will be split 70/30 respectively between NFF and the Bankruptcy Estate, after the Trustee's costs of collection are deducted;

(b) "Commercial Tort Assets" meaning amounts realized by the Trustee on account of commercial tort claims[4], the net proceeds of which will be split 90/10 respectively between the Bankruptcy Estate and NFF, after the Trustee's costs of collection are deducted;

(c) "FUTA Assets" meaning amounts collected by the Trustee relating to the Debtor's prepetition overpayment of taxes under the Federal Unemployment Tax Act[5], the net proceeds of which will be split 50/50 respectively between the Bankruptcy Estate and NFF, after the Trustee's costs of collection are deducted; and

(d) "Cash On Hand" meaning the cash on hand held by the Trustee, as to which NFF agrees to a 100% carve out to the Bankruptcy Estate.

## 2. Cash Collateral

To the extent that any portion of the Estate Carve Out may constitute NFF's cash collateral under section 363(a) of the Bankruptcy Code, NFF has agreed: (i) that the Trustee may use its cash collateral to pay any expenditures necessary for the administration of the Bankruptcy Estate; (ii) the NFF Notice of Non-Consent will not be applicable to any portion of the Estate Carve Out; and (iii) that NFF is adequately protected for any cash collateral use through the consideration otherwise provided by the Bankruptcy Estate under the Stipulation.

/ / /

/ / /

/ / /

/ / /

---

[3] The Debtor's Schedule A/B discloses certain accounts receivable and certain "unbilled" grant receivables relating ostensibly to services performed by the Debtor in conducting its various after-school and other programs, which were funded through governmental grants. The Trustee's preliminary investigations indicate that many such receivables may be subject to setoff or otherwise may be potentially uncollectable.

[4] Commercial tort claims include the cause of action disclosed against Dixon Slingerland in the Debtor's Schedule A/B, and further include potential causes of action against other current and/or former officers and directors of the Debtor, some of which may be covered under applicable insurance policies of the Debtor.

[5] As such has been disclosed in the Debtor's Schedule A/B.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

MOTION TO APPROVE STIPULATION
WITH NONPROFIT FINANCE FUND

1

### 3.    Tangible Personal Property

As to tangible personal property of the Debtor identified by the Trustee as of the date of the Stipulation, the Trustee has agreed to grant NFF relief from the automatic stay to proceed under nonbankruptcy law against any such property.

### 4.    Undiscovered Estate Property

Because the Trustee's investigations into the assets of the Bankruptcy Estate are ongoing, there may exist property of the Bankruptcy Estate with realizable value yet to be discovered that may constitute Prepetition Collateral (collectively, "Undiscovered Estate Property"), which does not fit under the Estate Carve Out or other provisions of the Stipulation.  As to Undiscovered Estate Property, the Trustee and NFF agreed to engage in separate discussions regarding the administration, disposition and extent of the Prepetition Lien regarding such Undiscovered Estate Property.  The Trustee and NFF will memorialize any agreement relating to Undiscovered Estate Property in a side letter or other agreement to be effective upon filing of notice thereof with the Bankruptcy Court.

### 5.    NFF Unsecured Claim

As further consideration for the Estate Carve Out, the Trustee has agreed that NFF shall be granted an allowed general unsecured claim against the Bankruptcy Estate for the difference between the NFF Secured Claim and the aggregate amount collected by NFF on account of the NFF Secured Claim prior to NFF's receipt of written confirmation from the Trustee that the Trustee has administered all assets of the Bankruptcy Estate, whether collected through the Bankruptcy Case, or otherwise (the "NFF Unsecured Claim").   The NFF Unsecured Claim shall be entitled to share *pro rata* in any distributions to general unsecured creditors, and the Trustee shall not make any distributions to general unsecured creditors until the final amount of the NFF Unsecured Claim has been determined.

### 6.    No Lien on Chapter 5 Claims/ No Superpriority Lien

The Stipulation further provides that neither the Prepetition Lien, nor any other lien or claim asserted by NFF encumbers and/or attaches to any claims of the Bankruptcy Estate arising under chapter 5 of the Bankruptcy Code.  In addition, except for the NFF Secured Claim and NFF

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

1  Unsecured Claim, NFF waives all other claims against the Bankruptcy Estate with respect to the

2  Grant Assets, the Commercial Tort Assets, the FUTA Assets and the Cash On Hand, including but

3  not limited to any "super-priority" or "administrative claim," other than any administrative claim

4  based on a breach of the Stipulation.

5  ### 7.    No Challenge of Prepetition Lien

6  As consideration for the Estate Carve Out and resolution of the Dispute, the Trustee

7  acknowledges and stipulates on behalf of the Bankruptcy Estate that: (i) the Prepetition Lien is

8  valid, binding, enforceable, and a perfected first-in-priority lien in the Prepetition Collateral; (ii)

9  the NFF Secured Claim constitutes a legal, valid, and binding obligation of the Debtor, enforceable

10  in accordance with the terms of the Prepetition Loan Documents (other than in respect of the stay

11  of enforcement arising from section 362 of the Bankruptcy Code), (iii) no offsets, defenses, or

12  counterclaims to any of the NFF Secured Claim exists, (iv) no portion of the NFF Secured Claim

13  is subject to avoidance, recharacterization, or subordination (except to the extent set forth herein)

14  pursuant to the Bankruptcy Code or applicable non-bankruptcy law, (v) the Bankruptcy Estate does

15  not have any valid claims (as such term is defined in section 101(5) of the Bankruptcy Code) or

16  causes of action against NFF with respect to the Prepetition Loan Documents or otherwise, whether

17  arising at law or at equity, including, without limitation, any recharacterization, subordination,

18  disallowance, avoidance or other claims arising under or pursuant to sections 105, 510, 541, or 542

19  through 553, inclusive, of the Bankruptcy Code, and (vi) the NFF Secured Claim constitutes an

20  allowed secured claim.

21  ### 8.    Mutual Releases

22  As further consideration for the Estate Carve Out, the resolution of the Dispute, the

23  provisions regarding NFF's Prepetition Lien, the allowance of the NFF Unsecured Claim and the

24  other provisions of the Stipulation, the Trustee, on behalf of the Bankruptcy Estate, and NFF have

25  agreed to mutual releases of claims, which are effective only upon the Bankruptcy Court's entry of

26  an order approving the Stipulation and which are subject in all respect to the terms of the

27  Stipulation.

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

MOTION TO APPROVE STIPULATION
WITH NONPROFIT FINANCE FUND

## II.    **DISCUSSION**

### A.    **The Legal Standard**

Bankruptcy Code section 105(a) provides in relevant part that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) in turn states:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

"The bankruptcy court has great latitude in approving compromise agreements." *Woodson v. Fireman's Fund Ins. Co.* (*In re Woodson*), 839 F.2d 610, 620 (9th Cir. 1988). "The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating contested and dubious claims." *Martin v. Kane* (*In re A & C Properties*), 784 F.2d 1377, 1380-81 (9th Cir. 1986) [hereinafter "*A & C Properties*"]. Accordingly, in approving such an agreement, the Court need not conduct an exhaustive investigation into the validity, or a mini-trial on the merits, of the claims sought to be compromised. *United States v. Alaska Nat'l Bank* (*In re Walsh Constr., Inc.*), 669 F.2d 1325, 1328 (9th Cir. 1982).

Rather, it is sufficient that the Bankruptcy Court find that the settlement was negotiated in good faith and is reasonable, fair, and equitable. *A & C Properties*, 784 F.2d at 1381. The Court need only canvass the issues to determine whether the compromise falls "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972); *see also Anaconda-Ericsson Inc. v. Hessen* (*In re Teltronics Servs., Inc.*), 762 F.2d 185, 189 (2d Cir. 1985). Finally, although the Bankruptcy Court should consider the reasonable views of creditors, ". . . [O]bjections do not rule. It is well established that compromises are favored in bankruptcy." *In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

1    In the Ninth Circuit, courts generally look to the following considerations in determining

2    whether a proposed compromise is reasonable, fair, and equitable:

3            (a)      the probability of success in the litigation;

4            (b)      the difficulties, if any, to be encountered in the

5    matter of collection;

6            (c)      the complexity of the litigation involved, and the

7    expense, inconvenience and delay necessarily attending it;

8            (d)      the paramount interest of the creditors and a proper

9    deference to their reasonable views in the premises.

10   *A & C Properties*, 784 F.2d at 1381 (citation omitted).

11   **B.**    **The Stipulation Should Be Approved**

12   Consideration of the *A&C Properties* factors leads to the conclusion that the proposed

13   compromise and the terms of the Stipulation should be approved.  With regard to the first and

14   third factors,[6] although the Trustee could have taken the position that the Prepetition Lien does

15   not extend to certain portions of the Estate Carve Out, such a determination could only be made

16   by the Bankruptcy Court through an adversary proceeding initiated by the Trustee pursuant to

17   Bankruptcy Rule 7001(2).  The Trustee understands that NFF would likely vigorously oppose any

18   such position taken by the Trustee and, therefore, such litigation would be extensive and would

19   likely result in the accrual of substantial administrative expenses.  Further, in such litigation, the

20   Court could ultimately rule in favor of NFF and determine that any portion of, or perhaps the

21   entirety of the Estate Carve Out, is encumbered by NFF's Prepetition Lien.  The Stipulation

22   effectuates a compromise between NFF and the Bankruptcy Estate over the specific categories of

23   assets under the Estate Carve Out and ensures a benefit to creditors under each without the need

24   for protracted and costly litigation.

25   With regard to the fourth factor, the Trustee believes that the paramount interest of the

26   creditors is served by the terms of the Stipulation.  Though other junior secured creditors have

27

28   _____
[6] The Trustee submits that the second factor is not applicable to the compromise reflected in the Stipulation.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

1  been identified by the Debtor, the Trustee believes through his investigations that any junior liens

2  held by such creditors are wholly unsecured, which is reflected by the Stipulation's

3  acknowledgement of the NFF Unsecured Claim, which will represent the amounts NFF will be

4  unable to collect on its over $4 million NFF Secured Claim.  As such, the Stipulation, pursuant to

5  the Estate Carve Out, provides a mechanism for cash proceeds to be ultimately distributed pro

6  rata to such wholly unsecured junior lienholders and other unsecured creditors, which would

7  otherwise not be available to the Bankruptcy Estate on account of NFF's Prepetition Lien.

8      Based on these factors, the Trustee believes that the Stipulation is in the best interests of

9  the Bankruptcy Estate under the circumstances, is well within the Trustee's business judgment,

10  and should be approved.  Rund Decl., ¶¶ 11-13.

11  **III.    <u>CONCLUSION</u>**

12      Based on the foregoing, the Trustee requests that the Court enter an order approving the

13  proposed compromise with NFF and the terms of the Stipulation; and granting such other and

14  further relief as is just and appropriate under the circumstances.

15

16  DATED:  April 1, 2020                    GREENBERG GLUSKER FIELDS CLAMAN
                                             & MACHTINGER LLP

17                                           By: */s/ Jeffrey A. Krieger*
18                                               JEFFREY A. KRIEGER
                                                 KEITH PATRICK BANNER
19                                               Attorneys for Jason M. Rund,
                                                 Chapter 7 Trustee

20

21

22

23

24

25

26

27

28

# **DECLARATION OF JASON M. RUND**

I, Jason M. Rund, declare:

1.      I am the duly appointed and acting chapter 7 Trustee of the bankruptcy estate (the "Bankruptcy Estate") of Youth Policy Institute, Inc. (the "Debtor").  I have personal knowledge of the facts stated below, or have gained knowledge of them from pleadings and other documents typically obtained and reviewed by trustees administering estates or from the professionals employed to assist me herein, and, if called as a witness, I could and would testify competently thereto.

2.      I submit this Declaration in support of the accompanying *Chapter 7 Trustee's Motion Under Fed. R. Bankr. P. 9019 for Order Approving Stipulation Between Chapter 7 Trustee and Secured Creditors Nonprofit Finance Fund: (1) Authorizing Use of Case Collateral; (2) Granting Certain Carve Outs from Senior Lien in Favor of the Bankruptcy Estate; and (3) Resolving Disputes Regarding Secured Claim and Extent of Lien* (the "Motion") with respect to my request for the Bankruptcy Court's approval of the *Stipulation Between Chapter 7 Trustee and Secured Creditors Nonprofit Finance Fund: (1) Authorizing Use of Case Collateral; (2) Granting Certain Carve Outs from Senior Lien in Favor of the Bankruptcy Estate; and (3) Resolving Disputes Regarding Secured Claim and Extent of Lien* [Docket No. __ ] (the "Stipulation"), a true and correct copy of which is attached hereto as <u>Exhibit 1</u> and is incorporated herein by this reference.[7]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.      On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7 bankruptcy case.  The Debtor filed the Petition on an emergency basis without the required schedules, statements and other case commencement documents listed in section 2.1(b) of the Court Manual.  The Debtor's creditor matrix accompanying the Petition consists of approximately 356 pages and lists approximately 2,760 parties.  *See* BNC Certificate of Notice of Petition,

---

[7] To the extent necessary, the Trustee requests that the Court take judicial notice of the Stipulation pursuant to Rule 201 of the Federal Rules of Evidence.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

DECLARATION OF
JASON M. RUND

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

Docket No. 6.

4.      On the Petition Date, I was duly appointed the chapter 7 trustee pursuant to section 701 of the Bankruptcy Code.  The first chapter 7 meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") was held on December 11, 2019 at 9:00 a.m., at which the Debtor's representatives appeared.  The 341(a) Meeting has since been continued from time to time.

5.      After obtaining an extension of the deadline to file its required disclosure schedules and statements (*See* Docket No. 9), on December 3, 2019, the Debtor filed its *Schedules*, *Statement of Financial Affairs* and other case commencement documents [Docket Nos. 15 & 16].  The Debtor's Schedule A/B discloses certain accounts receivable and certain "unbilled" grant receivables relating ostensibly to services performed by the Debtor in conducting its various after-school and other programs, which were funded through governmental grants.  I understand through my preliminary investigations, and the preliminary investigations of my counsel, that many such receivables may be subject to setoff or may be otherwise potentially uncollectable.

6.      According to the Debtor's Schedule D, the Debtor is party to a pre-petition loan agreement with Nonprofit Finance Fund ("NFF") with a disclosed outstanding balance of $4,350,000.00.  The Debtor further disclosed that the NFF loan is secured by "All Assets" of the Debtor.

7.      I personally and through my counsel have investigated the disclosed claim of NFF, and I understand that NFF does assert that, as of the Petition Date, the Debtor was indebted to NFF on a secured loan obligation in the approximate aggregate principal amount of $4,350,000 (the "NFF Secured Claim") pursuant to, *inter alia,* the following documents (collectively, the "Prepetition Loan Documents"), each of which I have reviewed:

(a)   That certain promissory note dated October 30, 2017 (as subsequently amended, the "Note") in the original principal sum of $4,500,000 executed by the Debtor in favor of NFF, as amended by the following Loan Amendments:

(i) First Amendment to Loan Agreement and Note dated as of November 29,

2018 ("Amendment No. 1"); (ii) Second Amendment to Loan Agreement and Note dated as of February 19, 2019 ("Amendment No. 2"); and (iii) Third Amendment to Loan Agreement and Note dated as of August 29, 2019 ("Amendment No. 3", and collectively with Amendment No. 1 and Amendment No. 2, the "Loan Amendments").

(b)   That certain Loan Agreement dated as of October 30, 2017 (as subsequently amended, the "Loan Agreement") by and between the Debtor, as borrower and NFF, as lender, as subsequently amended by the Loan Amendments, which set forth certain terms and conditions relating to the loan payable under the Note (the "NFF Loan").

(c)   That certain Security Agreement dated as of October 30, 2017 (the "Security Agreement") by and between the Debtor and NFF pursuant to which the Debtor purported to pledge substantially all of its assets as security for the obligations under the NFF Loan.

(d)   Those certain UCC-1 and UCC-3 Financing Statements filed by NFF with the Washington D.C. Secretary of State in connection with the NFF Loan, including but not limited to: Instrument Nos. 2014069956, 2016063714, 2017121677 and 2019046613 (collectively, the "UCC Filings").

8.   Pursuant to the terms of the Security Agreement, which I have reviewed, the Debtor purported to grant a prepetition security interest and lien (the "Prepetition Lien") in the following collateral (collectively the "Prepetition Collateral"):

(a)   all Inventory, wherever located, including all raw materials, work in progress, finished goods and materials to be used or consumed in Borrower's business;

(b)   all furniture, Fixtures, Equipment, Goods, appliances, and furnishings, wherever located, including telecommunications, media and computer equipment;

(c)   all Accounts, Instruments, Documents, Chattel Paper, Supporting Obligations, and Letter of Credit Rights;

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

DECLARATION OF
JASON M. RUND

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

1    (d)   all Intellectual Property;

2    (e)   all Cash, Deposit Accounts, General Intangibles, Investment Property, and

3          Commercial Tort Claims in which Borrower is a plaintiff;

4    (f)   any and all additions, accessions and upgrades to, and all renewals,

5          substitutions and replacements of, each of the foregoing; and

6    (g)   all Proceeds of each of the foregoing.[8]

7    9.    Since the Petition Date, I, through my counsel, have engaged in extensive, good

8    faith negotiations with NFF relating to the NFF Secured Claim, Prepetition Lien, and Prepetition

9    Collateral.  During the course of those negotiations, I, through my counsel, have taken the

10   position that, among other things, NFF failed to properly perfect its Prepetition Lien in certain of

11   the Prepetition Collateral, and therefore the Bankruptcy Estate's rights in such Prepetition

12   Collateral under section 544(a) of the Bankruptcy Code are superior to NFF's Prepetition Lien – a

13   position which NFF denies and disputes (the "Dispute").

14   10.   NFF and I have now reached an agreement memorialized in the Stipulation which,

15   among other things (i) resolves the Dispute; (ii) authorizes the Bankruptcy Estate's use of cash

16   collateral; (iii) provides for certain carve outs from NFF's Prepetition Lien in favor of the

17   Bankruptcy Estate; (iv) and grants certain mutual releases.

18   11.   Consideration of the factors set forth in *A&C Properties*[9] leads me to the

19   conclusion, in my business judgment, that the Stipulation should be approved.  Although I could

20   have taken the position that Prepetition Lien does not extend to certain portions of the Estate

21   Carve Out, such a determination could only be made by the Bankruptcy Court through an

22   adversary proceeding initiated by me pursuant to Bankruptcy Rule 7001(2).  I understand that

23   NFF would likely vigorously oppose any such position and, therefore, such litigation would be

24   extensive and would likely result in the accrual of substantial administrative expenses.  Further, in

25   such litigation, the Court could ultimately rule in favor of NFF and determine that any portion of,

26

27   [8] Capitalized terms in the foregoing definition of Prepetition Collateral shall have the meanings ascribed to them in
     the Security Agreement.

28   [9] *Martin v. Kane* (*In re A & C Properties*), 784 F.2d 1377, 1380-81 (9th Cir. 1986) ("*A&C Properties*")

1  or perhaps the entirety of the Estate Carve Out is encumbered by NFF's Prepetition Lien.  I

2  believe the Stipulation effectuates a compromise between NFF and the Bankruptcy Estate over

3  the specific categories of assets under the Estate Carve Out and ensures a benefit to creditors

4  under each without the need for protracted and costly litigation.

5       12.    I further believe that the paramount interest of the creditors is served by the terms

6  of the Stipulation.  Though other junior secured creditors have been identified by the Debtor, I

7  believe based on the Debtor's disclosures and my investigations into the potential assets of the

8  Bankruptcy Estate that any junior liens held by such creditors are wholly unsecured, which is

9  reflected by the Stipulation's acknowledgement of the NFF Unsecured Claim, which will

10  represent the amounts NFF will unable to collect on its over $4 million NFF Secured Claim.  As

11  such, the Stipulation, pursuant to the Estate Carve Out, provides a mechanism for cash proceeds

12  to be ultimately distributed pro rata to such wholly unsecured junior lienholders and other

13  unsecured creditors, which would otherwise not be available to the Bankruptcy Estate on account

14  of NFF's Prepetition Lien.

15       13.    Based on these factors, I believe that the Stipulation is in the best interests of the

16  Bankruptcy Estate under the circumstances, is well within my business judgment, and should be

17  approved.

18

19       I declare under penalty of perjury under the laws of the United States of America that the

20  foregoing is true and correct.

21       Executed this 1st day of April 2020, at El Segundo, California.

22

23       _____

24            JASON M. RUND

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# EXHIBIT "1"

JEFFREY A. KRIEGER (SBN 156535)
JKrieger@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Jason M. Rund,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:19-bk-23085-BB |
| YOUTH POLICY INSTITUTE, INC., | Chapter 7 |
| Debtor. | **STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND SECURED CREDITOR NONPROFIT FINANCE FUND: (1) AUTHORIZING USE OF CASH COLLATERAL; (2) GRANTING CERTAIN CARVE OUTS FROM SENIOR LIEN IN FAVOR OF THE BANKRUPTCY ESTATE; AND (3) RESOLVING DISPUTES REGARDING SECURED CLAIM AND EXTENT OF LIEN** |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

This *Stipulation Between Chapter 7 Trustee and Secured Creditor Nonprofit Finance Fund: (1) Authorizing Use of Cash Collateral; (2) Granting Certain Carve Outs from Senior Lien in Favor of the Bankruptcy Estate; and (3) Resolving Disputes Regarding Secured Claim and Extent of Lien* (the "Stipulation") is hereby entered into by and between Jason M. Rund, solely in his capacity as the duly appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Bankruptcy Estate") of Debtor Youth Policy Institute, Inc. (the "Debtor"), on the one hand, and secured creditor Nonprofit Finance Fund, a New York not-for-profit corporation ("NFF"). The Trustee and NFF are sometimes referred to herein as the "Parties" and each, a "Party". The Trustee and NFF enter into this Stipulation with reference to the following facts:

## RECITALS

A.    <u>Commencement of Case</u>. On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of title 11 of the United States Code, 11 U.S.C. 101, *et seq.* (the "Bankruptcy Code"), commencing the within chapter 7 bankruptcy case (the "Bankruptcy Case"). On the Petition Date, the Trustee was duly appointed the chapter 7 trustee pursuant to section 701 of the Bankruptcy Code.

B.    <u>Prepetition NFF Loan</u>. NFF represents that prior to the Petition Date, the Debtor obtained secured financing from NFF pursuant to, *inter alia,* the following:

1.    That certain promissory note dated October 30, 2017 (as subsequently amended, the "Note") in the original principal sum of $4,500,000 executed by the Debtor in favor of NFF, as amended by the following Amendments: (i) First Amendment to Loan Agreement and Note dated as of November 29, 2018 ("Amendment No. 1"); (ii) Second Amendment to Loan Agreement and Note dated as of February 19, 2019 ("Amendment No. 2"); and (iii) Third Amendment to Loan Agreement and Note dated as of August 29, 2019 ("Amendment No. 3", and collectively with Amendment No. 1 and Amendment No. 2, the "Loan Amendments").

2.    That certain Loan Agreement dated as of October 30, 2017 (as subsequently amended, the "Loan Agreement") by and between the Debtor, as borrower and NFF, as

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

lender, as subsequently amended by the Loan Amendments, which set forth certain terms and conditions relating to the loan payable under the Note (the "NFF Loan").

3.      That certain Security Agreement dated as of October 30, 2017 (the "Security Agreement") by and between the Debtor and NFF pursuant to which the Debtor purported to pledge substantially all of its assets as security for the obligations under the NFF Loan.

4.      Those certain UCC-1 and UCC-3 Financing Statements filed by NFF with the Washington D.C. Secretary of State in connection with the NFF Loan, including but not limited to: Instrument Nos. 2014069956, 2016063714, 2017121677 and 2019046613 (collectively, the "UCC Filings").

The Note, the Loan Agreement, the Security Agreement, the UCC Filings and all related documents are hereinafter referred to collectively as the "Prepetition Loan Documents."

C.      NFF Secured Claim. As of the Petition Date, the Debtor was indebted to NFF under the Prepetition Loan Documents, in the approximate aggregate principal amount of $4,350,000 (the "NFF Secured Claim").

D.      Prepetition Collateral. Pursuant to the terms of the Security Agreement, the Debtor purported to grant a prepetition security interest and lien (the "Prepetition Lien") in the following (collectively the "Prepetition Collateral"):

1.      all Inventory, wherever located, including all raw materials, work in progress, finished goods and materials to be used or consumed in Borrower's business;

2.      all furniture, Fixtures, Equipment, Goods, appliances, and furnishings, wherever located, including telecommunications, media and computer equipment;

3.      all Accounts, Instruments, Documents, Chattel Paper, Supporting Obligations, and Letter of Credit Rights;

4.      all Intellectual Property;

5.      all Cash, Deposit Accounts, General Intangibles, Investment Property, and Commercial Tort Claims in which Borrower is a plaintiff;

STIPULATION WITH
NONPROFIT FINANCE FUND

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

6.      any and all additions, accessions and upgrades to, and all renewals, substitutions and replacements of, each of the foregoing; and

7.      all Proceeds of each of the foregoing.[1]

E.      <u>NFF Notice of Non-Consent</u>.  On November 25, 2019, NFF filed *Nonprofit Finance Fund's Statement of Non-Consent to Use of Cash Collateral* [Docket No. 14] (the "NFF Notice of Non-Consent") in which NFF, among other things, expressed its non-consent to use of any of NFF's Prepetition Collateral and/or cash held by the Trustee.

F.      <u>Negotiations Between the Trustee and NFF</u>.  Since the Petition Date, the Trustee and NFF, through counsel, have engaged in extensive, good faith, negotiations relating to the NFF Secured Claim, Prepetition Lien, and Prepetition Collateral.  The Trustee has taken the position that, among other things, NFF failed to properly perfect its Prepetition Lien in certain of the Prepetition Collateral, and therefore the Bankruptcy Estate's rights in such Prepetition Collateral under section 544(a) of the Bankruptcy Code are superior to NFF's Prepetition Lien – a position which NFF denies and disputes (the "Dispute").

G.      The Parties have now reached an agreement which resolves the Dispute, authorizes use of any cash collateral and provides for certain carve outs from NFF's Prepetition Lien in favor of the Bankruptcy Estate and certain mutual releases on the terms, provisions, and conditions of this Stipulation.

NOW, THEREFORE, in consideration of the foregoing, the Trustee and NFF stipulate and agree as follows:

## STIPULATION:

1.      <u>Incorporation of Recitals</u>.  The Parties hereby represent that the Recitals in this Stipulation are incorporated herein by reference and shall be deemed to be true and correct representations of the Parties with respect to such statements as such statements apply to each Party.

2.      <u>Court Approval.</u> This Stipulation is subject to entry of an order of the Bankruptcy Court approving this Stipulation that is in form and substance reasonably acceptable to each of the

---

[1] Capitalized terms in the foregoing definition of Prepetition Collateral shall have the meanings ascribed to them in the Security Agreement.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

Parties (the "Approval Order").  Upon entry of the Approval Order, the terms of this Stipulation shall be, and the Approval Order shall provide that such terms are, valid and binding upon the Parties and their respective successors and assigns, including but not limited to, as applicable, any successor trustee appointed in the Bankruptcy Case.   In the event the Bankruptcy Court denies approval of this Stipulation, the Parties shall be returned, as of the date of entry of the order denying approval, to the *status quo* existing immediately prior to their entry into this Stipulation.

3.     Estate Carve Out.  As consideration for full resolution of the Dispute, NFF agrees, as of the Petition Date, to carve out from the amount which NFF would otherwise receive on account of the NFF Secured Claim and Prepetition Lien certain amounts in favor of the Bankruptcy Estate, as follows (collectively, the "Estate Carve Out"):

(a)     Grant Assets:  As to all proceeds collected by the Trustee from receivables relating to the various prepetition grants, program contracts and arrangements between the Debtor and government entities and/or nonprofit entities (collectively, the "Grant Assets"), NFF agrees to carve out from its Prepetition Lien in favor of the Bankruptcy Estate: (i) an amount equal to, and which shall be applied to, the Trustee's costs of collection , including all attorneys' fees, professional fees, and other administrative expenses incurred on account of collection of the Grant Assets, whether or not incurred prior to this Stipulation (collectively, the "Grant Collection Costs"); and (ii) 30% of the net proceeds (after deducting the Grant Collection Costs) (the "Estate Grant Assets Net Share"), with the other 70% of the net proceeds of the Grant Assets (after deducting the Grant Collection Costs) (the "NFF Grant Assets Net Share") payable in accordance with Paragraph 4 hereof to NFF on account of the NFF Secured Claim and the Prepetition Lien.

(b)     Commercial Tort Claims:  As to all proceeds collected by the Trustee on account of commercial tort claims and/or any insurance proceeds relating thereto (collectively, the "Commercial Tort Assets"), NFF agrees to carve out from its Prepetition Lien in favor of the Bankruptcy Estate: (i) an amount equal to, and which shall be applied to, the Trustee's costs of collection, including all attorneys' fees, professional fees, and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

1   other administrative expenses incurred on account of collection of the Commercial Tort

2   Assets, whether or not incurred prior to this Stipulation (collectively, the "Commercial Tort

3   Collection Costs"); and (ii) 90% of the net proceeds (after deducting the Commercial Tort

4   Collection Costs) (the "Estate Commercial Tort Assets Net Share"), with the other 10% of

5   the net proceeds of the Commercial Tort Assets (after deducting the Commercial Tort

6   Collection Costs) (the "NFF Commercial Tort Assets Net Share") payable in accordance

7   with Paragraph 4 hereof to NFF on account of the NFF Secured Claim and the Prepetition

8   Lien.

9          (c)     FUTA Tax Overpayment:   As to all proceeds collected by the Trustee

10  relating to the Debtor's prepetition overpayment of taxes under the Federal Unemployment

11  Tax Act (collectively, the "FUTA Assets"), NFF agrees to carve out from its Prepetition

12  Lien in favor of the Bankruptcy Estate: (i) an amount equal to, and which shall be applied

13  to, the Trustee's costs of collection, including all attorneys' fees, professional fees, and

14  other administrative expenses incurred on account of collection of the FUTA Assets,

15  whether or not incurred prior to this Stipulation (collectively, the "FUTA Collection Costs",

16  and together with the Grant Collection Costs and the Commercial Tort Collection Costs,

17  the "Collection Costs"); and (ii) 50% of the net proceeds (after deducting the FUTA

18  Collection Costs) (the "Estate FUTA Assets Net Share", and collectively with the Estate

19  Grant Assets Net Share and the Estate Commercial Tort Assets Net Share, the "Estate Net

20  Share"), with the other 50% of the net proceeds of the FUTA Assets (after deducting the

21  FUTA Collection Costs) (the "NFF FUTA Assets Net Share", and collectively with the NFF

22  Grant Assets Net Share and the NFF Commercial Tort Assets Net Share, the "NFF Net

23  Share") payable in accordance with Paragraph 4 hereof to NFF on account of the NFF

24  Secured Claim and the Prepetition Lien.

25         (d)     Cash On Hand.  As of the date of the Trustee's execution of this Stipulation,

26  the Bankruptcy Estate's cash on hand totals approximately $130,271.31 (the "Cash On

27

28

STIPULATION WITH
NONPROFIT FINANCE FUND

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

1  Hand").  As to the Cash On Hand, NFF agrees to a 100% carve out from its Prepetition Lien

2  in favor of the Bankruptcy Estate.

3  NFF agrees that the NFF Secured Claim shall in all respects be subject to the Estate Carve-

4  Out and any proceeds thereof shall be free and clear property of the Bankruptcy Estate.  NFF

5  acknowledges and agrees that any portion of the Estate Carve Out can be used by the Bankruptcy

6  Estate for any purpose permitted under the Bankruptcy Code and shall not be subject to any

7  encumbrance or claim by NFF, except as to any distribution permitted on account of the NFF

8  Unsecured Claim as defined in Paragraph 10 herein.  For the avoidance of doubt, NFF shall be

9  entitled to a *pro rata* distribution, if any, from the Estate Net Share on account of the NFF

10  Unsecured Claim to the same extent as other general unsecured creditors.

11  4.  Distributions on the NFF Net Share.  The Approval Order shall provide that the

12  Trustee is authorized in his discretion to make a distribution or distributions to NFF on account of

13  the NFF Net Share, or any portion thereof, at any time, without further notice or order of the

14  Bankruptcy Court.  Notwithstanding the foregoing, within a reasonable time following the

15  Bankruptcy Court's approval of applicable Collection Costs pursuant to sections 330 or 331 of the

16  Bankruptcy Code, the Trustee shall make a distribution, if any, to NFF on account of the NFF Net

17  Share applicable to the time period of the approved Collection Costs.

18  5.  Tangible Personal Property.  As to all the Debtor's prepetition tangible personal

19  property identified by the Trustee as of the date of his execution of this Stipulation, whether or not

20  previously abandoned by the Trustee, excluding all documents and records of the Debtor

21  (collectively, the "Tangible Personal Property"), the Trustee agrees, and the Approval Order shall

22  provide, that, upon entry of the Approval Order and without further notice or order of the

23  Bankruptcy Court, NFF will automatically be granted relief from the automatic stay pursuant to

24  section 362(d)(1) of the Bankruptcy Code to proceed under applicable nonbankruptcy law against

25  the Tangible Personal Property.  Nothing herein shall be construed as imposing an affirmative duty

26  on NFF to pursue, collect, administer, or dispose of any Tangible Personal Property.

6.      <u>Abandonment</u>.  Notwithstanding anything herein to the contrary, if the Trustee determines in his business judgment that the Grant Assets, the Commercial Tort Assets, the FUTA Assets, or any other Prepetition Collateral is burdensome to the Bankruptcy Estate or of inconsequential value (such Prepetition Collateral, the "Abandoned Collateral"), the Trustee may seek to abandon the Abandoned Collateral as provided in the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.  Notwithstanding anything herein to the contrary, upon abandonment of the Abandoned Collateral: (i) the Trustee, on behalf of the Bankruptcy Estate, waives all rights of the Bankruptcy Estate to proceeds of the Abandoned Collateral; and (ii) the Trustee agrees, and the Approval Order shall provide, that NFF will automatically, without further notice or order of the Bankruptcy Court, be granted relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to proceed under applicable nonbankruptcy law against the Abandoned Collateral upon the Trustee's abandonment of such Abandoned Collateral.  Nothing herein shall be construed as imposing an affirmative duty on NFF to pursue, collect, administer, or dispose of any Abandoned Collateral.

7.      <u>Prepetition Lien</u>.  As consideration for the Estate Carve Out and resolution of the Dispute, the Trustee acknowledges and stipulates on behalf of the Bankruptcy Estate that: (i) the Prepetition Lien is valid, binding, enforceable, and a perfected first-in-priority lien in the Prepetition Collateral; (ii) the NFF Secured Claim constitutes a legal, valid, and binding obligation of the Debtor, enforceable in accordance with the terms of the Prepetition Loan Documents (other than in respect of the stay of enforcement arising from section 362 of the Bankruptcy Code), (iii) no offsets, defenses, or counterclaims to any of the NFF Secured Claim exists, (iv) no portion of the NFF Secured Claim is subject to avoidance, recharacterization, or subordination (except to the extent set forth herein) pursuant to the Bankruptcy Code or applicable non-bankruptcy law, (v) the Bankruptcy Estate does not have any valid claims (as such term is defined in section 101(5) of the Bankruptcy Code) or causes of action against NFF with respect to the Prepetition Loan Documents or otherwise, whether arising at law or at equity, including, without limitation, any recharacterization, subordination, disallowance, avoidance or other claims arising under or

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

pursuant to sections 105, 510, 541, or 542 through 553, inclusive, of the Bankruptcy Code, and (vi) the NFF Secured Claim constitutes an allowed secured claim.

8.    <u>No Lien in Chapter 5 Claims</u>.  Notwithstanding anything herein to the contrary, NFF acknowledges and agrees that neither the Prepetition Lien, nor any other lien or claim asserted by NFF encumbers and/or attaches to any claims of the Bankruptcy Estate arising under chapter 5 of the Bankruptcy Code, including but not limited to any claims arising under sections 544, 545, 547, 548, 549, 550, and 551; provided, however, the foregoing shall not affect NFF's right to any distribution on account of the NFF Unsecured Claim, as defined in Paragraph 10 herein.

9.    <u>Undiscovered Estate Property</u>.  The Parties acknowledge and agree that the Trustee's investigations into the assets of the Bankruptcy Estate are ongoing and there may exist property of the Bankruptcy Estate with realizable value yet to be discovered that may constitute Prepetition Collateral (collectively, "Undiscovered Estate Property").  To the extent that any Undiscovered Estate Property is identified by the Trustee following the date of his execution of this Stipulation, the Parties will engage in separate discussions regarding the administration, disposition and extent of the Prepetition Lien regarding such Undiscovered Estate Property and any agreement relating thereto shall be memorialized in a side letter or other agreement to be effective upon filing of notice thereof with the Bankruptcy Court.  Nothing herein shall be construed as a waiver of the respective rights of the Parties regarding any Undiscovered Estate Property.

10.    <u>NFF Unsecured Claim</u>.  Prior to the bar date to file a proof of claim in this Bankruptcy Case, NFF shall file a proof of claim reflecting the NFF Secured Claim.  As further consideration for the Estate Carve Out, NFF shall be granted an allowed general unsecured claim against the Bankruptcy Estate for the amount of the difference between the NFF Secured Claim and the aggregate amount collected by NFF on account of the NFF Secured Claim prior to NFF's receipt of written confirmation from the Trustee that the Trustee has administered all assets of the Bankruptcy Estate, whether collected through the Bankruptcy Case, or otherwise (the "NFF Unsecured Claim").  Following written confirmation from the Trustee that the Trustee has administered all assets of the Bankruptcy Estate, and prior to the Trustee submitting his final report

in this Bankruptcy Case, NFF shall amend its filed proof of claim to reflect only the NFF Unsecured Claim. The NFF Unsecured Claim shall be entitled to share *pro rata* in any distributions to general unsecured creditors, and the Trustee shall not make any distributions to general unsecured creditors until the final amount of the NFF Unsecured Claim has been determined.

11. <u>Cash Collateral</u>. To the extent that any portion of the Estate Carve Out may constitute NFF's cash collateral under section 363(a) of the Bankruptcy Code: (i) NFF grants the Trustee permission to use its cash collateral to pay any expenditures necessary for the administration of the Bankruptcy Estate; (ii) the NFF Notice of Non-Consent is deemed not to apply to any portion of the Estate Carve Out; and (iii) NFF agrees that it is adequately protected for any cash collateral use granted hereunder through the consideration otherwise provided by the Bankruptcy Estate under this Stipulation.

12. <u>No Super-Priority Claim</u>. Except for the NFF Secured Claim and the NFF Unsecured Claim, NFF waives any and all claims against the Bankruptcy Estate with respect to the Grant Assets, the Commercial Tort Assets, the FUTA Assets and the Cash On Hand, including but not limited to any "super-priority" or "administrative claim," other than any administrative claim based on a breach of this Stipulation, as such may be determined by the Bankruptcy Court.

13. <u>Mutual Releases</u>.

(a) Release by Bankruptcy Estate. Upon the entry of the Approval Order and subject only to the provisions of this Stipulation, including the specific exceptions identified in Paragraph 13(d) below, the Trustee, on behalf of the Bankruptcy Estate, fully and irrevocably releases and forever discharges NFF and its past and representatives, agents, insurers, employees, attorneys, accountants, and each of them (collectively, the "NFF Released Parties"), from any and all manner of action or actions, claims or cause(s) of action, suits, debts, liabilities, obligations, costs, expenses, damages of any nature whatsoever, known or unknown, suspect or unsuspected, fixed or contingent, which the Trustee, on behalf of the Bankruptcy Estate, may now own or holds or has at any time heretofore owned or held against the NFF Released Parties in connection with, based upon,

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

by reason of, relating to or arising from the Prepetition Loan Documents, the Prepetition Lien, the Bankruptcy Case, the Dispute, or the Debtor.

(b)    Release by NFF.  Upon the entry of the Approval Order and subject only to the provisions of this Stipulation, including the specific exceptions identified in Paragraph 13(d) below, NFF fully and irrevocably releases and forever discharges the Trustee, the Bankruptcy Estate, and each and all of his and its respective past and present representatives, agents, insurers, employees, attorneys, accountants, and each of them (collectively, the "Estate Released Parties"), from any and all manner of action or actions, claims or cause(s) of action, suits, debts, liabilities, obligations, costs, expenses, damages of any nature whatsoever, known or unknown, suspect or unsuspected, fixed or contingent, which NFF may now own or hold or have at any time heretofore owned or held against any of the Estate Released Parties in connection with, based upon,  by reason of, relating to or arising from the Prepetition Loan Documents, the Prepetition Lien, the Bankruptcy Case, the Dispute, or the Debtor.

(c)    Waiver of California Civil Code § 1542.  With respect to all claims released under this Stipulation, the Parties agree that, notwithstanding section 1542 of the California Civil Code, which presently provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Parties, and each of them, knowingly, intelligently and voluntarily waive the provisions of section 1542, and any successor provision, and acknowledge and agree that this waiver is an essential and material term of this Stipulation, and that without such waiver the Stipulation would not have been entered into.  The Parties acknowledge the significance and consequences of the released granted hereunder and of the specific waiver of section 1542.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

(d)    Specific Exceptions to Mutual Releases.  Notwithstanding the above, except as set forth herein, nothing in this Stipulation shall be construed as a release or discharge of the respective rights and claims of Parties under this Stipulation, including but not limited to rights and claims relating to the NFF Secured Claim, the Estate Carve Out, the NFF Unsecured Claim and any Undiscovered Estate Property, and all rights and claims of the Parties with respect to enforcement of this Stipulation and/or damages by reason of any alleged breach of any provision of this Stipulation are expressly reserved.

14.    Modification and Amendment.  No waiver, modification, or amendment of any of the provisions in this Stipulation shall be effective unless it is set forth in writing, signed by the Parties, and, except with respect to any side letter regarding Undiscovered Estate Property entered into pursuant to Paragraph 9 hereof, approved by the Bankruptcy Court.

15.    Miscellaneous.

(a)    Captions and Headings.  The captions and headings in this Stipulation are for convenience of reference only and shall not limit or otherwise affect the meaning hereof.

(b)    Authority.  The undersigned represent and warrant that they have the requisite authority to enter into this Stipulation on behalf of the respective Parties.

(c)    Severability.  The Parties agree not to challenge this Stipulation, nor any provision hereof, as illegal, invalid, or unenforceable.  If any portion, provision or part of this Stipulation is held, determined, or adjudicated to be invalid, unenforceable, or void for any reason whatsoever, each such portion, provision or part shall be severed from the remaining portions, provisions, or parts of this Stipulation and shall not affect the validity or enforceability of such remaining portions, provisions, or parts of this Stipulation.  The Parties expressly agree that the terms of this Stipulation shall be construed in a manner designed to make it valid and enforceable to the fullest extent possible.

(d)    Entire Agreement.  This Stipulation contains the entire understanding of the Parties and supersedes any prior understandings or agreements concerning the subject matter of this Stipulation.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

(e)    Attorneys' Fees.  Except as otherwise expressly set forth herein, each of the Parties agree to bear its respective costs and attorney fees incurred in connection with this Stipulation.  Should any Party hereto institute any action or proceeding to enforce any provision hereof or for damages by reason of any alleged breach of any provision of this Stipulation, the prevailing party shall be entitled to receive such amount as the Bankruptcy Court may judge to be reasonable attorneys' fees and costs for the services rendered to the prevailing party in such action or proceeding.

(f)    Further Assurances. The Parties agree to execute all further documents and perform such further acts as may reasonably be required to effectuate the purpose and intent of this Stipulation, and to use reasonable efforts to obtain entry of the Approval Order.

(g)    Counterparts. This Stipulation may be executed in original, .pdf, or facsimile signature and in counterpart copies, and this Stipulation shall be deemed fully executed and effective when all Parties have executed and possess a counterpart, even if no single counterpart contains all signatures.

(h)    Jurisdiction.  Each Party agrees that this Stipulation shall be governed by and interpreted under the laws of the State of California and, to the extent applicable, the Bankruptcy Code.  Should any Party hereto institute any action or proceeding to enforce any provision hereof or for damages by reason of any alleged breach of any provision of this Stipulation, such action shall be brought in the Bankruptcy Court, and the Parties hereto expressly consent to the jurisdiction of the Bankruptcy Court and the Bankruptcy Court's authority to enter a final ruling with respect to any such action.

(i)    No Third-Party Beneficiary.  This Stipulation is for the benefit of the Parties and their respective successors and assigns, and no third person who is not one of the Parties or their respective successors and assigns shall be entitled to any of the benefits hereof.

/ / /

/ / /

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 CENTURY PARK EAST, STE. 2600
LOS ANGELES, CA 90067

1     IN WITNESS WHEREOF, the parties hereto execute this Stipulation as of the date set forth

2  opposite their respective signatures.

3

4     DATED March __20__, 2020

5  .

6                                         JASON M. RUND, Solely in his Capacity as

7                                         Chapter 7 Trustee of the Bankruptcy Estate of
                                          Youth Policy Institute, Inc.

8

9

10    DATED March 19, 2020               NONPROFIT FINANCE FUND

11

12

13                                        By: _____

14                                        Name:  Shawn Luther
                                          Its:   Vice President and Chief Credit Officer

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    14

76214-00002/3735542.8

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2049 Century Park East, Ste. 2600, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND SECURED CREDITOR NONPROFIT FINANCE FUND: (1) AUTHORIZING USE OF CASH COLLATERAL; (2) GRANTING CERTAIN CARVE OUTS FROM SENIOR LIEN IN FAVOR OF THE BANKRUPTCY ESTATE; AND (3) RESOLVING DISPUTES REGARDING SECURED CLAIM AND EXTENT OF LIEN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 1, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) April 1, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 1, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 1, 2020 | Julie King | /s/ Julie King |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 1
76214-00002/3758541.1

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Keith Patrick Banner    kbanner@greenbergglusker.com,
  sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass    bob.bass47@icloud.com
- Magdalena R Bordeaux    mbordeaux@publiccounsel.org
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Jeffrey A Krieger    jkrieger@ggfirm.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Matthew N Sirolly    msirolly@dir.ca.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Andy C Warshaw    awarshaw@bwlawcenter.com, ecf@bwlawcenter.com
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                          Page 2
76214-00002/3758541.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2049 Century Park East, Ste. 2600, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **CHAPTER 7 TRUSTEE'S MOTION UNDER FED. R. BANKR. P. 9019 FOR ORDER APPROVING STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND SECURED CREDITOR NONPROFIT FINANCE FUND: (1) AUTHORIZING USE OF CASH COLLATERAL; (2) GRANTING CERTAIN CARVE OUTS FROM SENIOR LIEN IN FAVOR OF THE BANKRUPTCY ESTATE; AND (3) RESOLVING DISPUTES REGARDING SECURED CLAIM AND EXTENT OF LIEN
DECLARATION OF JASON M. RUND IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 1, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) April 1, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Youth Policy Institute
6464 Sunset Blvd. Ste. 650
Los Angeles, CA 90028

⊠  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) April 1, 2020I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Overnight
The Honorable Sheri Bluebond
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and
Courthouse
255 E. Temple Street, Ste. 1534
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 1, 2020 | Julie King | /s/ Julie King |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                                    Page 1
76214-00002/3758539.1

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Keith Patrick Banner    kbanner@greenbergglusker.com,
  sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass    bob.bass47@icloud.com
- Magdalena R Bordeaux    mbordeaux@publiccounsel.org
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Jeffrey A Krieger    jkrieger@ggfirm.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Matthew N Sirolly    msirolly@dir.ca.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Andy C Warshaw    awarshaw@bwlawcenter.com, ecf@bwlawcenter.com
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com

2. **SERVED BY UNITED STATES MAIL**:

Secured Creditors

| | | |
|---|---|---|
| Ford Motor Credit<br>260 Interstate N PKWY NW<br>Atlanta, GA 30339 | Jules and<br>Associates<br>2 Great Valley<br>Parkway,<br>Suite 300<br>Malvern, PA 19355 | Non-Profit Finance Fund<br>5 Hanover Square,<br>9th Floor<br>New York, NY 10004 |
| Think Together<br>2101 E 4th St Ste. 200B<br>Santa Ana, CA 92705<br>Attn: Teresa A. McQueen,<br>General Counsel | | |

Unsecured Creditors

| | | |
|---|---|---|
| American Express<br>World Financial Center<br>New York, NY 10285 | Bright Star Schools<br>2636 South Mansfield Avenue<br>Los Angeles, CA 90016 | C3 Business Solutions<br>3130 S. Harbor Blvd.<br>Suite 500<br>Santa Ana, CA 92704 |
| California Department of<br>Education<br>21st 1430 N Street<br>Sacramento, CA 95814-5901 | Department of Education (Los<br>Angeles Prom)<br>400 Maryland Avenue, SW<br>Washington, DC 20202 | Employed Security Service Center<br>Inc.<br>959 E., Walnut Street<br>Suite 112<br>Pasadena, CA 91106 |
| Fresh Start Meals Inc<br>1530 1st Street<br>San Fernando, CA 91340 | Granada Hills Charter High School<br>10535 Zelzah Avenue<br>Granada Hills, CA 91344 | JFK Transportation Company Inc.<br>980 W. 17th Street<br>Suite B<br>Santa Ana, CA 92706 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                                 Page 2
76214-00002/3758539.1

Multicultural Learning Center
7510 Desoto Avenue
Canoga Park, CA 91303

NIU College
5959 Topanga Canyon Blvd.
Suite 110
Woodland Hills, CA 91367

Oracle America, Inc.
P.O. Box 44471
San Francisco, CA 94144

Orenda Education (Principal's
Exchange)
2101 E. Fourth Street
Suite 200B
Santa Ana, CA 92705

Roth Staffing Companies, L.P.
P.O. Box 60003
Anaheim, CA 92812

Sabio Enterprises, Inc.
400 Corporate Pointe, Suite 300
Culver City, CA 90230

Spectrum
9260 Topanga Canyon Blvd.
Chatsworth, CA 91311

Staples Contract & Commercial
Inc.
Dept. La
P.O. Box 83689
Chicago, IL 60696

Staples Technology
P.O. Box 95230
Chicago, IL 60694

Stem & More LLC
7618 Jellico Avenue
Northridge, CA 91325

Ultimate Software (Payroll
Services)
P.O. Box 930953
Atlanta, GA 91193

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                                 Page 3
76214-00002/3758539.1