1  JEFFREY A. KRIEGER (SBN 156535)
   JKrieger@GreenbergGlusker.com
2  KEITH PATRICK BANNER (SBN 259502)
   KBanner@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS CLAMAN
   & MACHTINGER LLP
4  2049 Century Park East, Ste. 2600
   Los Angeles, California 90067
5  Telephone: 310.553.3610
   Fax: 310.553.0687
6
7  Attorneys for Jason M. Rund,
   Chapter 7 Trustee

8
                UNITED STATES BANKRUPTCY COURT
9
                CENTRAL DISTRICT OF CALIFORNIA
10
                   LOS ANGELES DIVISION
11

12  In re:                              Case No. 2:19-bk-23085-BB
13  YOUTH POLICY INSTITUTE, INC.,       Chapter 7
14          Debtor.
                                        **ORDER GRANTING CHAPTER 7
15                                       TRUSTEE'S MOTION UNDER FED. R.
                                        BANKR. P. 9019 FOR ORDER APPROVING
16                                      STIPULATION BETWEEN CHAPTER 7
                                        TRUSTEE AND SECURED CREDITOR
17                                      NONPROFIT FINANCE FUND: (1)
                                        AUTHORIZING USE OF CASH
18                                      COLLATERAL; (2) GRANTING CERTAIN
                                        CARVE OUTS FROM SENIOR LIEN IN
19                                      FAVOR OF THE BANKRUPTCY ESTATE;
                                        AND (3) RESOLVING DISPUTES
20                                      REGARDING SECURED CLAIM AND
                                        EXTENT OF LIEN**
21

22                                      Hearing
23                                      Date:   April 29, 2020
                                        Time:   10:00 a.m.
24                                      Place:  Courtroom 1539
                                                United States Bankruptcy Court
25                                              255 E. Temple Street
                                                Los Angeles, CA 90012
26

27
28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

On the above captioned date at the time noted, the Bankruptcy Court considered the *Chapter 7 Trustee's Motion Under Fed. R. Bankr. P. 9019 for Order Approving Stipulation Between Chapter 7 Trustee and Secured Creditor Nonprofit Finance Fund: (1) Authorizing Use of Cash Collateral; (2) Granting Certain Carve Outs from Senior Lien in Favor of the Bankruptcy Estate; and (3) Resolving Disputes Regarding Secured Claim and Extent of Lien* [Docket No. 107] (the "Motion") filed by Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Bankruptcy Estate") of Debtor Youth Policy Institute, Inc. (the "Debtor") for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and each, a "Bankruptcy Rule") approving the *Stipulation Between Chapter 7 Trustee and Secured Creditor Nonprofit Finance Fund: (1) Authorizing Use of Cash Collateral; (2) Granting Certain Carve Outs from Senior Lien in Favor of the Bankruptcy Estate; and (3) Resolving Disputes Regarding Secured Claim and Extent of Lien* [Docket No. 106] (the "Stipulation") entered into between the Trustee, on behalf of the Bankruptcy Estate, on the one hand, and secured creditor Nonprofit Finance Fund, a New York not-for-profit corporation ("NFF", together with the Trustee, the "Parties"), on the other hand with respect to the secured claim and associated prepetition lien asserted by NFF in this chapter 7 bankruptcy case.

The Court having reviewed the Motion, the Stipulation, and the *Declaration of Jason M. Rund* accompanying the Motion, no opposition having been filed to the Motion,

**IT IS HEREBY ORDERED** that:

1.    The Motion is **GRANTED**.

2.    The Stipulation is **APPROVED** in its entirety.

**3.**    The Estate Carve Out[1] set forth in the Stipulation is **APPROVED.**

4.    The NFF Secured Claim shall in all respects be subject to the Estate Carve-Out and any proceeds thereof shall be free and clear property of the Bankruptcy Estate.  Any portion

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Stipulation.

ORDER GRANTING MOTION TO
APPROVE COMPROMISE

of the Estate Carve Out can be used by the Bankruptcy Estate for any purpose permitted under the Bankruptcy Code and shall not be subject to any encumbrance or claim by NFF, except as to any distribution permitted on account of the NFF Unsecured Claim as defined herein and in the Stipulation.

5.    The Trustee is authorized in his discretion to make a distribution or distributions to NFF on account of the NFF Net Share, or any portion thereof, at any time, without further notice or order of the Bankruptcy Court.  Notwithstanding the foregoing, within a reasonable time following the Bankruptcy Court's approval of applicable Collection Costs pursuant to sections 330 or 331 of the Bankruptcy Code, the Trustee shall make a distribution, if any, to NFF on account of the NFF Net Share applicable to the time period of the approved Collection Costs.

6.    The Tangible Personal Property is hereby abandoned pursuant to section 554(a) of the Bankruptcy Code and, without further notice or order of the Bankruptcy Court, NFF is automatically granted relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to proceed under applicable nonbankruptcy law against the Tangible Personal Property.

7.    Nothing herein or in the Stipulation shall be construed as a waiver of the respective rights of the Parties regarding any Undiscovered Estate Property.  The Parties are authorized to address the extent of the Prepetition Lien regarding Undiscovered Estate Property in a side letter or other agreement, which shall become effective upon the filing of a notice thereof with the Bankruptcy Court.

8.    The Trustee may, in his business judgment, seek to abandon the Grant Assets, the Commercial Tort Assets, the FUTA Assets, or any other Prepetition Collateral that he determines is burdensome to the Bankruptcy Estate or of inconsequential value (such Prepetition Collateral, the "Abandoned Collateral").  Notwithstanding anything herein or in the Stipulation to the contrary, upon abandonment of the Abandoned Collateral: (i) the Trustee, on behalf of the Bankruptcy Estate, is deemed to have waived all rights of the Bankruptcy Estate to proceeds of the Abandoned Collateral; and (ii) NFF will automatically, without further notice or order of the Bankruptcy Court, be granted relief from the automatic stay pursuant to section 362(d)(1) of the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

ORDER GRANTING MOTION TO
APPROVE COMPROMISE

1    Bankruptcy Code to proceed under applicable nonbankruptcy law against the Abandoned

2    Collateral upon the Trustee's abandonment of such Abandoned Collateral.

3        9.    As set forth in the Stipulation and agreed between the Parties: (i) the Prepetition

4    Lien is valid, binding, enforceable, and a perfected first-in-priority lien in the Prepetition

5    Collateral; (ii) the NFF Secured Claim constitutes a legal, valid, and binding obligation of the

6    Debtor, enforceable in accordance with the terms of the Prepetition Loan Documents (other than

7    in respect of the stay of enforcement arising from section 362 of the Bankruptcy Code), (iii) no

8    offsets, defenses, or counterclaims to any of the NFF Secured Claim exists, (iv) no portion of the

9    NFF Secured Claim is subject to avoidance, recharacterization, or subordination (except to the

10    extent set forth herein) pursuant to the Bankruptcy Code or applicable non-bankruptcy law, (v)

11    the Bankruptcy Estate does not have any valid claims (as such term is defined in section 101(5) of

12    the Bankruptcy Code) or causes of action against NFF with respect to the Prepetition Loan

13    Documents or otherwise, whether arising at law or at equity, including, without limitation, any

14    recharacterization, subordination, disallowance, avoidance or other claims arising under or

15    pursuant to sections 105, 510, 541, or 542 through 553, inclusive, of the Bankruptcy Code, and

16    (vi) the NFF Secured Claim constitutes an allowed secured claim.

17        10.    Notwithstanding anything herein or in the Stipulation to the contrary, neither the

18    Prepetition Lien, nor any other lien or claim asserted by NFF encumbers and/or attaches to any

19    claims of the Bankruptcy Estate arising under chapter 5 of the Bankruptcy Code, including but

20    not limited to any claims arising under sections 544, 545, 547, 548, 549, 550, and 551; provided,

21    however, the foregoing shall not affect NFF's right to any distribution on account of the NFF

22    Unsecured Claim.

23        11.    NFF has timely filed a proof of claim reflecting the NFF Secured Claim.

24        12.    NFF shall be granted an allowed general unsecured claim against the Bankruptcy

25    Estate for the amount of the difference between the NFF Secured Claim and the aggregate amount

26    collected by NFF on account of the NFF Secured Claim prior to NFF's receipt of written

27    confirmation from the Trustee that the Trustee has administered all assets of the Bankruptcy

28    Estate, whether collected through the Bankruptcy Case, or otherwise (the "NFF Unsecured

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    Claim").  Following written confirmation from the Trustee that the Trustee has administered all

2    assets of the Bankruptcy Estate, and prior to the Trustee submitting his final report in this

3    Bankruptcy Case, NFF shall amend its filed proof of claim to reflect only the NFF Unsecured

4    Claim.  The NFF Unsecured Claim shall be entitled to share *pro rata* in any distributions to

5    general unsecured creditors, and the Trustee shall not make any distributions to general unsecured

6    creditors until the final amount of the NFF Unsecured Claim has been determined.

7         13.     Except for the NFF Secured Claim and the NFF Unsecured Claim, NFF is deemed

8    to have waived any and all claims against the Bankruptcy Estate with respect to the Grant Assets,

9    the Commercial Tort Assets, the FUTA Assets and the Cash On Hand, including but not limited

10    to any "super-priority" or "administrative claim," other than any administrative claim based on a

11    breach of the Stipulation, as such may be determined by the Bankruptcy Court.

12         14.     The Trustee is authorized to use cash collateral of NFF on the terms set forth in the

13    Stipulation.

14         15.     The mutual releases agreed to between the Parties in the Stipulation are

15    **APPROVED.**

16         16.     The Court retains jurisdiction to enforce and/or interpret the Stipulation.

17

18                              ####

19

20

21

22

23

24    Date: May 4, 2020

25                            Sheri Bluebond
                        United States Bankruptcy Judge

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

ORDER GRANTING MOTION TO
APPROVE COMPROMISE