United States Bankruptcy Court
Central District of California

In re:                                                                          Case No. 19-23085-BB
Youth Policy Institute, Inc.                                                    Chapter 7
          Debtor

# CERTIFICATE OF NOTICE

District/off: 0973-2        User: wjacksonC           Page 1 of 1              Date Rcvd: May 04, 2020
                            Form ID: pdf042           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 06, 2020.
db               #+Youth Policy Institute, Inc.,    6464 Sunset Blvd., Suite 650,    Los Angeles, CA 90028-8008

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                  TOTAL: 0

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 06, 2020                                  Signature:  /s/Joseph Speetjens

___

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 4, 2020 at the address(es) listed below:
              Andy C Warshaw    on behalf of Creditor    Evaluation Specialists awarshaw@bwlawcenter.com,
               ecf@bwlawcenter.com
              Christopher E Prince    on behalf of Interested Party    Courtesy NEF cprince@lesnickprince.com,
               jmack@lesnickprince.com;cprince@ecf.courtdrive.com
              David W. Meadows    on behalf of Interested Party    Courtesy NEF david@davidwmeadowslaw.com
              Genevieve G Weiner    on behalf of Creditor    Nonprofit Finance Fund gweiner@sidley.com,
               laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com
              Jason M Rund (TR)    trustee@srlawyers.com,    jrund@ecf.axosfs.com
              Jeffrey A Krieger    on behalf of Trustee Jason M Rund (TR) jkrieger@ggfirm.com,
               kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
              Keith Patrick Banner    on behalf of Trustee Jason M Rund (TR) kbanner@greenbergglusker.com,
               sharper@greenbergglusker.com;calendar@greenbergglusker.com
              Kevin Meek    on behalf of Debtor    Youth Policy Institute, Inc. kmeek@robinskaplan.com,
               kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
              Magdalena R Bordeaux    on behalf of Interested Party    Courtesy NEF mbordeaux@publiccounsel.org
              Matthew N Sirolly    on behalf of Creditor    Labor Commissioner, California, Division of Labor
               Standards Enforcement msirolly@dir.ca.gov
              Robert D Bass    on behalf of Attorney Robert D. Bass bob.bass47@icloud.com
              Shawn M Christianson    on behalf of Interested Party    Courtesy NEF cmcintire@buchalter.com,
               schristianson@buchalter.com
              United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
                                                                                              TOTAL: 13

<div style="font-family: monospace;">

JEFFREY A. KRIEGER (SBN 156535)
JKrieger@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Jason M. Rund,
Chapter 7 Trustee

</div>

**FILED & ENTERED**

MAY 04 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY wesley    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YOUTH POLICY INSTITUTE, INC.,<br><br>Debtor. | Case No. 2:19-bk-23085-BB<br><br>Chapter 7<br><br>**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION UNDER FED. R. BANKR. P. 9019 FOR ORDER APPROVING STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND SECURED CREDITOR NONPROFIT FINANCE FUND: (1) AUTHORIZING USE OF CASH COLLATERAL; (2) GRANTING CERTAIN CARVE OUTS FROM SENIOR LIEN IN FAVOR OF THE BANKRUPTCY ESTATE; AND (3) RESOLVING DISPUTES REGARDING SECURED CLAIM AND EXTENT OF LIEN**<br><br>Hearing<br>Date:  April 29, 2020<br>Time:  10:00 a.m.<br>Place: Courtroom 1539<br>         United States Bankruptcy Court<br>         255 E. Temple Street<br>         Los Angeles, CA 90012 |

76214-00002/3775542.1

ORDER GRANTING MOTION TO
APPROVE COMPROMISE

On the above captioned date at the time noted, the Bankruptcy Court considered the *Chapter 7 Trustee's Motion Under Fed. R. Bankr. P. 9019 for Order Approving Stipulation Between Chapter 7 Trustee and Secured Creditor Nonprofit Finance Fund: (1) Authorizing Use of Cash Collateral; (2) Granting Certain Carve Outs from Senior Lien in Favor of the Bankruptcy Estate; and (3) Resolving Disputes Regarding Secured Claim and Extent of Lien* [Docket No. 107] (the "Motion") filed by Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Bankruptcy Estate") of Debtor Youth Policy Institute, Inc. (the "Debtor") for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and each, a "Bankruptcy Rule") approving the *Stipulation Between Chapter 7 Trustee and Secured Creditor Nonprofit Finance Fund: (1) Authorizing Use of Cash Collateral; (2) Granting Certain Carve Outs from Senior Lien in Favor of the Bankruptcy Estate; and (3) Resolving Disputes Regarding Secured Claim and Extent of Lien* [Docket No. 106] (the "Stipulation") entered into between the Trustee, on behalf of the Bankruptcy Estate, on the one hand, and secured creditor Nonprofit Finance Fund, a New York not-for-profit corporation ("NFF", together with the Trustee, the "Parties"), on the other hand with respect to the secured claim and associated prepetition lien asserted by NFF in this chapter 7 bankruptcy case.

The Court having reviewed the Motion, the Stipulation, and the *Declaration of Jason M. Rund* accompanying the Motion, no opposition having been filed to the Motion,

**IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED**.

2. The Stipulation is **APPROVED** in its entirety.

**3.** The Estate Carve Out[1] set forth in the Stipulation is **APPROVED.**

4. The NFF Secured Claim shall in all respects be subject to the Estate Carve-Out and any proceeds thereof shall be free and clear property of the Bankruptcy Estate. Any portion

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Stipulation.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

of the Estate Carve Out can be used by the Bankruptcy Estate for any purpose permitted under the Bankruptcy Code and shall not be subject to any encumbrance or claim by NFF, except as to any distribution permitted on account of the NFF Unsecured Claim as defined herein and in the Stipulation.

5. The Trustee is authorized in his discretion to make a distribution or distributions to NFF on account of the NFF Net Share, or any portion thereof, at any time, without further notice or order of the Bankruptcy Court. Notwithstanding the foregoing, within a reasonable time following the Bankruptcy Court's approval of applicable Collection Costs pursuant to sections 330 or 331 of the Bankruptcy Code, the Trustee shall make a distribution, if any, to NFF on account of the NFF Net Share applicable to the time period of the approved Collection Costs.

6. The Tangible Personal Property is hereby abandoned pursuant to section 554(a) of the Bankruptcy Code and, without further notice or order of the Bankruptcy Court, NFF is automatically granted relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to proceed under applicable nonbankruptcy law against the Tangible Personal Property.

7. Nothing herein or in the Stipulation shall be construed as a waiver of the respective rights of the Parties regarding any Undiscovered Estate Property. The Parties are authorized to address the extent of the Prepetition Lien regarding Undiscovered Estate Property in a side letter or other agreement, which shall become effective upon the filing of a notice thereof with the Bankruptcy Court.

8. The Trustee may, in his business judgment, seek to abandon the Grant Assets, the Commercial Tort Assets, the FUTA Assets, or any other Prepetition Collateral that he determines is burdensome to the Bankruptcy Estate or of inconsequential value (such Prepetition Collateral, the "Abandoned Collateral"). Notwithstanding anything herein or in the Stipulation to the contrary, upon abandonment of the Abandoned Collateral: (i) the Trustee, on behalf of the Bankruptcy Estate, is deemed to have waived all rights of the Bankruptcy Estate to proceeds of the Abandoned Collateral; and (ii) NFF will automatically, without further notice or order of the Bankruptcy Court, be granted relief from the automatic stay pursuant to section 362(d)(1) of the

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California  90067

Bankruptcy Code to proceed under applicable nonbankruptcy law against the Abandoned Collateral upon the Trustee's abandonment of such Abandoned Collateral.

9. As set forth in the Stipulation and agreed between the Parties: (i) the Prepetition Lien is valid, binding, enforceable, and a perfected first-in-priority lien in the Prepetition Collateral; (ii) the NFF Secured Claim constitutes a legal, valid, and binding obligation of the Debtor, enforceable in accordance with the terms of the Prepetition Loan Documents (other than in respect of the stay of enforcement arising from section 362 of the Bankruptcy Code), (iii) no offsets, defenses, or counterclaims to any of the NFF Secured Claim exists, (iv) no portion of the NFF Secured Claim is subject to avoidance, recharacterization, or subordination (except to the extent set forth herein) pursuant to the Bankruptcy Code or applicable non-bankruptcy law, (v) the Bankruptcy Estate does not have any valid claims (as such term is defined in section 101(5) of the Bankruptcy Code) or causes of action against NFF with respect to the Prepetition Loan Documents or otherwise, whether arising at law or at equity, including, without limitation, any recharacterization, subordination, disallowance, avoidance or other claims arising under or pursuant to sections 105, 510, 541, or 542 through 553, inclusive, of the Bankruptcy Code, and (vi) the NFF Secured Claim constitutes an allowed secured claim.

10. Notwithstanding anything herein or in the Stipulation to the contrary, neither the Prepetition Lien, nor any other lien or claim asserted by NFF encumbers and/or attaches to any claims of the Bankruptcy Estate arising under chapter 5 of the Bankruptcy Code, including but not limited to any claims arising under sections 544, 545, 547, 548, 549, 550, and 551; provided, however, the foregoing shall not affect NFF's right to any distribution on account of the NFF Unsecured Claim.

11. NFF has timely filed a proof of claim reflecting the NFF Secured Claim.

12. NFF shall be granted an allowed general unsecured claim against the Bankruptcy Estate for the amount of the difference between the NFF Secured Claim and the aggregate amount collected by NFF on account of the NFF Secured Claim prior to NFF's receipt of written confirmation from the Trustee that the Trustee has administered all assets of the Bankruptcy Estate, whether collected through the Bankruptcy Case, or otherwise (the "NFF Unsecured

1 Claim"). Following written confirmation from the Trustee that the Trustee has administered all
2 assets of the Bankruptcy Estate, and prior to the Trustee submitting his final report in this
3 Bankruptcy Case, NFF shall amend its filed proof of claim to reflect only the NFF Unsecured
4 Claim. The NFF Unsecured Claim shall be entitled to share *pro rata* in any distributions to
5 general unsecured creditors, and the Trustee shall not make any distributions to general unsecured
6 creditors until the final amount of the NFF Unsecured Claim has been determined.

13. Except for the NFF Secured Claim and the NFF Unsecured Claim, NFF is deemed to have waived any and all claims against the Bankruptcy Estate with respect to the Grant Assets, the Commercial Tort Assets, the FUTA Assets and the Cash On Hand, including but not limited to any "super-priority" or "administrative claim," other than any administrative claim based on a breach of the Stipulation, as such may be determined by the Bankruptcy Court.

14. The Trustee is authorized to use cash collateral of NFF on the terms set forth in the Stipulation.

15. The mutual releases agreed to between the Parties in the Stipulation are **APPROVED.**

16. The Court retains jurisdiction to enforce and/or interpret the Stipulation.

####

Date: May 4, 2020

Sheri Bluebond
United States Bankruptcy Judge