JEFFREY A. KRIEGER (SBN 156535)
JKrieger@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax:  310.553.0687

Attorneys for Jason M. Rund,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YOUTH POLICY INSTITUTE, INC.,<br><br>Debtor. | Case No. 2:19-bk-23085-BB<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION UNDER FED. R. BANKR. P. 9019 FOR ORDER APPROVING ACCORD AND SATISFACTION AGREEMENT BETWEEN CHAPTER 7 TRUSTEE AND HOUSING + COMMUNITY INVESTMENT DEPARTMENT, CITY OF LOS ANGELES REGARDING OUTSTANDING GRANT RECEIVABLE**<br><br>**DECLARATION OF JASON M. RUND IN SUPPORT THEREOF**<br><br>Hearing<br>Date:    February 10, 2021<br>Time:    11:00 a.m.<br>Place:    Courtroom 1539<br>            United States Bankruptcy Court<br>            255 E. Temple Street<br>            Los Angeles, CA 90012 |

76214-00002/3943290.1

MOTION TO APPROVE ACCORD
AND SATISFACTION AGREEMENT

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-INTEREST HEREIN:**

Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Bankruptcy Estate") of Debtor Youth Policy Institute, Inc. (the "Debtor" or "YPI"), hereby submits his motion (the "Motion") for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and each, a "Bankruptcy Rule") approving the *Accord and Satisfaction Agreement* (the "Agreement") entered into between the Trustee, on behalf of the Bankruptcy Estate, on the one hand, and the Housing + Community Investment Department, City of Los Angeles ("HCID"), on the other, a copy which is attached as Exhibit 1 to the accompanying *Declaration of Jason M. Rund* (the "Rund Declaration"). In support of his Motion, the Trustee represents as follows:

**I.    JURISDICTION AND VENUE**

The Bankruptcy Court has jurisdiction over this bankruptcy case, the Bankruptcy Estate, and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee consents to the entry of a final judgment or order with respect to the Motion, if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code") and Bankruptcy Rule 9019.

**A.    Commencement of the Bankruptcy Case**

On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7 bankruptcy case. The Debtor filed the Petition on an emergency basis without the required schedules, statements and other case commencement documents listed in section 2.1(b) of the Court Manual. On the Petition Date, the Trustee was duly appointed the chapter 7 trustee pursuant to section 701

of the Bankruptcy Code. The first chapter 7 meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") was held on December 11, 2019 at 9:00 a.m., at which the Debtor's representatives appeared. The 341(a) Meeting was thereafter continued from time to time until concluded on July 9, 2020 (*See* Docket No. 146).

### B.   The NFF Agreement

On April 1, 2020, the Trustee filed his *Chapter 7 Trustee's Motion Under Fed. R. Bankr. P. 9019 for Order Approving Stipulation Between Chapter 7 Trustee and Secured Creditor Nonprofit Finance Fund: (1) Authorizing Use of Cash Collateral; (2) Granting Certain Carve Outs from Senior Lien in Favor of the Bankruptcy Estate; and (3) Resolving Disputes Regarding Secured Claim and Extent of Lien* [Docket No. 107] (the "NFF Motion") pursuant to which the Trustee sought approval of the *Stipulation Between Chapter 7 Trustee and Secured Creditor Nonprofit Finance Fund: (1) Authorizing Use of Cash Collateral; (2) Granting Certain Carve Outs from Senior Lien in Favor of the Bankruptcy Estate; and (3) Resolving Disputes Regarding Secured Claim and Extent of Lien* [Docket No. 106] (the "NFF Stipulation") entered into between the Trustee, on behalf of the Bankruptcy Estate, on the one hand, and secured creditor Nonprofit Finance Fund, a New York not-for-profit corporation ("NFF"), on the other hand. The NFF Motion and NFF Stipulation were approved by order of the Court entered on May 4, 2020 [Docket No. 119].

Pursuant to the NFF Stipulation, NFF agreed, among other things, to certain carve outs in favor of the Bankruptcy Estate from amounts which NFF would otherwise receive on account of its secured claim and prepetition liens (collectively, the "NFF Carve Out"). As part of the NFF Carve Out, NFF agreed that proceeds collected by the Trustee from receivables relating to the various prepetition grants, program contracts and arrangements between the Debtor and government entities and/or nonprofit entities (collectively, the "Grant Assets"), after deducting the Bankruptcy Estate's collection costs, would be split 30/70 respectively between the Bankruptcy Estate and NFF. In light of this portion of the NFF Carve Out, the Trustee has diligently pursued the collection of Grant Assets, which has proven to be a difficult task in this bankruptcy case.

### C. The Agreement with HCID

Among the Grant Assets is a pre-petition receivable from HCID. The Trustee understands that prior to the Petition Date, YPI and HCID entered into the following agreements relating to the "FamilySource Centers" program established by the City of Los Angeles, acting by and through HCID: Agreement No. C-131658 and Agreement No. 133744 (collectively, the "HCID Prepetition Agreements"). Pursuant to the HCID Prepetition Agreements, YPI performed certain pre-petition services for HCID (collectively, the "Prepetition Services"). Based on the information provided to the Trustee by YPI on or around the Petition Date, the Trustee initially understood the amount owed from HCID to YPI for the Prepetition Services totaled $695,516.14. Therefore, in June of 2020, the Trustee, through counsel, demanded payment of this amount from HCID.

After further investigation and through the exchange of information between the Trustee and HCID, the Trustee understands that the total amount owed to YPI for the Prepetition Services is $471,825.58, after taking into account pre-petition payments made to YPI. During the course of good faith negotiations with HCID, HCID asserted that an aggregate $11,746.98 constitute disallowed costs pursuant to the terms of the HCID Prepetition Agreements. The Trustee and HCID have now reached an agreement memorialized in the Agreement which resolves the pre-petition grant receivable due from HCID, which results in: (1) payment in the aggregate amount of $460,078.60; (2) full satisfaction of all obligations of YPI or the Trustee under the HCID Prepetition Agreements; (3) termination of the HCID Prepetition Agreements; and (4) mutual releases of claims between the parties relating to the HCID Prepetition Agreements.

## II. DISCUSSION

### A. The Legal Standard

Bankruptcy Code section 105(a) provides in relevant part that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) in turn states:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture

trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

"The bankruptcy court has great latitude in approving compromise agreements." *Woodson v. Fireman's Fund Ins. Co.* (*In re Woodson*), 839 F.2d 610, 620 (9th Cir. 1988). "The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating contested and dubious claims." *Martin v. Kane* (*In re A & C Properties*), 784 F.2d 1377, 1380-81 (9th Cir. 1986) [hereinafter "*A & C Properties*"]. Accordingly, in approving such an agreement, the Bankruptcy Court need not conduct an exhaustive investigation into the validity, or a mini-trial on the merits, of the claims sought to be compromised. *United States v. Alaska Nat'l Bank* (*In re Walsh Constr., Inc.*), 669 F.2d 1325, 1328 (9th Cir. 1982).

Rather, it is sufficient that the Bankruptcy Court find that the settlement was negotiated in good faith and is reasonable, fair, and equitable. *A & C Properties*, 784 F.2d at 1381. The Court need only canvass the issues to determine whether the compromise falls "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972); *see also Anaconda-Ericsson Inc. v. Hessen* (*In re Teltronics Servs., Inc.*), 762 F.2d 185, 189 (2d Cir. 1985). Finally, although the Bankruptcy Court should consider the reasonable views of creditors, ". . . [O]bjections do not rule. It is well established that compromises are favored in bankruptcy." *In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

In the Ninth Circuit, courts generally look to the following considerations in determining whether a proposed compromise is reasonable, fair, and equitable:

    (a)    the probability of success in the litigation;

    (b)    the difficulties, if any, to be encountered in the matter of collection;

    (c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it;

(d)  the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*A & C Properties*, 784 F.2d at 1381 (citation omitted).

### B. The Compromise Memorialized in the Agreement Should Be Approved

Consideration of the *A&C Properties* factors leads to the conclusion that the proposed compromise and the terms of the Agreement should be approved. With regard to the first and third factors,[1] although the Trustee could have taken the position that the Bankruptcy Estate is entitled to the $11,746.98 challenged by HCID as disallowed costs, the Trustee understands that HCID would likely vigorously oppose any such position and assert a colorable argument that the disputed costs are not allowed under the HCID Prepetition Agreements. Such a dispute would likely cost the Bankruptcy Estate more than the $11,746.98 at issue and could result in a ruling in favor of HCID. The compromise memorialized in the Agreement reflects a reasonable "middle ground" between the parties without the need for costly litigation.

With regard to the fourth factor, the Trustee believes that the paramount interest of the creditors is served by the terms of the Agreement. The Agreement will result in a payment of $471,825.58, which will subject to the NFF Carve Out relating to Grant Assets and therefore result in compensation to the Bankruptcy Estate for the administrative costs relating to the difficult collection of Grant Assets, and 30% of net proceeds to the Bankruptcy Estate. As such, the Agreement serves the interest of other creditors on account of the agreed-upon compromise with HCID.

Based on these factors, the Trustee believes that the Agreement is in the best interests of the Bankruptcy Estate under the circumstances, is well within the Trustee's business judgment, and should be approved. Rund Decl., ¶¶ 9-11.

### III. CONCLUSION

Based on the foregoing, the Trustee requests that the Bankruptcy Court enter an order approving the proposed compromise with HCID and the terms of the Agreement; and granting

---

[1] The Trustee submits that the second factor is not applicable to the compromise reflected in the Agreement.

such other and further relief as is just and appropriate under the circumstances.

DATED: January 13, 2021

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP

By: */s/ Jeffrey A. Krieger*
    JEFFREY A. KRIEGER
    KEITH PATRICK BANNER
    Attorneys for Jason M. Rund,
    Chapter 7 Trustee

## DECLARATION OF JASON M. RUND

I, Jason M. Rund, declare:

1.  I am the duly appointed and acting chapter 7 Trustee of the bankruptcy estate (the "Bankruptcy Estate") of Youth Policy Institute, Inc. (the "Debtor"). I have personal knowledge of the facts stated below, or have gained knowledge of them from pleadings and other documents typically obtained and reviewed by trustees administering estates or from the professionals employed to assist me herein, and, if called as a witness, I could and would testify competently thereto.

2.  I submit this Declaration in support of the accompanying *Chapter 7 Trustee's Motion Under Fed. R. Bankr. P. 9019 for Order Approving Accord and Satisfaction Agreement Between Chapter 7 Trustee and Housing + Community Investment Department, City of Los Angeles Regarding Outstanding Grant Receivable* (the "Motion") with respect to my request for the Bankruptcy Court's approval of the *Accord and Satisfaction Agreement* (the "Agreement") I entered into on behalf of the Bankruptcy Estate with the Housing + Community Investment Department, City of Los Angeles ("HCID"), a true and correct copy of which is attached hereto as Exhibit 1 and is incorporated herein by this reference. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.  On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7 bankruptcy case. The Debtor filed the Petition on an emergency basis without the required schedules, statements and other case commencement documents listed in section 2.1(b) of the Court Manual.

4.  On the Petition Date, I was duly appointed the chapter 7 trustee pursuant to section 701 of the Bankruptcy Code. The first chapter 7 meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") was held on December 11, 2019 at 9:00 a.m., at which the Debtor's representatives appeared. The 341(a) Meeting was thereafter continued from time to time until concluded on July 9, 2020 (See Docket No. 146).

5.  I understand through my investigations that, prior to the Petition Date, YPI and

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

HCID entered into the following agreements relating to the "FamilySource Centers" program established by the City of Los Angeles, acting by and through HCID: Agreement No. C-131658 and Agreement No. 133744 (collectively, the "HCID Prepetition Agreements"). I further understand that pursuant to the HCID Prepetition Agreements, YPI performed certain pre-petition services for HCID (collectively, the "Prepetition Services").

6. Based on the information provided to the me and my professionals on or around the Petition Date, I initially understood the amount owed from HCID to YPI for the Prepetition Services totaled $695,516.14. Therefore, in June of 2020, I, through counsel, demanded payment of this amount from HCID.

7. After further investigation and through the exchange of information with HCID, I now understand that the total amount owed to YPI for the Prepetition Services is $471,825.58, after taking into account pre-petition payments made to YPI.

8. During the course of good faith negotiations with HCID, HCID asserted that an aggregate $11,746.98 constitute disallowed costs pursuant to the terms of the HCID Prepetition Agreements.

9. Consideration of the factors set forth in *A&C Properties*[2] factors leads me to the conclusion that the proposed compromise and the terms of the Agreement should be approved. With regard to the first and third factors,[3] although I could have taken the position that the Bankruptcy Estate is entitled to the $11,746.98 challenged by HCID as disallowed costs, I understand that HCID would likely vigorously oppose any such position and they may further assert a colorable argument that the disputed costs are not allowed under the HCID Prepetition Agreements. Such a dispute would likely cost the Bankruptcy Estate more than the $11,746.98 at issue and could result in a ruling in favor of HCID. The compromise memorialized in the Agreement reflects a reasonable "middle ground" between the parties without the need for costly litigation.

10. I further believe that the paramount interest of the creditors is served by the terms

---

[2] *Martin v. Kane* (*In re A & C Properties*), 784 F.2d 1377, 1380-81 (9th Cir. 1986) ("*A&C Properties*")
[3] The Trustee submits that the second factor is not applicable to the compromise reflected in the Agreement.

76214-00002/3943290.1    2    DECLARATION OF JASON M. RUND

of the Agreement. The Agreement will result in a payment of $471,825.58, which will subject to the NFF Carve Out relating to Grant Assets and therefore result in both compensation to the estate for administrative costs relating to the difficult collection of Grant Assets and 30% of the net proceeds will go to the Bankruptcy Estate. As such, the Agreement serves the interest of other creditors on account of the agreed-upon compromise with HCID.

11. Based on these factors, the I believe that the Agreement is in the best interests of the Bankruptcy Estate under the circumstances, is well within my business judgment, and should be approved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of January 2021, at El Segundo, California.

*/s/ Jason M. Rund*
JASON M. RUND

# EXHIBIT "1"

## ACCORD AND SATISFACTION AGREEMENT

This Accord and Satisfaction Agreement (this "Agreement") is made and entered into by and between Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Youth Policy Institute, Inc. ("YPI"), on the one hand, and Housing + Community Investment Department, City of Los Angeles ("HCID") on the other (collectively, the "Parties"), and is made with reference to the following facts:

## RECITALS

A.    On November 5, 2019 (the "Petition Date"), YPI filed a voluntary petition under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code"), commencing the within chapter 7 bankruptcy case. On the Petition Date, the Trustee was duly appointed the chapter 7 trustee pursuant to section 701 of the Bankruptcy Code.

B.    Prior to the Petition Date, YPI and HCID entered into the following agreements relating to the "FamilySource Centers" program established by the City of Los Angeles, acting by and through HCID: Agreement No. C-131658 and Agreement No. 133744 (collectively, the "Agreements").

C.    Prior to the Petition Date, YPI performed certain services pursuant to the Agreements (collectively, the "Prepetition Services")

D.    Based on the information provided to the Trustee by YPI at or around the Petition Date, the Trustee initially understood the amount owed from HCID to YPI for the Prepetition Services totaled $695,516.14. After further investigation and through the exchange of information between the Trustee and HCID, the Trustee understands the total amount owed to YPI for the Prepetition Services is $471,825.58, after taking into account pre-petition payments made to YPI. Of this amount, HCID asserts that an aggregate $11,746.98 constitute disallowed costs pursuant to the terms of the Agreements.

E.    The Parties have agreed to an accord and satisfaction of any and all of the respective obligations of HCID and YPI under the Agreements, on the terms set forth herein.

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

## AGREEMENT

1.    **Incorporation of Recitals**. The above recitals are incorporated into this Agreement.

2.    **Payment.** As full and final satisfaction of HCID's payment obligations under the Agreements, HCID shall pay to the Trustee the aggregate amount of $460,078.60 (the "Payment") no later than 30 days following the Bankruptcy Court's approval of this Agreement.

3.    **Full Satisfaction of Obligations**. The Parties acknowledge and agree that, upon the Trustee's timely receipt of the Payment, the Parties have fully satisfied and discharged each of their respective obligations under the Agreements, and no further action or performance by either Party shall be thereafter required.

4.    **Termination of Agreements**. Upon the Trustee's timely receipt of the Payment, the Agreements are deemed terminated without further notice or action required by either Party.

**Accord and Satisfaction Agreement**
Page 2 of 3

5. <u>Release</u>.

   a. <u>Release by Trustee</u>. Upon timely receipt of the Payment in good funds, the Trustee, solely on behalf of the bankruptcy estate of YPI, fully and irrevocably releases and forever discharges HCID and its predecessors, successors, representatives and agents of any known and unknown, suspected and unsuspected, contingent or fixed, liquidated or unliquidated, past, present or future rights or obligations arising from the Agreements.

   b. <u>Release by HCID</u>. Upon timely delivery of the Payment to the Trustee in good funds, HCID, on behalf of itself and on behalf of its predecessors, successors, representatives and agents fully and irrevocably releases and forever discharges the bankruptcy estate of YPI and its representatives and agents of any known and unknown, suspected and unsuspected, contingent or fixed, liquidated or unliquidated, past, present or future rights or obligations arising from the Agreements.

6. **No Effect on Other Obligations of the City of Los Angeles.** Notwithstanding anything herein to the contrary, this Agreement, and the releases contained herein, have no effect whatsoever on any other obligation of the City of Los Angeles and its various departments and agencies to YPI not otherwise contained in the Agreements, including but not limited to any obligations owed to YPI by the Economic and Workforce Development Department and/or the Office of the Mayor.

7. **Miscellaneous.**

   a. <u>Binding Nature</u>. This Agreement shall inure to the benefit of, and be binding upon, the Parties, their representatives, agents, and successors

   b. <u>Merger, Integration and Amendment</u>. The Parties acknowledge that this Agreement contains the entire agreement of the Parties, that all prior oral or written statements, representations, and covenants are merged into this Agreement, and that any other agreements not expressly stated herein are void and have no further force and effect. The Parties agree that the Agreement may not be amended or modified except by a subsequent, written agreement executed by all of the Parties.

   c. <u>Governing Law</u>. This Agreement shall be subject to, governed by, and construed and enforced pursuant to the laws of the State of California.

   d. <u>Severability</u>. Should it be determined by a court that any term of this Agreement is unenforceable, that term shall be deemed to be deleted. However, the validity and enforceability of the remaining terms shall not be affected by the deletion of the unenforceable term.

   e. <u>Authority</u>. Each Party represents and warrants that the individual signing this Agreement on its behalf possesses the authority to do so.

   f. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, including electronically via facsimile, pdf file, email, or other similar electronic means, all of which taken together shall constitute one instrument, and any such counterpart shall have the same force and effect as if bearing an original signature.

Accord and Satisfaction Agreement
Page 3 of 3

THE UNDERSIGNED HAVE READ THE FOREGOING ACCORD AND SATISFACTION AGREEMENT, FULLY UNDERSTAND IT, AND AGREE TO THE TERMS SET FORTH HEREIN

Dated: January 12, 2021

HCID:

HOUSING + COMMUNITY INVESTMENT
DEPARTMENT, CITY OF LOS ANGELES

By: _____
ABIGAIL R. MARQUEZ
Assistant General Manager, Community
Services & Development Bureau

Dated: January 11, 2021

TRUSTEE:

_____
JASON M. RUND, solely in his capacity as
Chapter 7 Trustee of Youth Policy Institute,
inc.

76214-00002/3918015.5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2049 Century Park East, Ste. 2600, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION UNDER FED. R. BANKR. P. 9019 FOR ORDER APPROVING ACCORD AND SATISFACTION AGREEMENT BETWEEN CHAPTER 7 TRUSTEE AND HOUSING + COMMUNITY INVESTMENT DEPARTMENT, CITY OF LOS ANGELES REGARDING OUTSTANDING GRANT RECEIVABLE**

**DECLARATION OF JASON M. RUND IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/13/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

[X] Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 01/13/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> Debtor
> Youth Policy Institute
> 6464 Sunset Blvd., Ste 650
> Los Angeles, CA 90028

[X] Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 01/13/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/13/2021 | Julie King | /s/ Julie King |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Keith Patrick Banner    kbanner@greenbergglusker.com, sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass    bob.bass47@icloud.com
- Magdalena R Bordeaux    mbordeaux@publiccounsel.org
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Jeffrey A Krieger    jkrieger@ggfirm.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com;hbaig@lesnickprince.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Daniel C Sharpe    , daniel.c.sharpe@me.com
- Matthew N Sirolly    msirolly@dir.ca.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Andy C Warshaw    awarshaw@bwlawcenter.com, ecf@bwlawcenter.com
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com

2. **SERVED BY UNITED STATES MAIL**:

Secured Creditors

Ford Motor Credit
260 Interstate N PKWY NW
Atlanta, GA 30339

Jules and Associates
2 Great Valley Parkway,
Suite 300
Malvern, PA 19355

Non-Profit Finance Fund
5 Hanover Square,
9th Floor
New York, NY 10004

Think Together
2101 E 4th St Ste. 200B
Santa Ana, CA 92705
Attn: Teresa A. McQueen,
General Counsel

Unsecured Creditors

American Express
World Financial Center
New York, NY 10285

Bright Star Schools
2636 South Mansfield Avenue
Los Angeles, CA 90016

C3 Business Solutions
20321 SW Acacia St.
Newport Beach, CA 92660

California Department of Education
21st 1430 N Street
Sacramento, CA 95814-5901

Department of Education (Los Angeles Prom)
400 Maryland Avenue, SW
Washington, DC 20202

Employed Security Service Center Inc.
959 E., Walnut Street
Suite 112
Pasadena, CA 91106

Fresh Start Meals Inc
1530 1st Street
San Fernando, CA 91340

Granada Hills Charter High School
10535 Zelzah Avenue
Granada Hills, CA 91344

JFK Transportation Company Inc.
980 W. 17th Street
Suite B
Santa Ana, CA 92706

Multicultural Learning Center
7510 Desoto Avenue
Canoga Park, CA 91303

NIU College
5959 Topanga Canyon Blvd.
Suite 110
Woodland Hills, CA 91367

Oracle America, Inc.
P.O. Box 44471
San Francisco, CA 94144

Orenda Education (Principal's Exchange)
2101 E. Fourth Street
Suite 200B
Santa Ana, CA 92705

Roth Staffing Companies, L.P.
P.O. Box 60003
Anaheim, CA 92812

Sabio Enterprises, Inc.
400 Corporate Pointe, Suite 300
Culver City, CA 90230

Spectrum
9260 Topanga Canyon Blvd.
Chatsworth, CA 91311

Staples Contract & Commercial Inc.
Dept. La
P.O. Box 83689
Chicago, IL 60696

Staples Technology
P.O. Box 95230
Chicago, IL 60694

Stem & More LLC
7618 Jellico Avenue
Northridge, CA 91325

Ultimate Software (Payroll Services)
P.O. Box 930953
Atlanta, GA 91193