1   JEFFREY A. KRIEGER (SBN 156535)
    JKrieger@GreenbergGlusker.com
2   KEITH PATRICK BANNER (SBN 259502)
    KBanner@GreenbergGlusker.com
3   GREENBERG GLUSKER FIELDS CLAMAN
    & MACHTINGER LLP
4   2049 Century Park East, Ste. 2600
    Los Angeles, California 90067
5   Telephone: 310.553.3610
    Fax: 310.553.0687
6
7   General Bankruptcy Counsel for Jason M. Rund,
    Chapter 7 Trustee

8
                    UNITED STATES BANKRUPTCY COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10
                         LOS ANGELES DIVISION
11

12  | In re:                              | Case No. 2:19-bk-23085-BB |
13  |                                      |                           |
    | YOUTH POLICY INSTITUTE, INC.,        | Chapter 7                 |
14  |                                      |                           |
    |                     Debtor.          | **CHAPTER 7 TRUSTEE'S APPLICATION |
15  |                                      | TO EMPLOY THE LAW OFFICE OF |
    |                                      | PHILIP DRACHT AS SPECIAL |
16  |                                      | LITIGATION COUNSEL PURSUANT TO |
    |                                      | 11 U.S.C. § 327 AND TO APPROVE |
17  |                                      | CONTINGENCY FEE ARRANGEMENT |
    |                                      | PURSUANT TO 11 U.S.C. § 328** |
18  |                                      |                           |
19  |                                      | **DECLARATIONS OF PHILIP DRACHT |
    |                                      | AND JASON M. RUND IN SUPPORT |
20  |                                      | THEREOF** |
    |                                      |                           |
21  |                                      | [NO HEARING REQUIRED]     |

22

23      **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY**

24  **JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-**

25  **INTEREST HEREIN:**

26      Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor

27  Youth Policy Institute, Inc. (the "Debtor"), hereby submits his application (the "Application") for

28  authority to employ, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code,

*Left margin vertical text:* GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP / 2049 Century Park East, Ste. 2600 / Los Angeles, California 90067-4590

11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules" and each, a "Bankruptcy Rule"), The Law Office

of Philip Dracht ("Dracht") as his special litigation counsel, effective as of July 19, 2021, to

pursue certain commercial tort claims described herein, and to approve the contingency

compensation contained in the Retainer Agreement dated July 19, 2021 (the "Retainer

Agreement"), attached to the accompanying *Declaration of Philip Dracht* ("Dracht Declaration")

as <u>Exhibit 1</u>, pursuant to section 328(a) of the Bankruptcy Code.  The relief requested is based on

this Application, the attached Dracht Declaration, and the concurrently filed notice.  To the extent

required, the Trustee further requests that the Court take judicial notice of the chapter 7 case

docket and all pleadings filed herein, including the specific pleadings referenced in the

Application.  In support of his Application, the Trustee respectfully represents as follows:

## I.    JURISDICTION AND VENUE

The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

The venue of this proceeding and this Application is proper pursuant to 28 U.S.C. §§ 1408 and

1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Trustee

consents to the entry of a final judgment or order with respect to the Application, if it is

determined that the Court, absent consent of the parties, cannot enter a final order or judgment

consistent with Article III of the United States Constitution.  The statutory predicates for the relief

requested herein are sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule

2014(a).

## II.    BACKGROUND

### A.    Commencement of the Bankruptcy Case

On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the

"Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7 bankruptcy

case.  The Debtor filed the Petition on an emergency basis without the required schedules,

statements and other case commencement documents listed in section 2.1(b) of the Court Manual.

On the Petition Date, the Trustee was duly appointed the chapter 7 trustee pursuant to section 701

of the Bankruptcy Code.  The first chapter 7 meeting of creditors pursuant to section 341(a) of the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590

APPLICATION TO EMPLOY
SPECIAL LITIGATION COUNSEL

Bankruptcy Code (the "341(a) Meeting") was held on December 11, 2019 at 9:00 a.m., at which the Debtor's representatives appeared.  The 341(a) Meeting was thereafter continued from time to time until concluded on July 9, 2020 (*See* Docket No. 146).

### B.    The Debtor's Petition Disclosures/ The Commercial Tort Claims

As detailed in the corporate resolutions accompanying the Debtor's Petition (*See* Docket No. 1, the "Resolutions"), the Debtor is a non-profit corporation which operated after-school and extracurricular programs at nearly 100 sites in the Los Angeles area and focused on the highest need communities.  In operating these programs, the Debtor was funded primarily through sizeable federal and state government grants.  In fact, the Debtor's most recent publicly available tax return shows grants totaling more than $40 million for both fiscal years 2016/2017 and 2015/2016.  The Resolutions further detail that in early 2019, an audit revealed irregularities in expense reimbursements made to the former CEO, Dixon Slingerland ("Mr. Slingerland"), and inaccurate disclosures and reports made in connection with the various grants the Debtor received.  The Debtor's Board of Directors therefore formed a special committee and investigated these irregularities and, through its investigations concluded that Mr. Slingerland used the Debtor's funds for unauthorized and personal expenditures, and further directed inaccurate reporting to certain government agencies.

The Trustee and his counsel have thoroughly investigated the events described by the Debtor in in the Resolutions and believe that the bankruptcy estate possesses significant commercial tort claims against, *inter alia*, former officers and directors of YPI and certain former professionals engaged by the Debtor, some of which may implicate certain of the Debtor's pre-petition insurance policies (the "Commercial Tort Claims").  The pursuit of the Commercial Tort Claims may result in the filing of one or more adversary proceedings, as to which the Trustee seeks Dracht to represent him as special litigation counsel.

### C.    The Contingency Fee

The Retainer Agreement provides that Dracht will be compensated for his services to the bankruptcy estate based on a sliding scale contingency fee arrangement, summarized as follows (the "Contingency Fee"):

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590

APPLICATION TO EMPLOY
SPECIAL LITIGATION COUNSEL

1    • For Commercial Tort Claims resolved within 30 days of filing an adversary

2       complaint, Dracht will be entitled to the lesser of (i) 25% of the gross recovery on

3       such claims; or (ii) the amount of actual legal services calculated at an hourly rate

4       of $550.

5    • For Commercial Tort Claims resolved before the commencement of trial, Dracht

6       will be entitled to 33% of the gross recovery on such claims.

7    • For Commercial Tort Claims resolved after commencement of trial, but before an

8       appeal has been filed, Dracht will be entitled to 40% of the gross recovery on such

9       claims.

10    • For Commercial Tort Claims resolved after the commencement of post-judgment

11       appeal, Dracht will be entitled to 45% of the gross recovery on such claims.

12    If no recovery is obtained on the Commercial Tort Claims, Dracht will not be entitled to

13    any compensation or reimbursement of any expense.

14    **III.**    **RELIF REQUESTED**

15    The Trustee seeks approval to employ Dracht, as of July 19, 2021, to act as his special

16    litigation counsel pursuant to 327(a) of the Bankruptcy Code and concurrently seeks approval of

17    the Contingency Fee contained in the Retainer Agreement pursuant to section 328(a) of the

18    Bankruptcy Code.  A copy of the Retainer Agreement is attached as <u>Exhibit 1</u> to the Dracht

19    Declaration.

20    **A.  <u>Employment of Dracht is Warranted under Section 327(a)</u>**

21    Under section 327(a) of the Bankruptcy Code, the Trustee has the authority to employ

22    counsel for a specific purpose as long as the proposed counsel is disinterested and does not hold

23    an interest adverse to the bankruptcy estate with respect to its duties as special counsel.  *In re*

24    *Fondiller*, 15 B.R. 890 (B.A.P. 9th Cir. 1981); *see also* 11 U.S.C. § 327(a).

25    As briefly described above, the Commercial Tort Claims are a central component to this

26    chapter 7 bankruptcy case.  The detailed pre-petition findings of the special committee formed by

27    the Debtor, coupled with the Trustee's subsequent investigations, reveal alarming activities and

28    decisions by former officers and directors of YPI and certain former professionals engaged by the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590

1  Debtor going back at least five years prior to the Petition Date.  It is in the interest of all creditors

2  and the bankruptcy estate that these claims be pursued.

3  Dracht is well-qualified to provide the Trustee legal counsel in the bankruptcy case with

4  respect to the Commercial Tort Claims.  Dracht has significant experience in civil litigation

5  matters regarding breach of fiduciary duty and other commercial tort claims.  A summary of the

6  experience and qualifications of the Philip Dracht, who will be the lead attorney for these matters,

7  is attached as <u>Exhibit 2</u> to the Dracht Declaration.

8  In addition, as set forth in the Dracht Declaration, Philip Dracht attests that Dracht's

9  attorneys are disinterested with respect to this chapter 7 case and represent no interest adverse to

10  the bankruptcy estate with respect to the Commercial Tort Claims.

11  Effective representation of the Trustee called for Dracht to commence rendering services

12  on July 19, 2021 (i.e. the date of the Retainer Agreement) which Dracht did in the interests of the

13  bankruptcy estate.

14  **B.  <u>Approval of the Contingency Fee is Warranted under Section 328(a)</u>**

15  Subject to the Bankruptcy Court's approval of this Application and in accordance with

16  section 328(a) of the Bankruptcy Code, Dracht will be paid in accordance with the Contingency

17  Fee contained in the Retainer Agreement.  The Trustee believes that the proposed Contingency

18  Fee is reasonable based upon the prevailing fees in the Los Angeles area for similar services.

19  Section 328(a) of the Bankruptcy Code permits the compensation of professionals on

20  more flexible terms that reflect the nature of their services and market conditions.  In this regard,

21  section 328(a) provides:

22  (a) The trustee . . . with the court's approval, may employ or

23  authorize the employment of a professional person under section

24  327 . . . on any reasonable terms and conditions of employment,

25  including on a retainer, on an hourly basis, on a fixed or percentage

26  fee basis, or on a contingent fee basis.  Notwithstanding such terms

27  and conditions, the court may allow compensation different from

28  the compensation provided under such terms and conditions after

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590

1       the conclusion of such employment, if such terms and conditions

2       prove to have been improvident in light of developments not

3       capable of being anticipated at the time of the fixing of such terms

4       and conditions.

5 11 U.S.C. § 328(a).

6       As the United States Court of Appeals for the Fifth Circuit recognized in *In re National*

7 *Gypsum Co.*, 123 F.3d 861, 862 (5th Cir. 1997) (citations omitted):

8       Prior to 1978, the most able professionals were often unwilling to

9       work for bankruptcy estates where their compensation would be

10       subject to the uncertainties of what a judge thought the work was

11       worth after it had been done.  The uncertainty continues under the

12       present § 330 of the Bankruptcy Code, which provides that the

13       court award to professional consultants 'reasonable compensation'

14       based on relevant factors of time and comparable costs, etc.  Under

15       present § 328 the professionals may avoid that uncertainty by

16       obtaining court approval of compensation agreed to with the trustee

17       (or debtor or committee).

18 *Id*. at 862 (internal references omitted).

19       The Trustee believes that the terms of the Contingency Fee, as set forth in the Retainer

20 Agreement, are customary, fair, and reasonable, and therefore approval of the Contingency Fee

21 under section 328(a) of the Bankruptcy Code is warranted.

22 **IV.    NO ADVERSE INTERESTS/DISINTERESTEDNESS**

23       As of the date of this Application, to the best of the Trustee's knowledge and after

24 consideration of the disclosures made in the Dracht Declaration, Dracht and all of its partners,

25 associates and counsel are disinterested persons as that term is defined in 11 U.S.C. § 101(14),

26 and neither Dracht nor any of its partners, associates or counsel are connected with the Debtor, its

27 creditors, any other party-in-interest, its respective attorneys and accountants, or the bankruptcy

28 estate.  Based on these disclosures made in the Dracht Declaration, the Trustee submits that no

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590

1    reason for denial of employment exists.

2    **V.    <u>CONCLUSION</u>**

3           Based on the foregoing, the Trustee respectfully requests entry of an order (i) authorizing

4    the retention, pursuant to section 327(a) of the Bankruptcy Code, of Dracht as special litigation

5    counsel effective as of July 19, 2021; (ii) approving the Contingency Fee pursuant to section

6    328(a) of the Bankruptcy Code; and (iii) such further relief as the Court deems appropriate under

7    the circumstances.

8

9

10    DATED:  August 2, 2021             GREENBERG GLUSKER FIELDS CLAMAN

11                                 & MACHTINGER LLP

12

13                               By: */s/Jeffrey A. Krieger*

14                                   JEFFREY A. KRIEGER
                                     KEITH PATRICK BANNER

15                                   General Bankruptcy Counsel for Jason M.
                                     Rund, Chapter 7 Trustee

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590

### DECLARATION OF PHILIP DRACHT

**(Pursuant to Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure)**

1.      I am an attorney duly admitted member of the bar of the State of California.  I am a partner at the law firm of The Law Office of Philip Dracht ("Dracht"), proposed special litigation counsel for Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor Youth Policy Institute, Inc. (the "Debtor").  I have personal knowledge of the facts stated below, and, if called as a witness, I could and would testify competently thereto.

2.      I submit this Declaration in support of the accompanying *Chapter 7 Trustee's Application to Employ the Law Office of Philip Dracht as Special Litigation Counsel Pursuant to 11 U.S.C. § 327 and Approve Contingency Fee Arrangement in Accordance with 11 U.S.C. § 328* (the "Application").  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

3.      Dracht is a law firm with its principal office located in Santa Barbara, California, specializing in civil litigation with a focus on plaintiff-side commercial litigation.  I have been practicing as an attorney in California since 2002.  I am experienced in commercial litigation, including tort claims, including fraud, negligence, breach of fiduciary duty, conversion, misappropriation of funds and contract claims. A summary of my experience and qualifications are described in my biography attached hereto as Exhibit 2.

4.      Attached hereto as Exhibit 1 is a copy of the Retainer Agreement dated July 19, 2021 (the "Retainer Agreement") pursuant to which Dracht has agreed to prosecute the Commercial Tort Claims on behalf of the estate.  As set forth in the Retainer Agreement, Dracht will provide advice, consultation and representation with respect to the Commercial Tort Claims, and will commence litigation in one or more adversary proceeding, as appropriate, after consultation with the Trustee.  The Retainer Agreement covers the prosecution of such Commercial Tort Claims through trial and through post-trial appeal(s).

5.      As set forth in the Retainer Agreement, Dracht will be compensated for his services to the bankruptcy estate based on a sliding scale contingency fee arrangement, summarized as follows (the "Contingency Fee"):

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590

1    • For Commercial Tort Claims resolved within 30 days of filing an adversary

2        complaint, Dracht will be entitled to the lesser of (i) 25% of the gross recovery on

3        such claims; or (ii) the amount of actual legal services calculated at an hourly rate

4        of $550.

5    • For Commercial Tort Claims resolved before the commencement of trial, Dracht

6        will be entitled to 33% of the gross recovery on such claims.

7    • For Commercial Tort Claims resolved after commencement of trial, but before an

8        appeal has been filed, Dracht will be entitled to 40% of the gross recovery on such

9        claims.

10    • For Commercial Tort Claims resolved after the commencement of post-judgment

11       appeal, Dracht will be entitled to 45% of the gross recovery on such claims.

12    If no recovery is obtained on the Commercial Tort Claims, Dracht will not be entitled to

13 any compensation or reimbursement of any expenses.

14    6.    To the best of my knowledge, based upon a review of Dracht's regular

15 computerized records: (i) Dracht has no pre-petition claim against the Debtor or the estate of any

16 kind; (ii) none of Dracht's attorneys are equity holders or insiders of the Debtor; (iii) Dracht has

17 no connection with the Debtor, its creditors or any party in interest in this chapter 7 case; and (iv)

18 to the best of my knowledge Dracht and each of its attorneys is disinterested relative to this

19 chapter 7 bankruptcy case.  Dracht further does not represent an interest adverse to the

20 bankruptcy estate with respect to the Commercial Tort claims.

21    7.    Dracht and its members are not related to, or employees of the Office of the United

22 States Trustee or the United States Bankruptcy Judge herein.

23    8.    Attached as Exhibit 3 hereto is a copy of the concurrently filed *Notice of Chapter 7*

24 *Trustee's Application to Employ the La Office of Philip Dracht as Special Litigation Counsel*

25 *Pursuant to 11 U.S.C. § 327 and Approve Contingency Fee Arrangement in Accordance with 11*

26 *U.S.C. § 328*

27

28

1    I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct.

3    Executed this 2nd day of August, 2021, at Santa Barbara, California.

4

5                                                PHILLIP DRACHT

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590

## DECLARATION OF JASON M. RUND

I, Jason M. Rund, declare:

1.      I am the duly appointed and acting chapter 7 Trustee of the bankruptcy estate of Youth Policy Institute, Inc. (the "Debtor").  I have personal knowledge of the facts stated below, or have gained knowledge of them from pleadings and other documents typically obtained and reviewed by trustees administering estates or from the professionals employed to assist me herein, and, if called as a witness, I could and would testify competently thereto.

2.      I submit this Declaration in support of the accompanying *Chapter 7 Trustee's Application to Employ the Law Office of Philip Dracht as Special Litigation Counsel Pursuant to 11 U.S.C. § 327 and Approve Contingency Fee Arrangement in Accordance with 11 U.S.C. § 328* (the "Application").  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

3.      On the Petition Date, I was duly appointed the chapter 7 trustee pursuant to section 701 of the Bankruptcy Code.  The first chapter 7 meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") was held on December 11, 2019 at 9:00 a.m., at which the Debtor's representatives appeared.  The 341(a) Meeting was thereafter continued from time to time until concluded on July 9, 2020 (*See* Docket No. 146).

4.      According to the corporate resolutions accompanying the Debtor's Petition (*See* Docket No. 1, the "Resolutions"), the Debtor is a non-profit corporation which operated after-school and extracurricular programs at nearly 100 sites in the Los Angeles area and focused on the highest need communities.  In operating these programs, the Debtor was funded primarily through sizeable federal and state government grants.  The Debtor's most recent publicly available tax return shows grants totaling more than $40 million for both fiscal years 2016/2017 and 2015/2016.  The Resolutions further detail that in early 2019, an audit revealed irregularities in expense reimbursements made to the former CEO, Dixon Slingerland ("Mr. Slingerland"), and inaccurate disclosures and reports made in connection with the various grants the Debtor received.  The Debtor's Board of Directors therefore formed a special committee and investigated these irregularities and, through its investigations concluded that Mr. Slingerland used the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590

DECLARATION OF
JASON M. RUND

1    Debtor's funds for unauthorized and personal expenditures, and further directed inaccurate

2    reporting to certain government agencies.

3          5.     I, along with my general bankruptcy counsel, have thoroughly investigated the

4    events described by the Debtor in in the Resolutions and I believe that the bankruptcy estate

5    possesses significant commercial tort claims against, *inter alia*, former officers and directors of

6    YPI and certain former professionals engaged by the Debtor, some of which may implicate

7    certain of the Debtor's pre-petition insurance policies (the "Commercial Tort Claims").  The

8    pursuit of the Commercial Tort claims may result in the filing of one or more adversary

9    proceedings.

10         6.     To the best of my knowledge, and based on the accompanying *Declaration of*

11   *Philp Dracht*, Dracht represents no other entity in connection with this matter, has no connection

12   or financial interest in or with the Trustee, the Debtor, his creditors, the United States Trustee,

13   any employee of the United States Trustee or any other party in interest, and Dracht does not

14   represent or hold an interest adverse to the bankruptcy estate.

15

16         I declare under penalty of perjury under the laws of the United States of America that the

17   foregoing is true and correct.

18         Executed this 2nd day of August, 2021, at El Segundo, California.

19

20

21                                                    JASON M. RUND

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590

1    <u>EXHIBIT 1</u>

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590



THE LAW OFFICE *of*
PHILIP D. DRACHT

July 19, 2021

**By EMAIL**
Mr. Jason Rund
Chapter 7 Trustee of the Bankruptcy Estate of Youth Policy Institute
**Greenberg Glusker LLP**
2049 Century Park East, Suite 2600
Los Angeles, CA  90067

**Re: In re Youth Policy Institute, Inc., Bankr. No. 2:19-bk-23085-BB Retainer Agreement**

Dear Mr. Jason Rund,

Thank you for considering The Law Office of Philip Dracht ("Dracht" or the "Firm") to represent you as special litigation counsel in In re Youth Policy Institute, Inc. (the "Debtor" or "YPI"), Bankr. No. 2:19-bk-23085-BB, in connection with certain commercial tort claims held by the Debtor's bankruptcy estate against, *inter alia*, former officers and directors of YPI and certain former professionals engaged by YPI, some of which may implicate certain pre-petition insurance policies held by YPI (the "Matter").  I appreciate the confidence and will undertake to render legal services if the Trustee agrees.

Subject to Bankruptcy Court approval of the terms and conditions of this retention under Sections 327 and 328 of the Bankruptcy Code, Jason Rund, in his capacity as Chapter 7 Trustee (the "Trustee") for the YPI estate, engages Dracht as special litigation counsel.

This letter, when signed below by you and approved by the Bankruptcy Court upon application (which you agree to have prepared and filed by your general bankruptcy counsel, Greenberg Glusker Fields Claman & Machtinger LLP, and which will expressly seek approval pursuant to Sections 327 and 328 of the Bankruptcy Code), will constitute a fee agreement (the "Agreement") between you, solely in your capacity as Trustee in In re Youth Policy Institute, Inc. bankruptcy case, and Dracht, effective as of the date set forth by the Bankruptcy Court.

July 19, 2021
Jason Rund
Trustee of the Bankruptcy Estate of YPI
Page 2

This Agreement contemplates that you will be represented by Dracht to pursue recovery under the Bankruptcy Code, California State law, and any other applicable law. Philip Dracht will serve as the lead attorney for the Matter. Other lawyers of the Firm may assist on an as-needed basis, and Dracht reserves the right to staff this representation differently if circumstances so require, provided however, that the Trustee must consent to the replacement of Philip Dracht as the lead attorney on the Matter. Dracht may, at its own expense and upon the consent of Trustee, employ associated counsel (attorneys) in preparation of the case for trial or on appeal, provided, however, that the employment of such counsel, and any fee sharing made as part of such arrangement, must be approved by the Bankruptcy Court.

**HOURLY AND CONTINGENCY FEES**. Other than as expressly set forth below with respect to the Contingency Fees, Dracht's fees are based on the nature of the work, the time involved, the customary rates charged for such services, the results obtained, and similar factors that our profession has recognized as appropriate for consideration in determining a fee.

<u>Hourly Fees</u>. Dracht has agreed to be compensated for its attorneys' fees based on a Contingency Fee, as detailed below. However, if the Trustee resolves the claims brought in the litigation that is the subject of this Agreement within 30 days of filing a complaint, Dracht will be compensated for attorneys' fees related to legal services rendered in this case at the lesser of (i) 25% of the Gross Recovery attributable to the Matter; or (ii) the amount of actual legal services it provides in this case on an hourly-fee basis, at the rate of $550.00 per hour (the "Hourly Fee"), which time is measured on a .10 of one hour increments. "Gross Recovery" means the gross amount of any recovery received by settlement or judgment in the Matter paid to the Trustee  or other economic non-cash benefits conferred before deduction of any unpaid costs or expenses. In the event the claims in the litigation handled by Dracht are resolved 30 days after the filing of a complaint, Dracht shall receive compensation for its services based on the Contingency Fee.

<u>Contingency Fees</u>. Other than as stated above, Dracht will be compensated for attorneys' fees related to legal services rendered in this case on a contingency fee basis only, and only if Dracht obtains recovery for the Trustee. If no recovery is obtained, then no attorneys' fees will be charged and the Trustee will only be obligated to pay for costs, disbursements and expenses, as described herein. The attorneys' fees to be paid will be a percentage of the Gross Recovery, depending on the stage at which the settlement or judgment is reached. In the event there is no amount recovered, the Trustee shall have no obligation to pay any attorneys' fees, or reimburse costs to Dracht.

Dracht will receive the following Contingency Fees based on any recovery it obtains with regard to the above-identified services: (a) 33% of the Gross Recovery, if such recovery is received or stipulated to before trial; (b) 40% of the Gross Recovery, if such a recovery is received or stipulated to after the commencement of trial but before an appeal has been filed; and (c) 45% if the Gross Recovery occurs after the case continues to post-judgment appeal.

15 W. Carrillo Street ◊ Santa Barbara, CA 93101 ◊ 805-979-8802(p) ◊www.drachtlaw.com

July 19, 2021
Jason Rund
Trustee of the Bankruptcy Estate of YPI
Page 3


**THE PERCENTAGE OF THE HOURLY AND CONTINGENCY FEE SET OUT IN THIS AGREEMENT IS NOT SET BY LAW, BUT RATHER IS NEGOTIABLE BETWEEN ATTORNEY AND CLIENTS.**

COSTS, LITIGATION, EXPERT FEES, AND EXPENSES.  Costs and expenses are defined and include, but are not limited to, the following: All costs, expenses, disbursements and litigation expenses associated with this matter, including court filing fees, service of process charges, photocopy services, notary fees, computer-assisted legal research, long distance telephone charges, messenger and delivery fees, postage, in-office photocopying, facsimile charges, deposition costs, parking, mileage (calculated at IRS reimbursement rates at the time the costs are paid), investigation expenses, consultants' fees, expert witness related fees and expenses, trial preparation and related exhibit expenses, jury fees, reporter fees, actual trial related expenses and other similar items.  All costs and expenses will be charged at the Firm's cost.

The Trustee authorizes Dracht to incur all reasonable above-indicated costs at Dracht's sole good faith discretion, provided however that Dracht will obtain advance approval from the Trustee for any single expense exceeding $3,000.  In the event that an award of costs is sought on your behalf in this action, you understand that the amount which the court may order as costs is the amount the court believes the party is entitled to recover, and does not necessarily determine or reflect what costs Dracht is entitled to charge the Trustee or that only the costs which were allowed were reasonable.

SETTLEMENT OFFERS.  Dracht agrees to evaluate all settlement offers and to advise you concerning those offers.  You agree to consider seriously any recommendations for settlement made by Dracht.

APPROVAL NECESSARY FOR SETTLEMENT.  The Firm will not make any settlement or compromise of any nature of any claim without your prior approval.  Should you independently settle or compromise your claim, Dracht shall be entitled to payment of fees based on the above terms.  No settlement of the Matter shall be binding without the Trustee's consent and the approval of the Bankruptcy Court after notice to creditors.

WITHDRAWAL/TERMINATION OF AGREEMENT.  At any time, upon reasonable notice, either the Trustee or Dracht may withdraw from this Agreement with or without cause, provided however that any withdrawal by Dracht without the consent of the Trustee is subject to Bankruptcy Court approval.  If Dracht withdraws, it will try to obtain other counsel for the Trustee, if the Trustee desires.  Additionally, if you do not agree to a settlement recommended by Dracht, or, if after a reasonable investigation, we conclude that a judgment against any or all of the defendants in a cause of action is unlikely, uncollectible or not economical under the circumstances, then, subject to the approval of the Bankruptcy Court, Dracht has the right to

July 19, 2021
Jason Rund
Trustee of the Bankruptcy Estate of YPI
Page 4

withdraw from the representation with respect to that matter.  Any compensation due to Dracht after withdrawal from representation pursuant to this paragraph shall be determined by the Bankruptcy Court in accordance with applicable law.

JURISDICTION/APPLICABLE LAW.  This Agreement shall be governed in accordance with California law, or, as applicable, the Bankruptcy Code.  Any dispute arising from or relating to this Agreement shall be resolved by the Bankruptcy Court, which shall have exclusive jurisdiction over this Agreement.

Sincerely,

THE LAW OFFICE of PHILIP D. DRACHT

Agreed:                                                    Jason Rund, Trustee of the Bankruptcy
                                                                    Estate of Youth Policy Institute, Inc.

Date:_____                    _____

July 19, 2021
Jason Rund
Trustee of the Bankruptcy Estate of YPI
Page 4

withdraw from the representation with respect to that matter.  Any compensation due to Dracht after withdrawal from representation pursuant to this paragraph shall be determined by the Bankruptcy Court in accordance with applicable law.

JURISDICTION/APPLICABLE LAW.  This Agreement shall be governed in accordance with California law, or, as applicable, the Bankruptcy Code.  Any dispute arising from or relating to this Agreement shall be resolved by the Bankruptcy Court, which shall have exclusive jurisdiction over this Agreement.

Sincerely,

THE LAW OFFICE *of* PHILIP D. DRACHT

Agreed:

Jason Rund, Trustee of the Bankruptcy
Estate of Youth Policy Institute, Inc.

Date: 7/19/2021

1

<u>EXHIBIT 2</u>

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590

# THE LAW OFFICE OF PHILIP DRACHT



PDRACHT@DRACHTLAW.COM

Office 805-979-8802

15 W. Carrillo St.
Santa Barbara, California 93101

www.drachtlaw.com

## BIOGRAPHY

Philip D. Dracht has nearly 20 years of experience in a practice focused on commercial litigation with a focus on commercial litigation, including complex litigation and class action lawsuits.

Mr. Dracht has been appointed lead counsel in class actions and in FLSA collective actions. As co-lead counsel, he most recently has obtained a $17.5 million dollar recovery for a nationwide class of consumers in an action against a prominent multi-level-marketing company.

Mr. Dracht has complex commercial litigation. This experience ranges from multi-party construction litigation to protracted disputes between minority/majority owners of electrical power plants to mining companies. He has represented some of the nation's largest banks and has extensive experience with litigation involving the Truth in Lending Act, Home Equity Protections Act, Home Affordable Modification Program and Real Estate Settlement Procedures Act.

Reconnecting with the roots of his decision to become a lawyer, Mr. Dracht now focuses on representing the "David's" and not the "Goliath's." Most of Mr. Dracht's present work is representing Plaintiffs in the fight to vindicate their legal rights against well-heeled defendants, including banks, the PAC-12, billionaires, or entertainment companies. Mr. Dracht chooses his clients as carefully as they chose him.

Mr. Dracht earned his law degree at the University of Michigan, and obtained his bachelor's degree from Calvin College. He is licensed to practice in the state and federal courts of Utah and California.

## PROFESSIONAL

Admitted: California State Bar, Utah State Bar, all California and Utah State Courts, 10th Circuit Court of Appeals Federal Circuit Court of Appeals, the U.S. District Courts for the Northern District of California, the Central District of California, and the Southern District of California, U.S. District Court, District of Utah

## EDUCATION

J.D. University of Michigan, 2001

B.S. Degree, Calvin College, 1997, majoring in philosophy, history, and political science

# EXHIBIT "3"

1  JEFFREY A. KRIEGER (SBN 156535)
JKrieger@GreenbergGlusker.com
2  KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
4  2049 Century Park East, Ste. 2600
Los Angeles, California 90067
5  Telephone:  310.553.3610
Fax:  310.553.0687
6

7  Attorneys for Jason M. Rund,
Chapter 7 Trustee

8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                 LOS ANGELES DIVISION

12

13  In re:                                Case No. 2:19-bk-23085-BB

14  YOUTH POLICY INSTITUTE, INC.,          Chapter 7

15        Debtor.                          **NOTICE OF CHAPTER 7 TRUSTEE'S
APPLICATION TO EMPLOY THE LAW**
16                                         **OFFICE OF PHILIP DRACHT AS
SPECIAL LITIGATION COUNSEL**
17                                         **PURSUANT TO 11 U.S.C. § 327 AND TO
APPROVE CONTINGENCY FEE**
18                                         **ARRANGEMENT PURSUANT TO 11
U.S.C. § 328**

19                                         [NO HEARING REQUIRED]

20

21      **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY**

22  **JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-**

23  **INTEREST HEREIN:**

24      **PLEASE TAKE NOTICE** that Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the

25  bankruptcy estate of Debtor Youth Policy Institute, Inc. (the "Debtor"), has filed his application

26  (the "Application") for authority to employ, pursuant to sections 327(a) and 328(a) of title 11 of

27  the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 2014(a) of

28  the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and each, a "Bankruptcy

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590

Rule"), The Law Office of Philip Dracht ("Dracht") as his special litigation counsel, effective as of July 19, 2021.

**PLEASE TAKE FURTHER NOTICE** that as set forth in detail in the Application, in early 2019, an audit revealed irregularities in expense reimbursements made to the former CEO, Dixon Slingerland ("Mr. Slingerland"), and inaccurate disclosures and reports made in connection with the various grants the Debtor received.  The Debtor's Board of Directors therefore formed a special committee and investigated these irregularities and, through its investigations concluded that Mr. Slingerland used the Debtor's funds for unauthorized and personal expenditures, and further directed inaccurate reporting to certain government agencies.  The Trustee and his counsel have thoroughly investigated the pre-petition events reported by the special committee and believe that the bankruptcy estate possesses significant commercial tort claims against, *inter alia*, former officers and directors of YPI and certain former professionals engaged by the Debtor, some of which may implicate certain of the Debtor's pre-petition insurance policies (the "Commercial Tort Claims").  The Trustee seeks to employ Dracht as special litigation counsel to pursue such Commercial Tort Claims.

**PLEASE TAKE FURTHER NOTICE** that the relief requested is based on the Application, the *Declaration of Philip Dracht* (the "Dracht Declaration") attached thereto, this Notice, the arguments of counsel, and other admissible evidence properly brought before the Court.  In addition, to the extent necessary, the Trustee respectfully requests that the Court take judicial notice of the chapter 7 case docket and all pleadings filed in the above captioned chapter 7 bankruptcy case, including the specific pleadings referenced in the Application.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Application, the Trustee seeks approval, pursuant to section 328(a) of the Bankruptcy Code, of a sliding scale contingency fee arrangement, summarized as follows (the "Contingency Fee"):

- For Commercial Tort Claims resolved within 30 days of filing an adversary complaint, Dracht will be entitled to the lesser of (i) 25% of the gross recovery on such claims; or (ii) the amount of actual legal services calculated at an hourly rate of $550.

NOTICE OF APPLICATION TO EMPLOY
SPECIAL LITIGATION COUNSEL

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590

- For Commercial Tort Claims resolved before the commencement of trial, Dracht will be entitled to 33% of the gross recovery on such claims.

- For Commercial Tort Claims resolved after commencement of trial, but before an appeal has been filed, Dracht will be entitled to 40% of the gross recovery on such claims.

- For Commercial Tort Claims resolved after the commencement of post-judgment appeal, Dracht will be entitled to 45% of the gross recovery on such claims.

If no recovery is obtained on the Commercial Tort Claims, Dracht will not be entitled to any compensation or reimbursement of any expense.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Trustee's Application can be obtained from the Bankruptcy Court or by contacting:

> Jeffrey A. Krieger, Esq.
> Keith Patrick Banner, Esq.
> GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
> 2049 Century Park East, Ste. 2600
> Los Angeles, California 90067
> Telephone:  310.553.3610
> Facsimile:   310.553.0687
> Email: JKrieger@GreenbergGlusker.com
>            KBanner@GreenbergGlusker.com

**PLEASE TAKE FURTHER NOTICE** that in accordance with Local Bankruptcy Rules 2014-1(b)(3)(E) and 9013-1(o)(1), any response to the Application and request for hearing must be in the form required by Local Bankruptcy Rule 9013-1(f)(1) and must be filed with the Court and served on: (i) the Trustee at 840 Apollo Street, Suite 351, El Segundo, California 90245; (ii) his general bankruptcy counsel, Greenberg Glusker Fields Claman & Machtinger LLP, Attn: Jeffrey A. Krieger, Esq., 2049 Century Park East, Ste. 2600, Los Angeles, California 90067; (iii) his proposed special counsel at The Law Office of Philip Dracht, 15 W Carrillo St., Suite 250, Santa Barbara, CA 93101; and (iv) the Office of the United States Trustee, located at 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017, within seventeen (17) days from the date of service of this Notice.

If you fail to file a written response within seventeen (17) days from the date of the service of this Notice of the Application, the Bankruptcy Court may treat such failure as a waiver

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590

1    of your right to oppose the Application and may grant the requested relief.

2

3

4    DATED:  August 2, 2021                    GREENBERG GLUSKER FIELDS CLAMAN
                                               & MACHTINGER LLP
5

6

7                                              By: */s/ Jeffrey A. Krieger*
                                                   JEFFREY A. KRIEGER
8                                                  KEITH PATRICK BANNER
                                                   Attorneys for Jason M. Rund,
9                                                  Chapter 7 Trustee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067-4590

76214-00002/4093057.1                          4            NOTICE OF APPLICATION TO EMPLOY
                                                            SPECIAL LITIGATION COUNSEL

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2049 Century Park East, Ste. 2600, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY THE LAW OFFICE OF PHILIP DRACHT AS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C. § 327 AND TO APPROVE CONTINGENCY FEE ARRANGEMENT PURSUANT TO 11 U.S.C. § 328 DECLARATIONS OF PHILIP DRACHT AND JASON M. RUND IN SUPPORT THEREOF**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 2, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) August 2, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Youth Policy Institute, Inc.
6464 Sunset Blvd., Ste. 650
Los Angeles, CA 90028

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 2, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Via Messenger
The Honorable Sheri Bluebond
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Ste. 1534
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 2, 2021 | Julie King | /s/ Julie King |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1.      **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Keith Patrick Banner    kbanner@greenbergglusker.com,
  sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass    bob.bass47@icloud.com
- Magdalena R Bordeaux    mbordeaux@publiccounsel.org
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Jeffrey A Krieger    jkrieger@ggfirm.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Daniel C Sharpe    , daniel.c.sharpe@me.com
- Matthew N Sirolly    msirolly@dir.ca.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Andy C Warshaw    awarshaw@bwlawcenter.com, ecf@bwlawcenter.com
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-
  0813@ecf.pacerpro.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**

76214-00002/4105211.1