| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JEFFREY A. KRIEGER (SBN 156535)<br>JKrieger@GreenbergGlusker.com<br>KEITH PATRICK BANNER (SBN 259502)<br>KBanner@GreenbergGlusker.com<br>GREENBERG GLUSKER FIELDS CLAMAN<br>& MACHTINGER LLP<br>2049 Century Park East, Ste. 2600<br>Los Angeles, California 90067<br>Telephone: 310.553.3610<br>Fax: 310.553.0687<br><br>☐  *Movant(s) appearing without an attorney*<br>☒  *Attorney for Movant(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>YOUTH POLICY INSTITUTE, INC. | CASE NO.: 2:19-bk-23085-BB<br>CHAPTER: 7 |
|---|---|
| | **DECLARATION THAT NO PARTY<br>REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)** |
| Debtor(s). | [No Hearing Required] |

1. I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): 11/01/2021 ___ Movant(s) filed a motion or application (Motion) entitled: CHAPTER 7 TRUSTEE'S
   OMNIBUS MOTION UNDER FED. R. BANKR. P. 9019 FOR ORDER APPROVING COMPROMISES WITH CERTAIN POTENTIAL
   PREFERENTIAL TRANSFER RECIPIENTS DECLARATION OF JASON M. RUND IN SUPPORT THEREOF

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): 11/01/2021 ___ Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion
   on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and
   request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by
   mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than 28 __ days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing
   was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street
   address, email address, or facsimile number specified in the notice of motion.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

9.    Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: 11/29/2021 _____          /s/ Jeffrey A. Krieger _____
                                        Signature


                                        JEFFREY A. KRIEGER _____
                                        Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 9013-1.2.NO.REQUEST.HEARING.DEC**

# EXHIBIT "A"

1  JEFFREY A. KRIEGER (SBN 156535)
   JKrieger@GreenbergGlusker.com
2  KEITH PATRICK BANNER (SBN 259502)
   KBanner@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS CLAMAN
   & MACHTINGER LLP
4  2049 Century Park East, Ste. 2600
   Los Angeles, California 90067
5  Telephone:  310.553.3610
   Fax:  310.553.0687
6
7  Attorneys for Jason M. Rund,
   Chapter 7 Trustee

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                 LOS ANGELES DIVISION

11

12 In re:                              Case No. 2:19-bk-23085-BB

13 YOUTH POLICY INSTITUTE, INC.,       Chapter 7

14            Debtor.                  **CHAPTER 7 TRUSTEE'S OMNIBUS**
                                       **MOTION UNDER FED. R. BANKR. P. 9019**
15                                     **FOR ORDER APPROVING**
                                       **COMPROMISES WITH CERTAIN**
16                                     **POTENTIAL PREFERENTIAL**
                                       **TRANSFER RECIPIENTS**
17
                                       **DECLARATION OF JASON M. RUND IN**
18                                     **SUPPORT THEREOF**

19                                     [NO HEARING REQUIRED]

20

21

22

23

24

25

26

27

28

*(left margin, vertical text)* GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP  2049 Century Park East, Ste. 2600  Los Angeles, California 90067

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY
JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-
INTEREST HEREIN:**

Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor
Youth Policy Institute, Inc. (the "Debtor" or "YPI"), hereby submits his omnibus motion (this
"Motion") for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules" and each, a "Bankruptcy Rule") approving the Trustee's
compromises with the recipients of potential preferential transfers detailed herein.  In support of
his Motion, the Trustee represents as follows:

## I.    JURISDICTION AND VENUE

The Bankruptcy Court has jurisdiction over this bankruptcy case, the bankruptcy estate,
and this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within
the meaning of 28 U.S.C. § 157(b)(2).  The venue of this case and this Motion is proper pursuant
to 28 U.S.C. §§ 1408 and 1409.  The Trustee consents to the entry of a final judgment or order
with respect to the Motion, if it is determined that the Bankruptcy Court, absent consent of the
parties, cannot enter a final order or judgment consistent with Article III of the United States
Constitution.  The statutory bases for the relief requested herein are section 105(a) of title 11 of
the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code") and Bankruptcy
Rule 9019.

### A.    Commencement of the Bankruptcy Case

On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the
"Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7 bankruptcy
case.  The Debtor filed the Petition on an emergency basis without the required schedules,
statements and other case commencement documents listed in section 2.1(b) of the Court Manual.
On the Petition Date, the Trustee was duly appointed the chapter 7 trustee pursuant to section 701
of the Bankruptcy Code.  The first chapter 7 meeting of creditors pursuant to section 341(a) of the
Bankruptcy Code (the "341(a) Meeting") was held on December 11, 2019 at 9:00 a.m., at which
the Debtor's representatives appeared.  The 341(a) Meeting was thereafter continued from time to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

1   time until concluded on July 9, 2020 (*See* Docket No. 146).

2       **B.      The Potential Preferential Transfers**

3       After obtaining an extension of the deadline to file its required disclosure schedules and

4   statements (*See* Docket No. 9), on December 3, 2019, the Debtor filed its *Schedules*, *Statement of*

5   *Financial Affairs* and other case commencement documents [Docket Nos. 15 & 16] ("Schedules

6   and SOFA").  Among other disclosures, the Debtor's Schedules and SOFA disclose a number of

7   transfers made by the Debtor during the 90-day pre-petition period.

8       The Trustee and his counsel reviewed the Schedules and SOFA and the books and records

9   of the Debtor and confirmed that certain payments made by the Debtor during the 90-day pre-

10  petition period were potentially preferential transfers and may be subject to avoidance and

11  recovery under sections 547 and 550 of the Bankruptcy Code, including the following pre-

12  petition transfers (collectively, the "Potential Preferential Transfers"):

13      • A transfer to the Princeton Review ("TPR") in the amount of $26,000 made on

14          August 14, 2019;

15      • A transfer to Benuck & Rainey, Inc. ("B&R") in the amount of $10,000 made on

16          August 14, 2019;

17      • A transfer to Orenda Education, dba Principal's Exchange ("Orenda") in the

18          amount of $34,420.00 made on August 14, 2019;

19      • A series of transfers to Vision Service Plan ("VSP") totaling $23,118.92 made

20          between August 19, 2019 and October 25, 2019; and

21      • A series of transfers to Kaiser Foundation Health Plan, Inc. ("Kaiser") totaling

22          $1,066,220.85 made between August 19, 2019 and October 24, 2019.

23      • A series of transfers to California Dental Network ("CDN") totaling $20,487.60

24          made between August 19, 2019 and October 25, 2019.

25  Rund Decl., ¶ 6

26      To recover the Potential Preferential Transfers, the Trustee, through his counsel, served

27  demand letters on the recipients of the Potential Preferential Transfers, as follows: to TPR on

28  May 5, 2021; to B&R on May 5, 2021; to Orenda on May 5, 2021, to CDN on May 5, 2021, to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

1    Kaiser on May 6, 2021 and to VSP on July 13, 2021. Rund Decl., ¶ 7

2         After service of the demands, the Trustee engaged in extensive good faith negotiations

3    with the recipients of the Potential Preferential Transfers, during which the various defenses of

4    each recipient were evaluated, including any statutory defenses asserted under section 547(c) of

5    the Bankruptcy Code.  Taking into account the various available defenses, the Trustee worked

6    with the recipients of the Potential Preferential Transfers and achieved resolutions regarding each

7    without the need for litigation, as follows:

8         • As to TPR, the Trustee agreed to accept a payment of $20,000 in satisfaction of

9            any preference claim of the estate;

10        • As to B&R, the Trustee agreed to accept a payment of $8,500 in satisfaction any

11           preference claim of the estate;

12        • As to Orenda, the Trustee agreed to accept a payment of $25,000 in satisfaction of

13           any preference claim of the estate;

14        • As to VSP, the Trustee agreed to accept a payment of $7,500 in satisfaction any

15           preference claims of the estate;

16        • As to Kaiser, the Trustee agreed to accept a payment of $294,107.90 in satisfaction

17           of any preference claims of the estate;  and

18        • As to CDN, the Trustee agreed to accept a payment of $7,467.00 in satisfaction of

19           any preference claim of the estate.

20        The above settlements have resulted in an aggregate recovery to the estate of $362,574.90.

21   As to the Potential Preferential Transfers made to TPR, B&R and Orenda, each of which

22   consisted of a single pre-petition payment, the respective settlements in the aggregate constitute

23   approximately a 76% recovery on the applicable Potential Preferential Transfers.  As to VSP,

24   Kaiser and CDN each of which were insurance providers of the Debtor that continued to provide

25   services to the Debtor through the Petition Date and as to which certain new value and defenses

26   specific to insurance providers were considered, the settlements in the aggregate constitute

27   27.8% recovery on the applicable Potential Preferential Transfers.

28        The settlements with VSP, Kaiser and CDN were memorialized in settlement agreements

1   attached to the Rund Declaration as <u>Exhibit 1</u> (the "VSP Settlement Agreement"), <u>Exhibit 2</u> (the

2   "Kaiser Settlement Agreement"), and <u>Exhibit 3</u> (the "CDN Settlement Agreement").  The

3   settlements agreed to with TPR, B&R and Orenda were not formally memorialized in any

4   settlement agreements, though the Trustee did agree to accept the respective settlement payments

5   in full satisfaction of any liability relating to the Potential Preferential Transfers.  Rund Decl., ¶

6   10.  The Trustee has since received the settlement payments from TPR, B&R, Orenda, VSP and

7   Kaiser and anticipates soon receiving the settlement payment from CDN.  Rund Decl., ¶ 11.

8   **II.    DISCUSSION**

9         **A.    The Legal Standard**

10        Bankruptcy Code section 105(a) provides in relevant part that "[t]he court may issue any

11  order, process or judgment that is necessary or appropriate to carry out the provisions of this

12  title."  11 U.S.C. § 105(a).  Bankruptcy Rule 9019(a) in turn states:

13              On motion by the trustee and after notice and a hearing, the court
                may approve a compromise or settlement.  Notice shall be given to
14              creditors, the United States trustee, the debtor, and indenture
                trustees as provided in Rule 2002 and to any other entity as the
15              court may direct.

16  Fed. R. Bankr. P. 9019(a).

17        "The bankruptcy court has great latitude in approving compromise agreements."

18  *Woodson v. Fireman's Fund Ins. Co.* (*In re Woodson*), 839 F.2d 610, 620 (9th Cir. 1988).  "The

19  purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses

20  and burdens associated with litigating contested and dubious claims."  *Martin v. Kane* (*In re

21  A & C Properties*), 784 F.2d 1377, 1380-81 (9th Cir. 1986) [hereinafter "*A & C Properties*"].

22  Accordingly, in approving such an agreement, the Bankruptcy Court need not conduct an

23  exhaustive investigation into the validity, or a mini-trial on the merits, of the claims sought to be

24  compromised.  *United States v. Alaska Nat'l Bank* (*In re Walsh Constr., Inc.*), 669 F.2d 1325,

25  1328 (9th Cir. 1982).

26        Rather, it is sufficient that the Bankruptcy Court find that the settlement was negotiated in

27  good faith and is reasonable, fair, and equitable.  *A & C Properties*, 784 F.2d at 1381.  The Court

28  need only canvass the issues to determine whether the compromise falls "below the lowest point

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972); *see also Anaconda-Ericsson Inc. v. Hessen* (*In re Teltronics Servs., Inc.*), 762 F.2d 185, 189 (2d Cir. 1985).  Finally, although the Bankruptcy Court should consider the reasonable views of creditors, ". . . [O]bjections do not rule.  It is well established that compromises are favored in bankruptcy." *In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

In the Ninth Circuit, courts generally look to the following considerations in determining whether a proposed compromise is reasonable, fair, and equitable:

(a)    the probability of success in the litigation;

(b)    the difficulties, if any, to be encountered in the matter of collection;

(c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it;

(d)    the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*A & C Properties*, 784 F.2d at 1381 (citation omitted).

### B.    Compromise of the Preferential Payments Should Be Approved

Consideration of the *A&C Properties* factors leads to the conclusion that the proposed compromises should be approved.  With regard to the first, second and third factors, although the Trustee could have taken the position that the bankruptcy estate is entitled to the full amount of the Potential Preferential Transfers, the Trustee understands that the recipients would likely vigorously oppose any such position and assert various preference defenses, including those which they may have already asserted during settlement negotiations.  Such disputes in six separate adversary proceedings would likely cost the bankruptcy estate a significant amount in administrative expenses and could result in a ruling in favor of TPR, B&R, Orenda, VSP, Kaiser, or CDN, or all six.  The compromises of the Preferential Payments reflect a reasonable "middle ground" between the parties without the need for costly litigation.

With regard to the fourth *A&C Properties* factor, the Trustee believes that the paramount interest of the creditors is served by the respective terms of the compromises.  The compromises

result in an aggregate payment to the estate in the amount of $362,574.90. As to TPR, B&R and

Orenda, the respective settlements in the aggregate constitute approximately a 76% recovery on

the applicable Potential Preferential Transfers; and as to VSP, Kaiser and CDN, each of which

were insurance providers that provided services to the Debtor through the Petition Date, the

respective settlements in the aggregate constitute a 27.8% recovery on the applicable Potential

Preferential Transfers. These settlements were achieved without the need for the additional

expense of litigation. As such, the compromises detailed herein serve the interest of other

creditors.

Based on these factors, the Trustee believes that respective compromises of the Potential

Preferential Payments are in the best interests of the bankruptcy estate under the circumstances,

are well within the Trustee's business judgment, and should be approved. Rund Decl., ¶¶ 12 - 14.

## III.    CONCLUSION

Based on the foregoing, the Trustee requests that the Bankruptcy Court enter an order (1)

approving the compromises with TPR, B&R, Orenda, VSP, Kaiser and CDN relating to the

Potential Preferential Transfers; (2) approving the VSP Settlement Agreement, the Kaiser

Settlement Agreement and the CDN Settlement Agreement; and (3) granting such other and

further relief as is just and appropriate under the circumstances.

DATED: November 1, 2021                    GREENBERG GLUSKER FIELDS CLAMAN
                                           & MACHTINGER LLP

                                           By: */s/ Keith Patrick Banner*
                                               JEFFREY A. KRIEGER
                                               KEITH PATRICK BANNER
                                               Attorneys for Jason M. Rund,
                                               Chapter 7 Trustee

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

# DECLARATION OF JASON M. RUND

I, Jason M. Rund, declare:

1.      I am the duly appointed and acting chapter 7 Trustee of the bankruptcy estate of Youth Policy Institute, Inc. (the "Debtor"). I have personal knowledge of the facts stated below, or have gained knowledge of them from pleadings and other documents typically obtained and reviewed by trustees administering estates or from the professionals employed to assist me herein, and, if called as a witness, I could and would testify competently thereto.

2.      I submit this Declaration in support of the accompanying *Chapter 7 Trustee's Omnibus Motion Under Fed. R. Bankr. P. 9019 for Order Approving Compromises with Certain Potential Preferential Transfer Recipients* (the "Motion"). Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.      On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7 bankruptcy case. The Debtor filed the Petition on an emergency basis without the required schedules, statements and other case commencement documents listed in section 2.1(b) of the Court Manual.

4.      On the Petition Date, I was duly appointed the chapter 7 trustee pursuant to section 701 of the Bankruptcy Code. The first chapter 7 meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") was held on December 11, 2019 at 9:00 a.m., at which the Debtor's representatives appeared. The 341(a) Meeting was thereafter continued from time to time until concluded on July 9, 2020 (See Docket No. 146).

5.      After obtaining an extension of the deadline to file its required disclosure schedules and statements (*See* Docket No. 9), on December 3, 2019, the Debtor filed its *Schedules*, *Statement of Financial Affairs* and other case commencement documents [Docket Nos. 15 & 16] ("Schedules and SOFA"). Among other disclosures, the Debtor's Schedules and SOFA disclose a number of transfers made by the Debtor during the 90-day pre-petition period.

6.      I and my counsel have reviewed the Schedules and SOFA and the books and records of the Debtor and confirmed that certain payments made by the Debtor during the 90-day

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

pre-petition period were potentially preferential transfers and may be subject to avoidance and

recovery under sections 547 and 550 of the Bankruptcy Code, including the following pre-

petition transfers (collectively, the "Potential Preferential Transfers"):

- A transfer to the Princeton Review ("TPR") in the amount of $26,000 made on August 14, 2019;

- A transfer to Benuck & Rainey, Inc. ("B&R") in the amount of $10,000 made on August 14, 2019;

- A transfer to Orenda Education, dba Principal's Exchange ("Orenda") in the amount of $34,420.00 made on August 14, 2019;

- A series of transfers to Vision Service Plan ("VSP") totaling $23,118.92 made between August 19, 2019 and October 25, 2019; and

- A series of transfers to Kaiser Foundation Health Plan, Inc. ("Kaiser") totaling $1,066,220.85 made between August 19, 2019 and October 24, 2019.

- A series of transfers to California Dental Network ("CDN") totaling $20,487.60 made between August 19, 2019 and October 25, 2019.

7.    To recover the Potential Preferential Transfers, I, through my counsel, served

demand letters on the recipients of the Potential Preferential Transfers, as follows: to TPR on

May 5, 2021; to B&R on May 5, 2021; to Orenda on May 5, 2021, to CDN on May 5, 2021, to

Kaiser on May 6, 2021 and to VSP on July 13, 2021.

8.    After service of the demands, I, through counsel, engaged in extensive good faith

negotiations with the recipients of the Potential Preferential Transfers, during which various

available defenses of each recipient were evaluated, including any statutory defenses asserted

under section 547(c) of the Bankruptcy Code.  Taking into account the various available defenses,

I, through counsel, worked with the recipients of the Potential Preferential Transfers and achieved

resolutions regarding each without the need for litigation, as follows:

- As to TPR, the Trustee agreed to accept a payment of $20,000 in satisfaction of any preference claim of the estate;

- As to B&R, the Trustee agreed to accept a payment of $8,500 in satisfaction any

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

DECLARATION OF
JASON M. RUND

preference claim of the estate;

- As to Orenda, the Trustee agreed to accept a payment of $25,000 in satisfaction of any preference claim of the estate;

- As to VSP, the Trustee agreed to accept a payment of $7,500 in satisfaction any preference claims of the estate; and

- As to Kaiser, the Trustee agreed to accept a payment of $294,107.90 in satisfaction of any preference claims of the estate.

- As to CDN, the Trustee agreed to accept a payment of $7,467.00 in satisfaction of any preference claim of the estate.

9.    The settlement with VSP was memorialized in a settlement agreement, a true and correct copy of which is attached hereto as <u>Exhibit 1</u>.  The settlement with Kaiser was memorialized in a settlement agreement, a true and correct copy of which is attached hereto as <u>Exhibit 2</u>.  The settlement with CDN was memorialized in a settlement agreement, a true and correct copy of which is attached hereto as <u>Exhibit 3</u>.

10.    The settlements agreed to with TPR, B&R and Orenda were not formally memorialized in any settlement agreements, though I did agree, on behalf of the bankruptcy estate, to accept the respective settlement payments in full satisfaction of any liability relating to the Potential Preferential Transfers.

11.    I have since received the settlement payments from TPR, B&R, Orenda, VSP and Kaiser; and I expect to soon receive the settlement payment from CDN.

12.    Consideration of the *A&C Properties* factors leads me to the conclusion that the proposed compromises should be approved.  With regard to the first, second and third factors, although I could have taken the position that the bankruptcy estate is entitled to the full amount of the Potential Preferential Transfers, I understand that the recipients would likely vigorously oppose any such position and assert various preference defenses, including those which they may have already asserted during settlement negotiations.  Such disputes in six separate adversary proceedings would likely cost the bankruptcy estate a significant amount in administrative expenses and could result in a ruling in favor of TPR, B&R, Orenda, VSP, Kaiser, CDN or all six.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

DECLARATION OF JASON M. RUND

1   The compromise of the Potential Preferential Transfers reflects a reasonable "middle ground"

2   between the parties without the need for costly litigation.

3        13.    With regard to the fourth *A&C Properties* factor, I believe that the paramount

4   interest of the creditors is served by the terms of the compromises.  The compromises result in an

5   aggregate payment to the estate in the amount of $362,574.90.  As to TPR, B&R and Orenda, the

6   respective settlements in the aggregate constitute approximately a 76% recovery on the applicable

7   Potential Preferential Transfers; as to VSP, Kaiser and CDN, each of which were insurance

8   providers that provided services to the Debtor through the Petition Date, the respective

9   settlements in the aggregate constitute a 27.8% recovery on the applicable Potential Preferential

10  Transfers.  These settlements were achieved without the need for the additional expense of

11  litigation.  As such, I believe the compromises serve the interest of other creditors.

12       14.    Based on these factors, I believe that the respective compromises of the Potential

13  Preferential Transfers are in the best interests of the bankruptcy estate under the circumstances,

14  are well within my business judgment, and should be approved.

15

16       I declare under penalty of perjury under the laws of the United States of America that the

17  foregoing is true and correct.

18       Executed this 1st day of November 2021, at El Segundo, California.

19

20                                                    _____

21                                                    JASON M. RUND

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

# EXHIBIT "1"

EXECUTION COPY

Youth Policy Institute, Inc.
Bankruptcy Case No. 2:19-bk-23085-BB

### SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "Settlement Agreement") is made by and between: (1) Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor Youth Policy Institute, Inc. (the "Debtor") and (2) Vision Service Plan ("VSP"). The Trustee and VSP may be referred to herein collectively as the "Parties" and each, a "Party".

**WHEREAS,** on November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7, title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court");

**WHEREAS,** on the Petition Date, the Trustee was duly appointed the chapter 7 trustee of the Debtor's bankruptcy estate pursuant to section 701 of the Bankruptcy Code;

**WHEREAS,** the Trustee asserts that Debtor made transfers to VSP in the 90-days preceding the Petition Date totaling $23,118.92 (the "Transfers"), which the Trustee asserts are avoidable and may be recovered by the bankruptcy estate under sections 547 and 550 of the Bankruptcy Code;

**WHEREAS,** VSP has asserted certain defenses to the avoidance and recovery of the Transfers;

**WHEREAS,** following good faith negotiations, the Trustee and VSP desire to settle and compromise this matter, on the terms set forth herein, to avoid the cost and uncertainty of litigation; and

**WHEREAS,** VSP has agreed to pay the Settlement Payment (as defined herein) to the Trustee on behalf of the Debtor's bankruptcy estate in full and final settlement of its alleged liability for the aforementioned Transfers under Chapter 5 of the Bankruptcy Code.

**NOW THEREFORE**, the Parties agree as follows:

1. Settlement Payment. In exchange for the release described in Section 4 of this Settlement Agreement, VSP shall pay, or cause to be paid, to the Trustee the amount of $7,500.00 U.S. Dollars (the "Settlement Payment") via check made payable to "Jason M. Rund, Chapter 7 Trustee". If the Settlement Payment is not received by the Trustee on or before October 9, 2021 (the "Payment Deadline"), this Settlement Agreement shall be null and void. Notwithstanding the foregoing, the Payment Deadline may be modified by mutual agreement between the Parties.

2. Bankruptcy Court Approval. This Settlement Agreement is subject to approval of the Bankruptcy Court. After the Settlement Agreement is fully executed and delivered to the Trustee, his counsel shall prepare and file a motion seeking Bankruptcy Court approval of the compromise embodied in this Settlement Agreement.

3. Effective Date. For the purposes of this Settlement Agreement "Effective Date" shall mean the day upon which the last of the following occurs: (a) the Settlement Agreement has been

1

Exhibit 1
13

EXECUTION COPY

duly executed by both Parties; (b) the Trustee has received the full amount of the Settlement Payment; and (c) the Bankruptcy Court enters and order approving this Settlement Agreement.

4.   <u>Mutual Releases</u>.

    a.   <u>Releases by the Trustee</u>.  Upon the occurrence of the Effective Date, except as provided in paragraph 5 hereof, the Trustee, on behalf of the Debtor's bankruptcy estate, knowingly and voluntarily, unconditionally, irrevocably and absolutely, waives, releases, covenants not to sue and discharges all claims, obligations, suits, judgments, remedies, damages, demands, debts, rights, causes of action and liabilities, claims for relief, expenses, losses, or other rights to payment or obligations of any kind with respect to  or claims to recover the Transfers against VSP, and its past and present representatives, agents, insurers, employees, successors and assigns, whether liquidated, matured, fixed, disputed or contingent.

    b.   <u>Releases by the VSP</u>.  Upon the occurrence of the Effective Date, except as provided in paragraph 6 hereof, VSP, knowingly and voluntarily, unconditionally, irrevocably and absolutely, waives, releases, covenants not to sue and discharges all claims, obligations, suits, judgments, remedies, damages, demands, debts, rights, causes of action and liabilities, claims for relief, expenses, losses, or other rights to payment or obligations of any kind with respect to or claims to recover the Transfers against the Trustee and his past and present representatives, agents, insurers, employees, successors, and assigns, whether liquidated, matured, fixed, disputed or contingent.

    c.   <u>Waiver of Civil Code § 1542</u>.  It is understood and agreed as between the Parties hereto that all rights under Section 1542 of the California Civil Code are hereby expressly waived as to the claims released in this Settlement Agreement. Said section reads as follows:

> 1542.   A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

5.   <u>Claims Against Debtors' Estate</u>.  VSP's claim(s) and/or any proof of claim(s) against the Debtor or its estate, if any, shall not be amended, modified or otherwise affected as a result of this Settlement Agreement.

6.   <u>No Admission of Liability.</u>  Each of the Parties acknowledge this Settlement Agreement is a compromise of a disputed claim and that the Settlement Payment made hereunder is not intended to be construed as an admission of any liability by either Party.

7.   <u>Entire Agreement.</u>   This Settlement Agreement constitutes the complete understanding between the Parties and it cannot be altered, amended, or modified in any respect, except by a writing duly executed by both Parties.

Exhibit 1
14

8. <u>Voluntary Act</u>. Each of the Parties does hereby warrant, with respect to itself only, that it is authorized and empowered to execute this Settlement Agreement. The Parties acknowledge that they have read this Settlement Agreement in its entirety, fully understood its terms, and voluntarily accepted the terms set forth herein. Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Settlement Agreement and it is signing this Settlement Agreement of its own free will.

9. <u>Governing Law/Venue</u>. Each Party agrees that this Settlement Agreement shall be governed by and interpreted under the laws of the State of California and, where appropriate, the Bankruptcy Code. Should any Party institute any action or proceeding to enforce any provision hereof or for damages by reason of any alleged breach of any provision of this Settlement Agreement, such action shall be brought in the Bankruptcy Court, and the Parties hereto expressly consent to the jurisdiction of the Bankruptcy Court with respect to any such action.

10. <u>Attorney Fees.</u>  Each Party shall bear its own attorneys' fees and costs relating to the Transfers settlement negotiations and the negotiation and execution of this Settlement Agreement.  However, if either Party must commence an action to enforce the terms of this Settlement Agreement, the prevailing Party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said enforcement action.

11. <u>No Assignment.</u>  Each Party hereby represents and warrants to the other Party that it has made no assignment, and hereafter will make no assignment of any claim, cause in action, right of action, or any other right released pursuant to this Settlement Agreement.

12. <u>Execution in Counterparts.</u>  It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be executed as of September 9, 2021.

"TRUSTEE"  

"VSP"

VISION SERVICE PLAN

By: Nicole Wasylkiw

_____
JASON M. RUND, Solely in His Capacity as Chapter 7 Trustee of the Bankrutpcy Estate of Youth Policy Institute, Inc.

Name: Nicole Wasylkiw

Its: Corporate Counsel

3

Exhibit 1
15

EXECUTION COPY

8.    <u>Voluntary Act</u>. Each of the Parties does hereby warrant, with respect to itself only, that it is authorized and empowered to execute this Settlement Agreement. The Parties acknowledge that they have read this Settlement Agreement in its entirety, fully understood its terms, and voluntarily accepted the terms set forth herein. Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Settlement Agreement and it is signing this Settlement Agreement of its own free will.

9.    <u>Governing Law/Venue</u>. Each Party agrees that this Settlement Agreement shall be governed by and interpreted under the laws of the State of California and, where appropriate, the Bankruptcy Code. Should any Party institute any action or proceeding to enforce any provision hereof or for damages by reason of any alleged breach of any provision of this Settlement Agreement, such action shall be brought in the Bankruptcy Court, and the Parties hereto expressly consent to the jurisdiction of the Bankruptcy Court with respect to any such action.

10.   <u>Attorney Fees</u>.  Each Party shall bear its own attorneys' fees and costs relating to the Transfers settlement negotiations and the negotiation and execution of this Settlement Agreement.  However, if either Party must commence an action to enforce the terms of this Settlement Agreement, the prevailing Party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said enforcement action.

11.   <u>No Assignment.</u>  Each Party hereby represents and warrants to the other Party that it has made no assignment, and hereafter will make no assignment of any claim, cause in action, right of action, or any other right released pursuant to this Settlement Agreement.

12.   <u>Execution in Counterparts.</u>  It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be executed as of September 9, 2021.

"TRUSTEE"                                          "VSP"

                                                   VISION SERVICE PLAN

_____                     By: Nicole Wasylkiw _____

JASON M. RUND, Solely in His Capacity as           Name:    Nicole Wasylkiw
Chapter 7 Trustee of the Bankrutpcy Estate of
Youth Policy Institute, Inc.
                                                   Its:    Corporate Counsel

3

Exhibit 1
16

# EXHIBIT "2"

**EXECUTION COPY**

Youth Policy Institute, Inc.
Bankruptcy Case No. 2:19-bk-23085-BB

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "Settlement Agreement") is made by and between: (1) Jason M. Rund, solely in his capacity as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor Youth Policy Institute, Inc. (the "Debtor") and (2) Kaiser Foundation Health Plan, Inc. ("Kaiser"). The Trustee and Kaiser may be referred to herein collectively as the "Parties" and each, a "Party".

**WHEREAS,** on November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7, title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court");

**WHEREAS,** on the Petition Date, the Trustee was duly appointed the chapter 7 trustee of the Debtor's bankruptcy estate pursuant to section 701 of the Bankruptcy Code;

**WHEREAS**, the Trustee asserts that the Debtor made transfers to Kaiser in the 90-days preceding the Petition Date totaling approximately $1,066,220.85 (the "Transfers"), which the Trustee asserts are avoidable and may be recovered by the bankruptcy estate under sections 547 and 550 of the Bankruptcy Code;

**WHEREAS,** Kaiser has asserted certain defenses to the avoidance and recovery of the Transfers;

**WHEREAS**, following good faith negotiations, the Trustee and Kaiser desire to settle and compromise this matter, on the terms set forth herein, to avoid the cost and uncertainty of litigation; and

**WHEREAS,** Kaiser has agreed to pay the Settlement Payment (as defined herein) to the Trustee on behalf of the Debtor's bankruptcy estate in full and final settlement of its alleged liability for the aforementioned Transfers under Chapter 5 of the Bankruptcy Code.

**NOW THEREFORE**, the Parties agree as follows:

1.   Settlement Payment. In exchange for the release described in Section 4 of this Settlement Agreement, Kaiser shall pay, or cause to be paid, to the Trustee the amount of $294,107.90 U.S. Dollars (the "Settlement Payment") via check made payable to "Jason M. Rund, Chapter 7 Trustee". If the Settlement Payment is not received by the Trustee on or before November 1, 2021 (the "Payment Deadline"), this Settlement Agreement shall be null and void. Notwithstanding the foregoing, the Payment Deadline may be modified by mutual agreement between the Parties.

2.   Bankruptcy Court Approval. This Settlement Agreement is subject to approval of the Bankruptcy Court. After the Settlement Agreement is fully executed and delivered to the Trustee, his counsel shall prepare and file a motion seeking Bankruptcy Court approval of the compromise embodied in this Settlement Agreement.

:9547033335274765;3<8##

Exhibit 2
18

EXECUTION COPY

3. <u>Effective Date</u>. For the purposes of this Settlement Agreement "<u>Effective Date</u>" shall mean the day upon which the last of the following occurs: (a) the Settlement Agreement has been duly executed by both Parties; (b) the Trustee has received the full amount of the Settlement Payment; and (c) the Bankruptcy Court enters and order approving this Settlement Agreement.

4. <u>Release</u>.

    a. <u>Releases by the Trustee</u>. Upon the occurrence of the Effective Date, the Trustee, on behalf of the Debtor's bankruptcy estate, knowingly and voluntarily, unconditionally, irrevocably and absolutely, waives, releases, covenants not to sue and discharges all claims, obligations, suits, judgments, remedies, damages, demands, debts, rights, causes of action and liabilities, claims for relief, expenses, losses, or other rights to payment or obligations of any kind from the beginning of time to the end of time including, but not limited to, all claims to recover the Transfers against Kaiser, and its past and present representatives, agents, insurers, attorneys, employees, successors and assigns, whether liquidated, matured, fixed, disputed or contingent.

    b. <u>Waiver of Civil Code § 1542</u>. It is understood and agreed as between the Parties hereto that all rights under Section 1542 of the California Civil Code are hereby expressly waived as to the claims released in this Settlement Agreement. Said section reads as follows:

        1542. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

5. <u>Claims Against Debtors' Estate</u>. Any proof of claim with respect to the Settlement Payment filed by Kaiser under section 502(h) of the Bankruptcy Code must be filed no later than 30 days from the Effective Date.

6. <u>No Admission of Liability</u>. Each of the Parties acknowledge this Settlement Agreement is a compromise of a disputed claim and that the Settlement Payment made hereunder is not intended to be construed as an admission of any liability by either Party.

7. <u>Entire Agreement</u>. This Settlement Agreement constitutes the complete understanding between the Parties and it cannot be altered, amended, or modified in any respect, except by a writing duly executed by both Parties.

8. <u>Voluntary Act</u>. Each of the Parties does hereby warrant, with respect to itself only, that it is authorized and empowered to execute this Settlement Agreement. The Parties acknowledge that they have read this Settlement Agreement in its entirety, fully understood its terms, and voluntarily accepted the terms set forth herein. Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with

respect to the terms of this Settlement Agreement and it is signing this Settlement Agreement of its own free will.

9.   Governing Law/Venue.  Each Party agrees that this Settlement Agreement shall be governed by and interpreted under the laws of the State of California and, where appropriate, the Bankruptcy Code.  Should any Party institute any action or proceeding to enforce any provision hereof or for damages by reason of any alleged breach of any provision of this Settlement Agreement, such action shall be brought in the Bankruptcy Court, and the Parties hereto expressly consent to the jurisdiction of the Bankruptcy Court with respect to any such action.

10.   Attorney Fees.  Each Party shall bear its own attorneys' fees and costs relating to the Transfers, settlement negotiations, and the negotiation and execution of this Settlement Agreement.

11.   No Assignment.  Each Party hereby represents and warrants to the other Party that it has made no assignment, and hereafter will make no assignment of any claim, cause in action, right of action, or any other right released pursuant to this Settlement Agreement.

12.   Execution in Counterparts.  It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be executed as of September 30, 2021.

"TRUSTEE"

_____
JASON M. RUND, Solely in His Capacity as
Chapter 7 Trustee of the Bankrutpcy Estate of
Youth Policy Institute, Inc.

"KAISER"

KAISER FOUNDATION HEALTH PLAN, INC.

By: _____

Name: _Laura L. Sokolowski_

Its: _VP Membership Administration_

#
:9547033352747671;3v5##

3

Exhibit 2
20

# EXHIBIT "3"

Youth Policy Institute, Inc.
Bankruptcy Case No. 2:19-bk-23085-BB

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "Settlement Agreement") is made by and between: (1) Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor Youth Policy Institute, Inc. (the "Debtor") and (2) California Dental Network, Inc. ("CDN"). The Trustee and CDN may be referred to herein collectively as the "Parties" and each, a "Party".

**WHEREAS,** on November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7, title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court");

**WHEREAS,** on the Petition Date, the Trustee was duly appointed the chapter 7 trustee of the Debtor's bankruptcy estate pursuant to section 701 of the Bankruptcy Code;

**WHEREAS**, the Trustee asserts that Debtor made transfers to CDN in the 90-days preceding the Petition Date totaling $20,487.60 (the "Transfers"), which the Trustee asserts are avoidable and may be recovered by the bankruptcy estate under sections 547 and 550 of the Bankruptcy Code;

**WHEREAS,** CDN has asserted certain defenses to the avoidance and recovery of the Transfers;

**WHEREAS**, following good faith negotiations, the Trustee and CDN desire to settle and compromise this matter, on the terms set forth herein, to avoid the cost and uncertainty of litigation; and

**WHEREAS,** CDN has agreed to pay the Settlement Payment (as defined herein) to the Trustee on behalf of the Debtor's bankruptcy estate in full and final settlement of its alleged liability for the aforementioned Transfers under Chapter 5 of the Bankruptcy Code.

**NOW THEREFORE**, the Parties agree as follows:

1. <u>Settlement Payment.</u>  In exchange for the release described in Section 4 of this Settlement Agreement, CDN shall pay, or cause to be paid, to the Trustee the amount of $7,467.00 U.S. Dollars (the "Settlement Payment") via check made payable to "Jason M. Rund, Chapter 7 Trustee".  If the Settlement Payment is not received by the Trustee on or before November 5, 2021 (the "Payment Deadline"), this Settlement Agreement shall be null and void. Notwithstanding the foregoing, the Payment Deadline may be modified by mutual agreement between the Parties.

2. <u>Bankruptcy Court Approval.</u>  This Settlement Agreement is subject to approval of the Bankruptcy Court.  After the Settlement Agreement is fully executed and delivered to the Trustee, his counsel shall prepare and file a motion seeking Bankruptcy Court approval of the compromise embodied in this Settlement Agreement.

3. <u>Effective Date</u>. For the purposes of this Settlement Agreement "Effective Date" shall mean the day upon which the last of the following occurs: (a) the Settlement Agreement has been

Exhibit 3
22

duly executed by both Parties; (b) the Trustee has received the full amount of the Settlement Payment; and (c) the Bankruptcy Court enters and order approving this Settlement Agreement.

4.    <u>Mutual Releases</u>.

    a.    <u>Releases by the Trustee</u>.  Upon the occurrence of the Effective Date, the Trustee, on behalf of the Debtor's bankruptcy estate, knowingly and voluntarily, unconditionally, irrevocably and absolutely, waives, releases, covenants not to sue and discharges all claims, obligations, suits, judgments, remedies, damages, demands, debts, rights, causes of action and liabilities, claims for relief, expenses, losses, or other rights to payment or obligations of any kind against CDN, and its past and present representatives, agents, insurers, employees, successors and assigns, whether liquidated, matured, fixed, disputed or contingent.

    b.    <u>Releases by the CDN</u>.  Upon the occurrence of the Effective Date, CDN, knowingly and voluntarily, unconditionally, irrevocably and absolutely, waives, releases, covenants not to sue and discharges all claims, obligations, suits, judgments, remedies, damages, demands, debts, rights, causes of action and liabilities, claims for relief, expenses, losses, or other rights to payment or obligations of any kind against the Trustee and his past and present representatives, agents, insurers, employees, successors, and assigns, whether liquidated, matured, fixed, disputed or contingent.

    c.    <u>Waiver of Civil Code § 1542</u>.  It is understood and agreed as between the Parties hereto that all rights under Section 1542 of the California Civil Code are hereby expressly waived as to the claims released in this Settlement Agreement. Said section reads as follows:

> 1542.  A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

5.    <u>Claims Against Debtors' Estate</u>.  Any proof of claim with respect to the Settlement Payment filed by CDN under section 502(h) of the Bankruptcy Code must be filed no later than 30 days from the Effective Date.

6.    <u>No Admission of Liability.</u>  Each of the Parties acknowledge this Settlement Agreement is a compromise of a disputed claim and that the Settlement Payment made hereunder is not intended to be construed as an admission of any liability by either Party.

7.    <u>Entire Agreement.</u>  This Settlement Agreement constitutes the complete understanding between the Parties and it cannot be altered, amended, or modified in any respect, except by a writing duly executed by both Parties.

Exhibit 3
23

EXECUTION COPY

8. <u>Voluntary Act</u>. Each of the Parties does hereby warrant, with respect to itself only, that it is authorized and empowered to execute this Settlement Agreement. The Parties acknowledge that they have read this Settlement Agreement in its entirety, fully understood its terms, and voluntarily accepted the terms set forth herein. Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Settlement Agreement and it is signing this Settlement Agreement of its own free will.

9. <u>Governing Law/Venue</u>. Each Party agrees that this Settlement Agreement shall be governed by and interpreted under the laws of the State of California and, where appropriate, the Bankruptcy Code. Should any Party institute any action or proceeding to enforce any provision hereof or for damages by reason of any alleged breach of any provision of this Settlement Agreement, such action shall be brought in the Bankruptcy Court, and the Parties hereto expressly consent to the jurisdiction of the Bankruptcy Court with respect to any such action.

10. <u>Attorney Fees.</u>  Each Party shall bear its own attorneys' fees and costs relating to the Transfers settlement negotiations and the negotiation and execution of this Settlement Agreement. However, if either Party must commence an action to enforce the terms of this Settlement Agreement, the prevailing Party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said enforcement action.

11. <u>No Assignment.</u> Each Party hereby represents and warrants to the other Party that it has made no assignment, and hereafter will make no assignment of any claim, cause in action, right of action, or any other right released pursuant to this Settlement Agreement.

12. <u>Execution in Counterparts.</u> It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be executed as of October 27, 2021.

"TRUSTEE"

JASON M. RUND, Solely in His Capacity as
Chapter 7 Trustee of the Bankrutpcy Estate of
Youth Policy Institute, Inc.

"CDN"

CALIFORNIA DENTAL NETWORK, INC.

By:_____

Name:_____

Its:_____

Exhibit 3
24

EXECUTION COPY

8.  <u>Voluntary Act</u>. Each of the Parties does hereby warrant, with respect to itself only, that it is authorized and empowered to execute this Settlement Agreement. The Parties acknowledge that they have read this Settlement Agreement in its entirety, fully understood its terms, and voluntarily accepted the terms set forth herein. Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Settlement Agreement and it is signing this Settlement Agreement of its own free will.

9.  <u>Governing Law/Venue</u>. Each Party agrees that this Settlement Agreement shall be governed by and interpreted under the laws of the State of California and, where appropriate, the Bankruptcy Code. Should any Party institute any action or proceeding to enforce any provision hereof or for damages by reason of any alleged breach of any provision of this Settlement Agreement, such action shall be brought in the Bankruptcy Court, and the Parties hereto expressly consent to the jurisdiction of the Bankruptcy Court with respect to any such action.

10. <u>Attorney Fees.</u> Each Party shall bear its own attorneys' fees and costs relating to the Transfers settlement negotiations and the negotiation and execution of this Settlement Agreement. However, if either Party must commence an action to enforce the terms of this Settlement Agreement, the prevailing Party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said enforcement action.

11. <u>No Assignment.</u> Each Party hereby represents and warrants to the other Party that it has made no assignment, and hereafter will make no assignment of any claim, cause in action, right of action, or any other right released pursuant to this Settlement Agreement.

12. <u>Execution in Counterparts.</u> It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be executed as of October 27, 2021.

"TRUSTEE"                                          "CDN"

                                                   CALIFORNIA DENTAL NETWORK, INC.

                                                   By: _____

_____

JASON M. RUND, Solely in His Capacity as           Name: _Brian W. Watts_____
Chapter 7 Trustee of the Bankrutpcy Estate of
Youth Policy Institute, Inc.                       Its: _C.E.O._____

Exhibit 3
25

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 2049 Century Park East, Ste. 2600 Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): CHAPTER 7 TRUSTEE'S OMNIBUS MOTION
MOTION UNDER FED. R. BANKR. P. 9019 FOR ORDER APPROVING COMPROMISES WITH CERTAIN
POTENTIAL PREFERENTIAL TRANSFER RECIPIENTS DECLARATION OF JASON M. RUND IN SUPPORT
THEREOF
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
 11/01/2021          , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)   11/01/2021          , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

Debtor
Youth Policy Institute, Inc.
6464 Sunset Blvd., Ste. 650
Los Angeles, CA 90028

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   11/01/2021          , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

Via Messenger
The Honorable Sheri Bluebond
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Ste. 1534
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/01/2021 | Julie King | | /s/ Julie King |
|---|---|---|---|
| *Date* | *Printed Name* | | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- Keith Patrick Banner    kbanner@greenbergglusker.com,
  sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass    bob.bass47@icloud.com
- Magdalena R Bordeaux    mbordeaux@publiccounsel.org
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Jeffrey A Krieger    jkrieger@ggfirm.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Christopher E Prince    cprince@lesnickprince.com,
  jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Daniel C Sharpe    , daniel.c.sharpe@me.com
- Matthew N Sirolly    msirolly@dir.ca.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Andy C Warshaw    awarshaw@bwlawcenter.com, ecf@bwlawcenter.com
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-
  0813@ecf.pacerpro.com


2. <u>**SERVED BY UNITED STATES MAIL**</u>:

Ford Motor Credit

| | | |
|---|---|---|
| FORD MOTOR CREDIT<br>PO Box 537901<br>Livonia, MI 48153 | Ford Motor Credit<br>P.O. Box 650574<br>Dallas, TX 75265-0574 | Ford Motor Credit<br>1501 North Plano Road Ste.<br>100.<br> Richardson, TX 75081 |
| Ford Motor Credit<br>260 Interstate N PKWY NW<br>Atlanta, GA 30339 | | |

Secured Creditors

| | | |
|---|---|---|
| Think Together<br>2101 E 4th St Ste. 200B<br>Santa Ana, CA 92705<br>Attn: Teresa A. McQueen,<br>General Counsel | Jules and Associates<br>2 Great Valley Parkway,<br>Suite 300<br>Malvern, PA 19355 | Non-Profit Finance Fund<br>5 Hanover Square,<br>9th Floor<br>New York, NY 10004 |

Unsecured Creditors

| | | |
|---|---|---|
| American Express<br>World Financial Center<br>New York, NY 10285 | Bright Star Schools<br>2636 South Mansfield<br>Avenue<br>Los Angeles, CA 90016 | C3 Business Solutions<br>20321 SW Acacia St.,<br>Suite 200<br>Newport Beach, CA 92660 |

California Department of
Education
21st 1430 N Street
Sacramento, CA 95814-5901

Department of Education
(Los Angeles Prom)
400 Maryland Avenue, SW
Washington, DC 20202

Employed Security Service
Center Inc.
959 E., Walnut Street
Suite 112
Pasadena, CA 91106

Fresh Start Meals Inc
1530 1st Street
San Fernando, CA 91340

Granada Hills Charter High
School
10535 Zelzah Avenue
Granada Hills, CA 91344

JFK Transportation Company
Inc.
980 W. 17th Street
Suite B
Santa Ana, CA 92706

Multicultural Learning Center
7510 Desoto Avenue
Canoga Park, CA 91303

NIU College
5959 Topanga Canyon Blvd.
Suite 110
Woodland Hills, CA 91367

Oracle America, Inc.
P.O. Box 44471
San Francisco, CA 94144

Orenda Education
(Principal's Exchange)
2101 E. Fourth Street
Suite 200B
Santa Ana, CA 92705

Roth Staffing Companies,
L.P.
P.O. Box 60003
Anaheim, CA 92812

Sabio Enterprises, Inc.
400 Corporate Pointe, Suite
300
Culver City, CA 90230

Spectrum
9260 Topanga Canyon Blvd.
Chatsworth, CA 91311

Staples Contract &
Commercial Inc.
Dept. La
P.O. Box 83689
Chicago, IL 60696

Staples Technology
P.O. Box 95230
Chicago, IL 60694

Stem & More LLC
7618 Jellico Avenue
Northridge, CA 91325

Ultimate Software (Payroll
Services)
P.O. Box 930953
Atlanta, GA 91193

JEFFREY A. KRIEGER (SBN 156535)
JKrieger@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067
Telephone:  310.553.3610
Fax:  310.553.0687

Attorneys for Jason M. Rund,
Chapter 7 Trustee

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YOUTH POLICY INSTITUTE, INC.,<br><br>    Debtor. | Case No. 2:19-bk-23085-BB<br><br>Chapter 7<br><br>**NOTICE OF CHAPTER 7 TRUSTEE'S OMNIBUS MOTION UNDER FED. R. BANKR. P. 9019 FOR ORDER APPROVING COMPROMISES WITH CERTAIN POTENTIAL PREFERENTIAL TRANSFER RECIPIENTS**<br><br>[NO HEARING REQUIRED] |

  **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-INTEREST HEREIN:**

  **PLEASE TAKE NOTICE** that Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor Youth Policy Institute, Inc. (the "Debtor") has filed his *Chapter 7 Trustee's Omnibus Motion Under Fed. R. Bankr. P. 9019 for Order Approving Compromises with Certain Potential Preferential Transfer Recipients* [Docket No. 186] (the "Motion") seeking entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules" and each, a "Bankruptcy Rule") approving compromises with the following recipients of transfers made within the ninety-day pre-petition period: the Princeton Review ("TPR"); Benuck & Rainey, Inc. ("B&R"); Orenda Education, dba Principal's Exchange ("Orenda"); Vision Service Plan ("VSP"); Kaiser Foundation Health Plan, Inc. ("Kaiser"); and California Dental Network ("CDN"). Specifically, the Trustee, on behalf of the estate, has agreed to the following settlements without the need for litigation:

- As to TPR, the Trustee agreed to accept a payment of $20,000 in satisfaction of any preference claim of the estate;

- As to B&R, the Trustee agreed to accept a payment of $8,500 in satisfaction any preference claim of the estate;

- As to Orenda, the Trustee agreed to accept a payment of $25,000 in satisfaction of any preference claim of the estate;

- As to VSP, the Trustee agreed to accept a payment of $7,500 in satisfaction any preference claims of the estate;

- As to Kaiser, the Trustee agreed to accept a payment of $294,107.90 in satisfaction of any preference claims of the estate; and

- As to CDN, the Trustee agreed to accept a payment of $7,467.00 in satisfaction of any preference claim of the estate.

The settlements with VSP, Kaiser and CDN were memorialized in settlement agreements attached to the *Declaration of Jason M. Rund* (the "Rund Declaration") attached to the Motion as Exhibit 1 (the "VSP Settlement Agreement"), Exhibit 2 (the "Kaiser Settlement Agreement"), and Exhibit 3 (the "CDN Settlement Agreement"). The settlements agreed to with TPR, B&R and Orenda were not formally memorialized in any settlement agreements, though the Trustee did agree to accept the respective settlement payments in full satisfaction of any liability relating to any potential preference claims.

As further set forth in the Motion, the compromises are the result of extensive, good faith negotiations between the Trustee and the potential preference recipients. The compromises result in an aggregate payment to the estate in the amount of $362,574.90. As to TPR, B&R and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

NOTICE OF OMNIBUS MOTION TO APPROVE
COMPROMISES OF PREFERENCE CLAIMS

1   Orenda, the respective settlements in the aggregate constitute approximately a 76% recovery on

2   the applicable potential preferential transfers; and as to VSP, Kaiser and CDN, each of which

3   were insurance providers that provided services to the Debtor through the Petition Date, the

4   respective settlements in the aggregate constitute a 27.8% recovery on the applicable potential

5   preferential transfers.  These settlements were achieved without the need for the additional

6   expense of litigation.  The Trustee believes that the compromises are in the best interests of the

7   bankruptcy estate under the circumstances, are well within the Trustee's business judgment, and

8   should be approved.

9       **PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice, the

10  Rund Declaration, the record in this case and all other matters of which this Court may take

11  judicial notice pursuant to Rule 201 of the Federal Rules of Evidence, and such further oral and

12  documentary evidence as may be presented at any hearing on this Motion.

13      **PLEASE TAKE FURTHER NOTICE** that pursuant to the Court's *Order Granting*

14  *Motion for Order Limiting Scope of Notice* [Docket No. 32] (the "Order Limiting Notice"), the

15  Motion constitutes a Limit Notice Matter and therefore the Trustee will serve the Motion and this

16  Notice on the Limited Service List.

17      **PLEASE TAKE FURTHER NOTICE** that in accordance with Local Bankruptcy Rule

18  9013-1(o)(1), any response to the Motion and request for hearing must be in the form required by

19  Local Bankruptcy Rule 9013-1(f)(1) and must be filed with the Court and served on: (i) the

20  Trustee at 840 Apollo Street, Suite 351, El Segundo, California 90245; (ii) his general bankruptcy

21  counsel, Greenberg Glusker Fields Claman & Machtinger LLP, Attn:  Jeffrey A. Krieger, Esq.

22  and Keith Patrick Banner, Esq., 2049 Century Park East, Ste. 2600, Los Angeles, California

23  90067; and (iii) the Office of the United States Trustee, located at 915 Wilshire Blvd., Suite 1850,

24  Los Angeles, California 90017, within seventeen (17) days from the date of service of this Notice.

25      If you fail to file a written response within seventeen (17) days from the date of the

26  service of this Notice, the Bankruptcy Court may treat such failure as a waiver of your right to

27  oppose the Motion and may grant the requested relief.

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

NOTICE OF OMNIBUS MOTION TO APPROVE
COMPROMISES OF PREFERENCE CLAIMS

DATED:  November 1, 2021

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP


By: */s/ Keith Patrick Banner*
    JEFFREY A. KRIEGER
    KEITH PATRICK BANNER
    Attorneys for Jason M. Rund,
    Chapter 7 Trustee

NOTICE OF OMNIBUS MOTION TO APPROVE
COMPROMISES OF PREFERENCE CLAIMS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2049 Century Park East, Ste. 2600 Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF CHAPTER 7 TRUSTEE'S OMNIBUS
MOTION UNDER FED. R. BANKR. P. 9019 FOR ORDER APPROVING COMPROMISES WITH CERTAIN
POTENTIAL PREFERENTIAL TRANSFER RECIPIENTS

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
11/01/2021_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___11/01/2021_____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

Debtor
Youth Policy Institute, Inc.
6464 Sunset Blvd. Ste. 650
Los Angeles, CA 90028

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___11/01/2021_____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Via Messenger
The Honorable Sheri Bluebond
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Ste. 1534
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 11/01/2021 | Julie King | /s/ Julie King |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                     **F 9013-3.1.PROOF.SERVICE**

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- Keith Patrick Banner    kbanner@greenbergglusker.com,
  sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass    bob.bass47@icloud.com
- Magdalena R Bordeaux    mbordeaux@publiccounsel.org
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Jeffrey A Krieger    jkrieger@ggfirm.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Christopher E Prince    cprince@lesnickprince.com,
  jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Daniel C Sharpe    , daniel.c.sharpe@me.com
- Matthew N Sirolly    msirolly@dir.ca.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Andy C Warshaw    awarshaw@bwlawcenter.com, ecf@bwlawcenter.com
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com

2. <u>**SERVED BY UNITED STATES MAIL**</u>:

<u>Ford Motor Credit</u>

| | | |
|---|---|---|
| FORD MOTOR CREDIT<br>PO Box 537901<br>Livonia, MI 48153 | Ford Motor Credit<br>P.O. Box 650574<br>Dallas, TX 75265-0574 | Ford Motor Credit<br>1501 North Plano Road Ste.<br>100.<br> Richardson, TX 75081 |
| Ford Motor Credit<br>260 Interstate N PKWY NW<br>Atlanta, GA 30339 | | |

<u>Secured Creditors</u>

| | | |
|---|---|---|
| Think Together<br>2101 E 4th St Ste. 200B<br>Santa Ana, CA 92705<br>Attn: Teresa A. McQueen,<br>General Counsel | Jules and Associates<br>2 Great Valley Parkway,<br>Suite 300<br>Malvern, PA 19355 | Non-Profit Finance Fund<br>5 Hanover Square,<br>9th Floor<br>New York, NY 10004 |

<u>Unsecured Creditors</u>

| | | |
|---|---|---|
| American Express<br>World Financial Center<br>New York, NY 10285 | Bright Star Schools<br>2636 South Mansfield<br>Avenue<br>Los Angeles, CA 90016 | C3 Business Solutions<br>20321 SW Acacia St.,<br>Suite 200<br>Newport Beach, CA 92660 |

California Department of
Education
21st 1430 N Street
Sacramento, CA 95814-5901

Department of Education
(Los Angeles Prom)
400 Maryland Avenue, SW
Washington, DC 20202

Employed Security Service
Center Inc.
959 E., Walnut Street
Suite 112
Pasadena, CA 91106

Fresh Start Meals Inc
1530 1st Street
San Fernando, CA 91340

Granada Hills Charter High
School
10535 Zelzah Avenue
Granada Hills, CA 91344

JFK Transportation Company
Inc.
980 W. 17th Street
Suite B
Santa Ana, CA 92706

Multicultural Learning Center
7510 Desoto Avenue
Canoga Park, CA 91303

NIU College
5959 Topanga Canyon Blvd.
Suite 110
Woodland Hills, CA 91367

Oracle America, Inc.
P.O. Box 44471
San Francisco, CA 94144

Orenda Education
(Principal's Exchange)
2101 E. Fourth Street
Suite 200B
Santa Ana, CA 92705

Roth Staffing Companies,
L.P.
P.O. Box 60003
Anaheim, CA 92812

Sabio Enterprises, Inc.
400 Corporate Pointe, Suite
300
Culver City, CA 90230

Spectrum
9260 Topanga Canyon Blvd.
Chatsworth, CA 91311

Staples Contract &
Commercial Inc.
Dept. La
P.O. Box 83689
Chicago, IL 60696

Staples Technology
P.O. Box 95230
Chicago, IL 60694

Stem & More LLC
7618 Jellico Avenue
Northridge, CA 91325

Ultimate Software (Payroll
Services)
P.O. Box 930953
Atlanta, GA 91193

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 2049 Century Park East, Ste. 2600 Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/29/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 11/29/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/29/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Via Messenger
The Honorable Robert N. Kwan
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Ste. 1682
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/29/2021 | Julie King | /s/ Julie King |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- Keith Patrick Banner    kbanner@greenbergglusker.com,
  sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass    bob.bass47@icloud.com
- Magdalena R Bordeaux    mbordeaux@publiccounsel.org
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Philip D Dracht    pdracht@drachtlaw.com
- Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Jeffrey A Krieger    jkrieger@ggfirm.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Christopher E Prince    cprince@lesnickprince.com,
  jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Daniel C Sharpe    , daniel.c.sharpe@me.com
- Matthew N Sirolly    msirolly@dir.ca.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Andy C Warshaw    awarshaw@bwlawcenter.com, ecf@bwlawcenter.com
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com