| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jason M. Rund<br>Chapter 7 Trustee<br>840 Apollo Street, Suite 351<br>El Segundo, CA 90245<br>Telephone:  310-640-1200<br>Facsimile:    310-640-0200<br>Email:        trustee@srlawyers.com<br><br>☒  *Movant(s) appearing without an attorney*<br>☐  *Attorney for Movant(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>YOUTH POLICY INSTITUTE, INC.,<br><br><br><br><br>Debtor(s). | CASE NO.: 2:19-bk-23085-BB<br>CHAPTER: 7<br><br>**DECLARATION THAT NO PARTY**<br>**REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)**<br><br>[No Hearing Required] |
|---|---|

1.  I am the ☒ Movant(s) or ☐ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2.  On (*date*): 11/04/2021__ Movant(s) filed a motion or application (Motion) entitled: Motion Under Fed. R. Bankr.P.
    9019 for Order Approving Compromise with Principal Life Insurance Company

3.  A copy of the Motion and notice of motion is attached to this declaration.

4.  On (*date*): 11/04/2021__ Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion
    on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5.  Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and
    request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by
    mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6.  More than 17__ days have passed after Movant(s) served the notice of motion.

7.  I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing
    was timely filed.

8.  No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street
    address, email address, or facsimile number specified in the notice of motion.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                            Page 1                                **F 9013-1.2.NO.REQUEST.HEARING.DEC**

9.    Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: 11/30/2021        /s/ Jason M. Rund_____
                        Signature


                        Jason M. Rund_____
                        Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2016_                    Page 2                    **F 9013-1.2.NO.REQUEST.HEARING.DEC**

1  Jason M. Rund
   Chapter 7 Trustee
2  840 Apollo Street, Suite 351
   El Segundo, California 90245
3  Telephone:  310-640-1200
   Facsimile:   310-640-0200
4  jrund@srlawyers.com

5  Chapter 7 Trustee

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                **LOS ANGELES DIVISION**

11

12  In re:                              Case No. 2:19-bk-23085-BB

13  YOUTH POLICY INSTITUTE, INC.,       Chapter 7

14          Debtor.                     **CHAPTER 7 TRUSTEE'S MOTION
                                        UNDER FED. R. BANKR. P. 9019 FOR
15                                      ORDER APPROVING COMPROMISE
                                        WITH PRINCIPAL LIFE INSURANCE
16                                      COMPANY; DECLARATION OF JASON
                                        M. RUND IN SUPPORT THEREOF**

17
                                        [No Hearing Required]
18

19

20

21

22

23      **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY**

24  **JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-**

25  **INTEREST HEREIN:**

26      Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor

27  Youth Policy Institute, Inc. (the "Debtor" or "YPI"), hereby submits his motion (this "Motion")

28  for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules" and each, a "Bankruptcy Rule") approving the Trustee's compromise with

Pacific Life Insurance Company ("PLIC") the recipient of the potential preferential transfers

detailed herein.  In support of his Motion, the Trustee represents as follows:

## I.    JURISDICTION AND VENUE

The Bankruptcy Court has jurisdiction over this bankruptcy case, the bankruptcy estate,

and this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within

the meaning of 28 U.S.C. § 157(b)(2).  The venue of this case and this Motion is proper pursuant

to 28 U.S.C. §§ 1408 and 1409.  The Trustee consents to the entry of a final judgment or order

with respect to the Motion, if it is determined that the Bankruptcy Court, absent consent of the

parties, cannot enter a final order or judgment consistent with Article III of the United States

Constitution.  The statutory bases for the relief requested herein are section 105(a) of title 11 of

the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code") and Bankruptcy

Rule 9019.

### A.    Commencement of the Bankruptcy Case

On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the

"Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7 bankruptcy

case.  The Debtor filed the Petition on an emergency basis without the required schedules,

statements and other case commencement documents listed in section 2.1(b) of the Court Manual.

On the Petition Date, the Trustee was duly appointed the chapter 7 trustee pursuant to section 701

of the Bankruptcy Code.  The first chapter 7 meeting of creditors pursuant to section 341(a) of the

Bankruptcy Code (the "341(a) Meeting") was held on December 11, 2019 at 9:00 a.m., at which

the Debtor's representatives appeared.  The 341(a) Meeting was thereafter continued from time to

time until concluded on August 3, 2020 (*See* Docket No. 146).

### B.    The Potential Preferential Transfers

After obtaining an extension of the deadline to file its required disclosure schedules and

statements (*See* Docket No. 9), on December 3, 2019, the Debtor filed its *Schedules*, *Statement of

Financial Affairs* and other case commencement documents [Docket Nos. 15 & 16] ("Schedules

and SOFA").  Among other disclosures, the Debtor's Schedules and SOFA disclose a number of

2

transfers made by the Debtor during the 90-day pre-petition period.

The Trustee and his counsel reviewed the Schedules and SOFA and the books and records of the Debtor and confirmed that certain payments made by the Debtor during the 90-day pre-petition period were potentially preferential transfers and may be subject to avoidance and recovery under sections 547 and 550 of the Bankruptcy Code, including a series of transfers to PLIC totaling $69,849.72 made between August 9, 2019 and October 25, 2019 (the "PLIC Transfers").

To recover the PLIC Transfers, the Trustee, through his counsel, served a demand letter on PLIC on May 5, 2021.

After service of the demand, the Trustee engaged in good faith negotiations with PLIC, during which various defenses raised by PLIC were evaluated, including any statutory defenses asserted under section 547(c) of the Bankruptcy Code.  Taking into account the various available defenses, the Trustee worked with PLIC and agreed to accept payment of $10,000 in satisfaction of any preference claim of the estate.  The settlement with PLIC is memorialized in a settlement agreement attached to the Rund Declaration as Exhibit 1.

PLIC provided group dental benefits to debtor's employees and continued to provide services to the Debtor through the Petition Date and as to which certain new value and defenses specific to insurance providers were considered. The Trustee received the settlement payment from PLIC.

## II.    **DISCUSSION**

### A.    **The Legal Standard**

Bankruptcy Code section 105(a) provides in relevant part that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Bankruptcy Rule 9019(a) in turn states:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

"The bankruptcy court has great latitude in approving compromise agreements."

*Woodson v. Fireman's Fund Ins. Co.* (*In re Woodson*), 839 F.2d 610, 620 (9th Cir. 1988).  "The

purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses

and burdens associated with litigating contested and dubious claims."  *Martin v. Kane* (*In re

A & C Properties*), 784 F.2d 1377, 1380-81 (9th Cir. 1986) [hereinafter "*A & C Properties*"].

Accordingly, in approving such an agreement, the Bankruptcy Court need not conduct an

exhaustive investigation into the validity, or a mini-trial on the merits, of the claims sought to be

compromised.  *United States v. Alaska Nat'l Bank* (*In re Walsh Constr., Inc.*), 669 F.2d 1325,

1328 (9th Cir. 1982).

Rather, it is sufficient that the Bankruptcy Court find that the settlement was negotiated in

good faith and is reasonable, fair, and equitable.  *A & C Properties*, 784 F.2d at 1381.  The Court

need only canvass the issues to determine whether the compromise falls "below the lowest point

in the zone of reasonableness."  *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972); *see also*

*Anaconda-Ericsson Inc. v. Hessen* (*In re Teltronics Servs., Inc.*), 762 F.2d 185, 189 (2d Cir.

1985).  Finally, although the Bankruptcy Court should consider the reasonable views of creditors,

". . . [O]bjections do not rule.  It is well established that compromises are favored in bankruptcy."

*In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

In the Ninth Circuit, courts generally look to the following considerations in determining

whether a proposed compromise is reasonable, fair, and equitable:

> (a)      the probability of success in the litigation;

> (b)      the difficulties, if any, to be encountered in the
> matter of collection;

> (c)      the complexity of the litigation involved, and the
> expense, inconvenience and delay necessarily attending it;

> (d)      the paramount interest of the creditors and a proper
> deference to their reasonable views in the premises.

*A & C Properties*, 784 F.2d at 1381 (citation omitted).

B.    **Compromise of the PLIC Transfers Should Be Approved**

Consideration of the *A&C Properties* factors leads to the conclusion that the proposed compromise should be approved.  With regard to the first, second and third factors, although the Trustee could have taken the position that the bankruptcy estate is entitled to the full amount of the PLIC Transfers, the Trustee understands that PLIC would likely vigorously oppose any such position and assert various preference defenses, including those which they may have already asserted during settlement negotiations.  PLIC contends it has strong defenses to the Trustee's claim because the transfers were on account of group dental policies and made in the ordinary court of the parties relationship dating back to 2011 or made according to ordinary business terms, portions of which are traceable to employee wage withholding by the employer and are not property of the policyholder.

Litigating this dispute in an adversary proceeding would likely cost the bankruptcy estate a significant amount in administrative expenses and could result in a ruling in favor of PLIC.  The compromise of the PLIC Transfers reflect a reasonable consideration of the parties respective positions without the need for costly litigation.

With regard to the fourth *A&C Properties* factor, the Trustee believes that the paramount interest of the creditors is served by the respective terms of the compromise in an estate that currently has approximately $1,299,779 on hand for payment of administrative expenses and creditor claims.  The Trustee does not believe litigating with PLIC is an effective use of estate resources. As such, the compromise detailed herein serves the interest of other creditors.

Based on these factors, the Trustee believes the compromise with PLIC is in the best interests of the bankruptcy estate under the circumstances, are well within the Trustee's business judgment, and should be approved.

///

///

///

///

## III.   <u>CONCLUSION</u>

Based on the foregoing, the Trustee requests that the Bankruptcy Court enter an order (1) approving the compromise with PLIC; (2) approving the Settlement Agreement with PLIC; and (3) granting such other and further relief as is just and appropriate under the circumstances.

DATED:  November 4, 2021

By: */s/ Jason M. Rund*
Jason M. Rund,
Chapter 7 Trustee

## DECLARATION OF JASON M. RUND

I, Jason M. Rund, declare:

1.  I am the duly appointed and acting chapter 7 Trustee of the bankruptcy estate of Youth Policy Institute, Inc. (the "Debtor").  I have personal knowledge of the facts stated below, or have gained knowledge of them from pleadings and other documents typically obtained and reviewed by trustees administering estates or from the professionals employed to assist me herein, and, if called as a witness, I could and would testify competently thereto.

2.  I submit this Declaration in support of the accompanying *Chapter 7 Trustee's Motion Under Fed. R. Bankr. P. 9019 for Order Approving Compromise with Principal Life Insurance Company* (the "Motion").  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.  On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7 bankruptcy case.  The Debtor filed the Petition on an emergency basis without the required schedules, statements and other case commencement documents listed in section 2.1(b) of the Court Manual.

4.  On the Petition Date, I was duly appointed the chapter 7 trustee pursuant to section 701 of the Bankruptcy Code.  The first chapter 7 meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") was held on December 11, 2019 at 9:00 a.m., at which the Debtor's representatives appeared.  The 341(a) Meeting was thereafter continued from time to time until concluded on August 3, 2020 (See Docket No. 146).

5.  After obtaining an extension of the deadline to file its required disclosure schedules and statements (*See* Docket No. 9), on December 3, 2019, the Debtor filed its *Schedules*, *Statement of Financial Affairs* and other case commencement documents [Docket Nos. 15 & 16] ("Schedules and SOFA").  Among other disclosures, the Debtor's Schedules and SOFA disclose a number of transfers made by the Debtor during the 90-day pre-petition period.

6.  I and my counsel have reviewed the Schedules and SOFA and the books and records of the Debtor and confirmed that certain payments made by the Debtor during the 90-day

pre-petition period were potentially preferential transfers and may be subject to avoidance and recovery under sections 547 and 550 of the Bankruptcy Code, including a series of transfers to PLIC totaling $69,849.72 made between August 9, 2019 and October 25, 2019 (the "PLIC Transfers".)

7.    To recover the PLIC Transfers, I, through my counsel, served a demand letter on PLIC on May 5, 2021.

8.    After service of the demand, I engaged in good faith negotiations with PLIC, during which various defenses raised by PLIC were evaluated, including any statutory defenses asserted under section 547(c) of the Bankruptcy Code.  Taking into account the various available defenses, I worked with PLIC and agreed to accept payment of $10,000 in satisfaction of any preference claim of the estate.  The settlement with PLIC is memorialized in a settlement agreement attached to the Rund Declaration as Exhibit 1.

9.    I have since received the settlement payment from PLIC.

10.    Consideration of the *A&C Properties* factors leads me to the conclusion that the proposed compromise should be approved.  With regard to the first, second and third factors, although I could have taken the position that the bankruptcy estate is entitled to the full amount of the PLIC Transfers, I understand that PLIC would likely vigorously oppose any such position and assert various preference defenses, including those which they may have already asserted during settlement negotiations.  PLIC contends it has strong defenses to my claim because the transfers were on account of group dental policies and made in the ordinary court of the parties relationship dating back to 2011 or made according to ordinary business terms, portions of which are traceable to employee wage withholding by the employer and are not property of the policyholder.

11.    With regard to the fourth *A&C Properties* factor, I believe that the paramount interest of the creditors is served by the terms of the compromises. The estate that currently has approximately $1299,779 on hand for payment of administrative expenses and creditor claims.  I do not believe litigating with PLIC is an effective use of estate resources. As such, the compromise detailed herein serves the interest of other creditors.  Based on these factors, I believe the compromise with PLIC is in the best interests of the bankruptcy estate under the

circumstances, are well within my business judgment, and should be approved.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

     Executed this 4th day of November 2021, at El Segundo, California.


/s/ Jason M. Rund
JASON M. RUND

3

EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), dated and effective as of the last date executed below ("Effective Date"), is made and entered into by and between Principal Life Insurance Company ("PLIC"), on the one hand, and Jason M. Rund, Chapter 7 trustee ("Trustee") of the bankruptcy estate of Youth Policy Institute, Inc. ("Debtor"), on the other.  PLIC and the Trustee are hereinafter collectively referred to as the "Parties".

## RECITALS

A.    WHEREAS, on November 5, 2019 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, styled *Youth Policy Institute, Inc.* and numbered 2:19-bk-23085-BB in the United States Bankruptcy Court, Central District of California, Los Angeles Division ("Bankruptcy Case").  Jason M. Rund was subsequently appointed and is the duly acting and qualified Chapter 7 Trustee of the Debtor's bankruptcy estate.

B.    WHEREAS, Trustee contends the books and records of the Debtor reflect an aggregate of $69,849.72 in transfers were made from the Debtor to PLIC in the 90-days preceding the Petition Date (the "Transfers") which constitute avoidable preferences under section 547 of the Bankruptcy Code that the Trustee may recover for the benefit of the bankruptcy estate.

C.    WHEREAS, PLIC denies the claim and asserts strong defenses to the Trustee's claim which will defeat the Trustee's ability to recover the Transfers.

D.    WHEREAS, the Parties are in dispute whether the Transfers are avoidable transfer under the Bankruptcy Code.

E.    WHEREAS, the Parties wish to resolve the matter under the terms and conditions set forth below.

**NOW THEREFORE,** in consideration of the terms and conditions set forth in this Agreement, the Parties agree as follows:

1.    Recitals.  The Recitals set forth in this Agreement are incorporated herein by reference and made a part hereof.

2.    Court Approval.  The Trustee will seek a court Order pursuant to Federal Rules of Bankruptcy Procedure rule 9019 of this Agreement.  This Agreement is effective only upon the entry of a final order approving the settlement and this Agreement

1

("Approval Order").  If the Court does not approve this Agreement, this Agreement has no force or effect, any Settlement Amount (as defined in Paragraph 3 below) paid by PLIC shall be returned, and the Parties may pursue their respective rights and claims.

      3.      <u>Payment.</u>  Within 21 days of the execution of this Agreement, PLIC shall pay to the Trustee $10,000.00 (the "Settlement Amount").

      a.      Payment is to be made in the form of a check made payable to "Bankruptcy estate of Youth Policy Institute, Inc." and mailed to Jason. M. Rund, Chapter 7 Trustee, 840 Apollo Street. Suite 351, El Segundo, CA 90245.

      4.      <u>Release of PLIC.</u>  Except as set forth in this Agreement, the Trustee agrees to and does release and waive all claims and causes of action of the bankruptcy estate, whether known or unknown, against PLIC, its successors, assignors, assignees, affiliates and related entities.

      5.      <u>Release of Trustee.</u>  Except as set forth in this Agreement, PLIC, its successors, assignors, assignees, affiliates and related entities, agrees to and does release and waive all claims and causes of action it may now have, whether known or unknown, against the Trustee, his successors, assignors, assignees, affiliates and related entities, in his capacity as Trustee for Debtor.

      6.      <u>Reservation of Rights.</u>  PLIC reserves it rights to assert a claim under 11 U.S.C. § 502(h) and the Trustee will not object to a general unsecured claim asserted by PLIC for the amounts paid herein.

      7.      <u>Binding Effect.</u> This Agreement shall be binding upon the Parties hereto, and their respective principals, predecessors, successors, assignors, assignees, affiliates and related entities.  Unless otherwise specified, all representations and warranties set forth herein shall survive the execution, delivery, and performance of this Agreement.

      8.      <u>Assignment of Claims.</u>  The Parties hereby warrant and represent that they have not assigned, transferred or granted any of the claims and causes of action disposed of by this Agreement.

      9.      <u>Court to Retain Jurisdiction.</u>  The Bankruptcy Court for the Central District of California, Los Angles Division shall retain exclusive jurisdiction to resolve any controversy or claim arising out of or relating to this Agreement.

2

10.  <u>Governing Law.</u>  This Agreement shall be governed by and construed in accordance with the laws of the State of California.

11.  <u>Representation by Counsel.</u>  The Parties expressly acknowledge that they have been represented by counsel of their own choosing, or by their own choosing declined to obtain legal representation, in connection with the negotiation and preparation of this Agreement.  The Parties have had the opportunity to consult and receive the advice of independent counsel in connection with this Agreement.

12.  <u>Consent.</u>  The Parties acknowledge that they have read this Agreement, that they are fully aware of its contents and of its legal effect, and that they have freely and voluntarily entered into this Agreement.

13.  <u>Rules of Construction.</u>  The Parties acknowledge that this Agreement and its reduction to final form is the result of extensive good faith negotiations between the Parties and that any statute or rule of construction that ambiguities are to be resolved against the drafting party should not be employed in the interpretation of this Agreement.

14.  <u>Captions.</u>  Any captions to the paragraphs of this Agreement are solely for the convenience of the parties, are not a part of this Agreement, and shall not be used for the interpretation or determination of the validity of this Agreement or any portion thereof.

15.  <u>Severability.</u>  If any provision of this Agreement is held to be invalid, void, or unenforceable for any reason, the balance of the provisions shall nevertheless remain in full force and effect and shall in no way be affected, impaired, or invalidated.

16.  <u>Entire Agreement.</u>  This Agreement constitutes the entire agreement between the Parties with respect to the dispute between them regarding the Subject Transfer and supersedes all prior written or oral agreements and understandings among the Parties with respect to the subject matter hereof.

17.  <u>Time is of the Essence.</u>  Time is of the essence for each provision of this Agreement in which time in an element.  Unless the context otherwise requires, all periods terminating on a given day, period of days or date shall terminate at 5:00 p.m., Pacific Time, on that day or date unless that day or date is a Saturday, Sunday or holiday in which event the termination shall occur on the first business day thereafter.  Reference to "days" shall refer to calendar days.

3

18.    <u>Counterparts.</u>  This Agreement may be executed in counterparts, each of
which shall be deemed to be an original and all of which together shall, be deemed to
constitute a single document.  Signatures transmitted by facsimile or other electronic
means shall have the same force and effect as original signatures.

IN WITNESS WHEREOF, the Parties and each of them, have executed and dated
this Agreement next to their respective signatures.

Dated: _____09/03/2021_____          By: _____

                                          Jason M. Rund, Chapter 7 Trustee
                                          for the Bankruptcy Estate of Youth
                                          Policy Institute, Inc.

Dated: _09/08/2021_____          By: _____
                                       Angela Johnson (Sep 8, 2021 16:42 CDT)

                                       Printed Name _Angela M. Johnson_____

                                       Title: _AVP-Group Operations_____
                                              Principal Life Insurance Company

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

SHERIDAN & RUND
840 Apollo Street, Suite 351
El Segundo, CA  90245

A true and correct copy of the foregoing document entitled (*specify*): **Chapter 7 Trustee's Motion Under Fed. R. Bankr.P. 9019 for Order Approving Compromise with Principal Life Insurance Company; Declaration of Jason M. Rund in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 4, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On November 4, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 4, 2021 | Laura Gitnick | /s/ Laura Gitnick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*        **F 9013-3.1.PROOF.SERVICE**

*Order Granting Limited Motion for Order Limiting Scope of Notice entered December 11, 2019*

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- Keith Patrick Banner    kbanner@greenbergglusker.com,
  sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass    bob.bass47@icloud.com
- Magdalena R Bordeaux    mbordeaux@publiccounsel.org
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Jeffrey A Krieger    jkrieger@ggfirm.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Christopher E Prince    cprince@lesnickprince.com,
  jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Daniel C Sharpe    , daniel.c.sharpe@me.com
- Matthew N Sirolly    msirolly@dir.ca.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Andy C Warshaw    awarshaw@bwlawcenter.com, ecf@bwlawcenter.com
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com

2. <u>**SERVED BY UNITED STATES MAIL**</u>:

<u>Debtor</u>
Youth Policy Institute, Inc.
6464 Sunset Blvd. Ste. 650
Los Angeles, CA 90028

<u>Ford Motor Credit</u>

| | | |
|---|---|---|
| FORD MOTOR CREDIT<br>PO Box 537901<br>Livonia, MI 48153 | Ford Motor Credit<br>P.O. Box 650574<br>Dallas, TX 75265-0574 | Ford Motor Credit<br>1501 North Plano Road Ste.<br>100.<br> Richardson, TX 75081 |
| Ford Motor Credit<br>260 Interstate N PKWY NW<br>Atlanta, GA 30339 | | |

<u>Secured Creditors</u>

| | | |
|---|---|---|
| Think Together<br>2101 E 4th St Ste. 200B<br>Santa Ana, CA 92705<br>Attn: Teresa A. McQueen,<br>General Counsel | Jules and Associates<br>2 Great Valley Parkway,<br>Suite 300<br>Malvern, PA 19355 | Non-Profit Finance Fund<br>5 Hanover Square,<br>9th Floor<br>New York, NY 10004 |

Unsecured Creditors

American Express
World Financial Center
New York, NY 10285

Bright Star Schools
2636 South Mansfield
Avenue
Los Angeles, CA 90016

C3 Business Solutions
20321 SW Acacia St.,
Suite 200
Newport Beach, CA 92660

California Department of
Education
21st 1430 N Street
Sacramento, CA 95814-5901

Department of Education
(Los Angeles Prom)
400 Maryland Avenue, SW
Washington, DC 20202

Employed Security Service
Center Inc.
959 E., Walnut Street
Suite 112
Pasadena, CA 91106

Fresh Start Meals Inc
1530 1st Street
San Fernando, CA 91340

Granada Hills Charter High
School
10535 Zelzah Avenue
Granada Hills, CA 91344

JFK Transportation Company
Inc.
980 W. 17th Street
Suite B
Santa Ana, CA 92706

Multicultural Learning Center
7510 Desoto Avenue
Canoga Park, CA 91303

NIU College
5959 Topanga Canyon Blvd.
Suite 110
Woodland Hills, CA 91367

Oracle America, Inc.
P.O. Box 44471
San Francisco, CA 94144

Orenda Education
(Principal's Exchange)
2101 E. Fourth Street
Suite 200B
Santa Ana, CA 92705

Roth Staffing Companies,
L.P.
P.O. Box 60003
Anaheim, CA 92812

Sabio Enterprises, Inc.
400 Corporate Pointe, Suite
300
Culver City, CA 90230

Spectrum
9260 Topanga Canyon Blvd.
Chatsworth, CA 91311

Staples Contract &
Commercial Inc.
Dept. La
P.O. Box 83689
Chicago, IL 60696

Staples Technology
P.O. Box 95230
Chicago, IL 60694

Stem & More LLC
7618 Jellico Avenue
Northridge, CA 91325

Ultimate Software (Payroll
Services)
P.O. Box 930953
Atlanta, GA 91193

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jason M. Rund<br>Chapter 7 Trustee<br>840 Apollo Street, Suite 351<br>El Segundo, California 90245<br>Telephone: 310-640-1200<br>Facsimile: 310-640-0200<br>Email: trustee@srlawyers.com<br><br><br>☐ *Debtor(s) appearing without an attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br><br>  YOUTH POLICY INSTITUTE, INC.,<br><br><br><br><br><br>                                                    Debtor(s). | CASE NO.: 2:19-bk-23085-BB<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1.  Movant(s) Jason M. Rund, Chapter 7 Trustee                                                                    ,
    filed a motion or application (Motion) entitled Chapter 7 Trustee's Motion Under Fed. R. Bankr. P. 9019 for Order
    Approving Compromise with Principal Life Insurance Company; Declaration of Jason M. Rund In Support Thereof    .

2.  Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a
    party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3.  The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

    ☒  The full Motion is attached to this notice; or

    ☐  The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is
        attached to this notice.

4.  **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to
    LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve
    a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if
    you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 1                    **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

   (1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

   (2)  Movant will lodge an order that the court may use to grant the Motion; and

   (3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  11/04/2021

/s/ Jason M. Rund
Signature of Movant or attorney for Movant

Jason M. Rund, Chapter 7 Trustee
Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Jason M. Rund
Chapter 7 Trustee
840 Apollo Street, Suite 351
El Segundo, California 90245
Telephone:  310-640-1200
Facsimile:  310-640-0200
jrund@srlawyers.com

Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:19-bk-23085-BB |
| YOUTH POLICY INSTITUTE, INC., | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S MOTION UNDER FED. R. BANKR. P. 9019 FOR ORDER APPROVING COMPROMISE WITH PRINCIPAL LIFE INSURANCE COMPANY; DECLARATION OF JASON M. RUND IN SUPPORT THEREOF** |
| | [No Hearing Required] |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-INTEREST HEREIN:**

Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor Youth Policy Institute, Inc. (the "Debtor" or "YPI"), hereby submits his motion (this "Motion") for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules" and each, a "Bankruptcy Rule") approving the Trustee's compromise with Pacific Life Insurance Company ("PLIC") the recipient of the potential preferential transfers detailed herein.  In support of his Motion, the Trustee represents as follows:

## I.    JURISDICTION AND VENUE

The Bankruptcy Court has jurisdiction over this bankruptcy case, the bankruptcy estate, and this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The Trustee consents to the entry of a final judgment or order with respect to the Motion, if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.  The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code") and Bankruptcy Rule 9019.

### A.    Commencement of the Bankruptcy Case

On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7 bankruptcy case.  The Debtor filed the Petition on an emergency basis without the required schedules, statements and other case commencement documents listed in section 2.1(b) of the Court Manual. On the Petition Date, the Trustee was duly appointed the chapter 7 trustee pursuant to section 701 of the Bankruptcy Code.  The first chapter 7 meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") was held on December 11, 2019 at 9:00 a.m., at which the Debtor's representatives appeared.  The 341(a) Meeting was thereafter continued from time to time until concluded on August 3, 2020 (*See* Docket No. 146).

### B.    The Potential Preferential Transfers

After obtaining an extension of the deadline to file its required disclosure schedules and statements (*See* Docket No. 9), on December 3, 2019, the Debtor filed its *Schedules*, *Statement of Financial Affairs* and other case commencement documents [Docket Nos. 15 & 16] ("Schedules and SOFA").  Among other disclosures, the Debtor's Schedules and SOFA disclose a number of

transfers made by the Debtor during the 90-day pre-petition period.

The Trustee and his counsel reviewed the Schedules and SOFA and the books and records of the Debtor and confirmed that certain payments made by the Debtor during the 90-day pre-petition period were potentially preferential transfers and may be subject to avoidance and recovery under sections 547 and 550 of the Bankruptcy Code, including a series of transfers to PLIC totaling $69,849.72 made between August 9, 2019 and October 25, 2019 (the "PLIC Transfers").

To recover the PLIC Transfers, the Trustee, through his counsel, served a demand letter on PLIC on May 5, 2021.

After service of the demand, the Trustee engaged in good faith negotiations with PLIC, during which various defenses raised by PLIC were evaluated, including any statutory defenses asserted under section 547(c) of the Bankruptcy Code.  Taking into account the various available defenses, the Trustee worked with PLIC and agreed to accept payment of $10,000 in satisfaction of any preference claim of the estate.  The settlement with PLIC is memorialized in a settlement agreement attached to the Rund Declaration as Exhibit 1.

PLIC provided group dental benefits to debtor's employees and continued to provide services to the Debtor through the Petition Date and as to which certain new value and defenses specific to insurance providers were considered. The Trustee received the settlement payment from PLIC.

## II.    DISCUSSION

### A.    The Legal Standard

Bankruptcy Code section 105(a) provides in relevant part that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Bankruptcy Rule 9019(a) in turn states:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

1    "The bankruptcy court has great latitude in approving compromise agreements."

2    *Woodson v. Fireman's Fund Ins. Co.* (*In re Woodson*), 839 F.2d 610, 620 (9th Cir. 1988). "The

3    purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses

4    and burdens associated with litigating contested and dubious claims." *Martin v. Kane* (*In re

5    A & C Properties*), 784 F.2d 1377, 1380-81 (9th Cir. 1986) [hereinafter "*A & C Properties*"].

6    Accordingly, in approving such an agreement, the Bankruptcy Court need not conduct an

7    exhaustive investigation into the validity, or a mini-trial on the merits, of the claims sought to be

8    compromised. *United States v. Alaska Nat'l Bank* (*In re Walsh Constr., Inc.*), 669 F.2d 1325,

9    1328 (9th Cir. 1982).

10    Rather, it is sufficient that the Bankruptcy Court find that the settlement was negotiated in

11    good faith and is reasonable, fair, and equitable. *A & C Properties*, 784 F.2d at 1381. The Court

12    need only canvass the issues to determine whether the compromise falls "below the lowest point

13    in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972); *see also*

14    *Anaconda-Ericsson Inc. v. Hessen* (*In re Teltronics Servs., Inc.*), 762 F.2d 185, 189 (2d Cir.

15    1985). Finally, although the Bankruptcy Court should consider the reasonable views of creditors,

16    ". . . [O]bjections do not rule. It is well established that compromises are favored in bankruptcy."

17    *In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

18    In the Ninth Circuit, courts generally look to the following considerations in determining

19    whether a proposed compromise is reasonable, fair, and equitable:

20            (a)    the probability of success in the litigation;

21            (b)    the difficulties, if any, to be encountered in the

22    matter of collection;

23            (c)    the complexity of the litigation involved, and the

24    expense, inconvenience and delay necessarily attending it;

25            (d)    the paramount interest of the creditors and a proper

26    deference to their reasonable views in the premises.

27    *A & C Properties*, 784 F.2d at 1381 (citation omitted).

28

### B.    Compromise of the PLIC Transfers Should Be Approved

Consideration of the *A&C Properties* factors leads to the conclusion that the proposed compromise should be approved.  With regard to the first, second and third factors, although the Trustee could have taken the position that the bankruptcy estate is entitled to the full amount of the PLIC Transfers, the Trustee understands that PLIC would likely vigorously oppose any such position and assert various preference defenses, including those which they may have already asserted during settlement negotiations.  PLIC contends it has strong defenses to the Trustee's claim because the transfers were on account of group dental policies and made in the ordinary court of the parties relationship dating back to 2011 or made according to ordinary business terms, portions of which are traceable to employee wage withholding by the employer and are not property of the policyholder.

Litigating this dispute in an adversary proceeding would likely cost the bankruptcy estate a significant amount in administrative expenses and could result in a ruling in favor of PLIC.  The compromise of the PLIC Transfers reflect a reasonable consideration of the parties respective positions without the need for costly litigation.

With regard to the fourth *A&C Properties* factor, the Trustee believes that the paramount interest of the creditors is served by the respective terms of the compromise in an estate that currently has approximately $1,299,779 on hand for payment of administrative expenses and creditor claims.  The Trustee does not believe litigating with PLIC is an effective use of estate resources. As such, the compromise detailed herein serves the interest of other creditors.

Based on these factors, the Trustee believes the compromise with PLIC is in the best interests of the bankruptcy estate under the circumstances, are well within the Trustee's business judgment, and should be approved.

///
///
///
///

III.    **CONCLUSION**

Based on the foregoing, the Trustee requests that the Bankruptcy Court enter an order (1) approving the compromise with PLIC; (2) approving the Settlement Agreement with PLIC; and (3) granting such other and further relief as is just and appropriate under the circumstances.

DATED:  November  4, 2021

By: */s/ Jason M. Rund*
Jason M. Rund,
Chapter 7 Trustee

### DECLARATION OF JASON M. RUND

I, Jason M. Rund, declare:

1.      I am the duly appointed and acting chapter 7 Trustee of the bankruptcy estate of Youth Policy Institute, Inc. (the "Debtor").  I have personal knowledge of the facts stated below, or have gained knowledge of them from pleadings and other documents typically obtained and reviewed by trustees administering estates or from the professionals employed to assist me herein, and, if called as a witness, I could and would testify competently thereto.

2.      I submit this Declaration in support of the accompanying *Chapter 7 Trustee's Motion Under Fed. R. Bankr. P. 9019 for Order Approving Compromise with Principal Life Insurance Company* (the "Motion").  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.      On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7 bankruptcy case.  The Debtor filed the Petition on an emergency basis without the required schedules, statements and other case commencement documents listed in section 2.1(b) of the Court Manual.

4.      On the Petition Date, I was duly appointed the chapter 7 trustee pursuant to section 701 of the Bankruptcy Code.  The first chapter 7 meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") was held on December 11, 2019 at 9:00 a.m., at which the Debtor's representatives appeared.  The 341(a) Meeting was thereafter continued from time to time until concluded on August 3, 2020 (See Docket No. 146).

5.      After obtaining an extension of the deadline to file its required disclosure schedules and statements (*See* Docket No. 9), on December 3, 2019, the Debtor filed its *Schedules*, *Statement of Financial Affairs* and other case commencement documents [Docket Nos. 15 & 16] ("Schedules and SOFA").  Among other disclosures, the Debtor's Schedules and SOFA disclose a number of transfers made by the Debtor during the 90-day pre-petition period.

6.      I and my counsel have reviewed the Schedules and SOFA and the books and records of the Debtor and confirmed that certain payments made by the Debtor during the 90-day

pre-petition period were potentially preferential transfers and may be subject to avoidance and

recovery under sections 547 and 550 of the Bankruptcy Code, including a series of transfers to

PLIC totaling $69,849.72 made between August 9, 2019 and October 25, 2019 (the "PLIC

Transfers".)

       7.      To recover the PLIC Transfers, I, through my counsel, served a demand letter on

PLIC on May 5, 2021.

       8.      After service of the demand, I engaged in good faith negotiations with PLIC,

during which various defenses raised by PLIC were evaluated, including any statutory defenses

asserted under section 547(c) of the Bankruptcy Code.  Taking into account the various available

defenses, I worked with PLIC and agreed to accept payment of $10,000 in satisfaction of any

preference claim of the estate.  The settlement with PLIC is memorialized in a settlement

agreement attached to the Rund Declaration as Exhibit 1.

       9.      I have since received the settlement payment from PLIC.

       10.     Consideration of the *A&C Properties* factors leads me to the conclusion that the

proposed compromise should be approved.  With regard to the first, second and third factors,

although I could have taken the position that the bankruptcy estate is entitled to the full amount of

the PLIC Transfers, I understand that PLIC would likely vigorously oppose any such position and

assert various preference defenses, including those which they may have already asserted during

settlement negotiations.  PLIC contends it has strong defenses to my claim because the transfers

were on account of group dental policies and made in the ordinary court of the parties relationship

dating back to 2011 or made according to ordinary business terms, portions of which are traceable

to employee wage withholding by the employer and are not property of the policyholder.

       11.     With regard to the fourth *A&C Properties* factor, I believe that the paramount

interest of the creditors is served by the terms of the compromises. The estate that currently has

approximately $1299,779 on hand for payment of administrative expenses and creditor claims.  I

do not believe litigating with PLIC is an effective use of estate resources. As such, the

compromise detailed herein serves the interest of other creditors.  Based on these factors, I

believe the compromise with PLIC is in the best interests of the bankruptcy estate under the

circumstances, are well within my business judgment, and should be approved.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of November 2021, at El Segundo, California.


/s/ Jason M. Rund
JASON M. RUND

EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), dated and effective as of the last date executed below ("Effective Date"), is made and entered into by and between Principal Life Insurance Company ("PLIC"), on the one hand, and Jason M. Rund, Chapter 7 trustee ("Trustee") of the bankruptcy estate of Youth Policy Institute, Inc. ("Debtor"), on the other.  PLIC and the Trustee are hereinafter collectively referred to as the "Parties".

## RECITALS

A.      WHEREAS, on November 5, 2019 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, styled *Youth Policy Institute, Inc.* and numbered 2:19-bk-23085-BB in the United States Bankruptcy Court, Central District of California, Los Angeles Division ("Bankruptcy Case").  Jason M. Rund was subsequently appointed and is the duly acting and qualified Chapter 7 Trustee of the Debtor's bankruptcy estate.

B.      WHEREAS, Trustee contends the books and records of the Debtor reflect an aggregate of $69,849.72 in transfers were made from the Debtor to PLIC in the 90-days preceding the Petition Date (the "Transfers") which constitute avoidable preferences under section 547 of the Bankruptcy Code that the Trustee may recover for the benefit of the bankruptcy estate.

C.      WHEREAS, PLIC denies the claim and asserts strong defenses to the Trustee's claim which will defeat the Trustee's ability to recover the Transfers.

D.      WHEREAS, the Parties are in dispute whether the Transfers are avoidable transfer under the Bankruptcy Code.

E.      WHEREAS, the Parties wish to resolve the matter under the terms and conditions set forth below.

**NOW THEREFORE,** in consideration of the terms and conditions set forth in this Agreement, the Parties agree as follows:

1.      Recitals.  The Recitals set forth in this Agreement are incorporated herein by reference and made a part hereof.

2.      Court Approval.  The Trustee will seek a court Order pursuant to Federal Rules of Bankruptcy Procedure rule 9019 of this Agreement.  This Agreement is effective only upon the entry of a final order approving the settlement and this Agreement

1

("Approval Order").  If the Court does not approve this Agreement, this Agreement has no force or effect, any Settlement Amount (as defined in Paragraph 3 below) paid by PLIC shall be returned, and the Parties may pursue their respective rights and claims.

      3.      <u>Payment.</u>  Within 21 days of the execution of this Agreement, PLIC shall pay to the Trustee $10,000.00 (the "Settlement Amount").

      a.      Payment is to be made in the form of a check made payable to "Bankruptcy estate of Youth Policy Institute, Inc." and mailed to Jason. M. Rund, Chapter 7 Trustee, 840 Apollo Street. Suite 351, El Segundo, CA 90245.

      4.      <u>Release of PLIC.</u>  Except as set forth in this Agreement, the Trustee agrees to and does release and waive all claims and causes of action of the bankruptcy estate, whether known or unknown, against PLIC, its successors, assignors, assignees, affiliates and related entities.

      5.      <u>Release of Trustee.</u>  Except as set forth in this Agreement, PLIC, its successors, assignors, assignees, affiliates and related entities, agrees to and does release and waive all claims and causes of action it may now have, whether known or unknown, against the Trustee, his successors, assignors, assignees, affiliates and related entities, in his capacity as Trustee for Debtor.

      6.      <u>Reservation of Rights.</u>  PLIC reserves it rights to assert a claim under 11 U.S.C. § 502(h) and the Trustee will not object to a general unsecured claim asserted by PLIC for the amounts paid herein.

      7.      <u>Binding Effect.</u> This Agreement shall be binding upon the Parties hereto, and their respective principals, predecessors, successors, assignors, assignees, affiliates and related entities.  Unless otherwise specified, all representations and warranties set forth herein shall survive the execution, delivery, and performance of this Agreement.

      8.      <u>Assignment of Claims.</u>  The Parties hereby warrant and represent that they have not assigned, transferred or granted any of the claims and causes of action disposed of by this Agreement.

      9.      <u>Court to Retain Jurisdiction.</u>  The Bankruptcy Court for the Central District of California, Los Angles Division shall retain exclusive jurisdiction to resolve any controversy or claim arising out of or relating to this Agreement.

10.     <u>Governing Law.</u>  This Agreement shall be governed by and construed in accordance with the laws of the State of California.

11.     <u>Representation by Counsel.</u>  The Parties expressly acknowledge that they have been represented by counsel of their own choosing, or by their own choosing declined to obtain legal representation, in connection with the negotiation and preparation of this Agreement.  The Parties have had the opportunity to consult and receive the advice of independent counsel in connection with this Agreement.

12.     <u>Consent.</u>  The Parties acknowledge that they have read this Agreement, that they are fully aware of its contents and of its legal effect, and that they have freely and voluntarily entered into this Agreement.

13.     <u>Rules of Construction.</u>  The Parties acknowledge that this Agreement and its reduction to final form is the result of extensive good faith negotiations between the Parties and that any statute or rule of construction that ambiguities are to be resolved against the drafting party should not be employed in the interpretation of this Agreement.

14.     <u>Captions.</u>  Any captions to the paragraphs of this Agreement are solely for the convenience of the parties, are not a part of this Agreement, and shall not be used for the interpretation or determination of the validity of this Agreement or any portion thereof.

15.     <u>Severability.</u>  If any provision of this Agreement is held to be invalid, void, or unenforceable for any reason, the balance of the provisions shall nevertheless remain in full force and effect and shall in no way be affected, impaired, or invalidated.

16.     <u>Entire Agreement.</u>  This Agreement constitutes the entire agreement between the Parties with respect to the dispute between them regarding the Subject Transfer and supersedes all prior written or oral agreements and understandings among the Parties with respect to the subject matter hereof.

17.     <u>Time is of the Essence.</u>  Time is of the essence for each provision of this Agreement in which time in an element.  Unless the context otherwise requires, all periods terminating on a given day, period of days or date shall terminate at 5:00 p.m., Pacific Time, on that day or date unless that day or date is a Saturday, Sunday or holiday in which event the termination shall occur on the first business day thereafter.  Reference to "days" shall refer to calendar days.

3

18.    <u>Counterparts.</u>  This Agreement may be executed in counterparts, each of which shall be deemed to be an original and all of which together shall, be deemed to constitute a single document.  Signatures transmitted by facsimile or other electronic means shall have the same force and effect as original signatures.

IN WITNESS WHEREOF, the Parties and each of them, have executed and dated this Agreement next to their respective signatures.

Dated: _____09/03/2021_____          By:_____

Jason M. Rund, Chapter 7 Trustee
for the Bankruptcy Estate of Youth
Policy Institute, Inc.

Dated: _09/08/2021_____          By:_____
Angela Johnson (Sep 8, 2021 16:42 CDT)

Printed Name_Angela M. Johnson_____

Title:_AVP-Group Operations_____
Principal Life Insurance Company

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 840 Apollo Street, Suite 351, El Segundo, CA 90245

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _11/04/2021_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _11/04/2021_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _11/04/2021_ | Laura Gitnick | /s/ Laura Gitnick |
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 3                    **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

*Order Granting Limited Motion for Order Limiting Scope of Notice entered December 11, 2019*

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Keith Patrick Banner    kbanner@greenbergglusker.com,
  sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass    bob.bass47@icloud.com
- Magdalena R Bordeaux    mbordeaux@publiccounsel.org
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Jeffrey A Krieger    jkrieger@ggfirm.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Christopher E Prince    cprince@lesnickprince.com,
  jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Daniel C Sharpe    , daniel.c.sharpe@me.com
- Matthew N Sirolly    msirolly@dir.ca.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Andy C Warshaw    awarshaw@bwlawcenter.com, ecf@bwlawcenter.com
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-
  0813@ecf.pacerpro.com

2. **SERVED BY UNITED STATES MAIL**:

Debtor
Youth Policy Institute, Inc.
6464 Sunset Blvd. Ste. 650
Los Angeles, CA 90028

Ford Motor Credit

| FORD MOTOR CREDIT | Ford Motor Credit | Ford Motor Credit |
|---|---|---|
| PO Box 537901 | P.O. Box 650574 | 1501 North Plano Road Ste. |
| Livonia, MI 48153 | Dallas, TX 75265-0574 | 100. |
| | | Richardson, TX 75081 |
| Ford Motor Credit | | |
| 260 Interstate N PKWY NW | | |
| Atlanta, GA 30339 | | |

Secured Creditors

| Think Together | Jules and Associates | Non-Profit Finance Fund |
|---|---|---|
| 2101 E 4th St Ste. 200B | 2 Great Valley Parkway, | 5 Hanover Square, |
| Santa Ana, CA 92705 | Suite 300 | 9th Floor |
| Attn: Teresa A. McQueen, | Malvern, PA 19355 | New York, NY 10004 |
| General Counsel | | |

Unsecured Creditors

American Express
World Financial Center
New York, NY 10285

Bright Star Schools
2636 South Mansfield
Avenue
Los Angeles, CA 90016

C3 Business Solutions
20321 SW Acacia St.,
Suite 200
Newport Beach, CA 92660

California Department of
Education
21st 1430 N Street
Sacramento, CA 95814-5901

Department of Education
(Los Angeles Prom)
400 Maryland Avenue, SW
Washington, DC 20202

Employed Security Service
Center Inc.
959 E., Walnut Street
Suite 112
Pasadena, CA 91106

Fresh Start Meals Inc
1530 1st Street
San Fernando, CA 91340

Granada Hills Charter High
School
10535 Zelzah Avenue
Granada Hills, CA 91344

JFK Transportation Company
Inc.
980 W. 17th Street
Suite B
Santa Ana, CA 92706

Multicultural Learning Center
7510 Desoto Avenue
Canoga Park, CA 91303

NIU College
5959 Topanga Canyon Blvd.
Suite 110
Woodland Hills, CA 91367

Oracle America, Inc.
P.O. Box 44471
San Francisco, CA 94144

Orenda Education
(Principal's Exchange)
2101 E. Fourth Street
Suite 200B
Santa Ana, CA 92705

Roth Staffing Companies,
L.P.
P.O. Box 60003
Anaheim, CA 92812

Sabio Enterprises, Inc.
400 Corporate Pointe, Suite
300
Culver City, CA 90230

Spectrum
9260 Topanga Canyon Blvd.
Chatsworth, CA 91311

Staples Contract &
Commercial Inc.
Dept. La
P.O. Box 83689
Chicago, IL 60696

Staples Technology
P.O. Box 95230
Chicago, IL 60694

Stem & More LLC
7618 Jellico Avenue
Northridge, CA 91325

Ultimate Software (Payroll
Services)
P.O. Box 930953
Atlanta, GA 91193

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

 840 Apollo Street, Suite 351, El Segundo, CA 90245

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_11/30/2021___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3**.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/30/2021 | Laura Gitnick | /s/ Laura Gitnick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                     Page 3                  **F 9013-1.2.NO.REQUEST.HEARING.DEC**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Keith Patrick Banner    kbanner@greenbergglusker.com,
  sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass    bob.bass47@icloud.com
- Magdalena R Bordeaux    mbordeaux@publiccounsel.org
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Jeffrey A Krieger    jkrieger@ggfirm.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Christopher E Prince    cprince@lesnickprince.com,
  jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Daniel C Sharpe    , daniel.c.sharpe@me.com
- Matthew N Sirolly    msirolly@dir.ca.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Andy C Warshaw    awarshaw@bwlawcenter.com, ecf@bwlawcenter.com
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com