| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>JEFFREY A. KRIEGER (SBN 156535)<br>JKrieger@GreenbergGlusker.com<br>KEITH PATRICK BANNER (SBN 259502)<br>KBanner@GreenbergGlusker.com<br>GREENBERG GLUSKER FIELDS CLAMAN &<br>MACHTINGER LLP<br>2049 Century Park East, Ste. 2600<br>Los Angeles, CA 90067<br>Tel: 310 553-3610<br>Fax: 310 553-0687 | FOR COURT USE ONLY |

☐ *Movant(s) appearing without an attorney*
☒ *Attorney for Movant(s)* Jason M. Rund, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION** ▼

| | |
|---|---|
| In re:<br>YOUTH POLICY INSTITUTE, INC. | CASE NO.: 2:19-bk-23085-BB<br>CHAPTER: 7 ▼ |
| | **DECLARATION THAT NO PARTY<br>REQUESTED A HEARING ON MOTION<br>LBR 9013-1(o)(3)** |
| Debtor(s). | [No Hearing Required] |

1. I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): 02/15/2022___ Movant(s) filed a motion or application (Motion) entitled: CHAPTER 7 TRUSTEE'S MOTION UNDER FED. R. BANKR. P. 9019 FOR ORDER APPROVING COMPROMISE WITH CALIFORNIA COMMUNITY FOUNDATION

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): 02/15/2022___ Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than 20__ days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

9.    Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: <u>03/07/2022</u>   

<u>/s/ Keith Patrick Banner</u>                
Signature

<u>KEITH PATRICK BANNER</u>              
Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                        Page 2                        **F 9013-1.2.NO.REQUEST.HEARING.DEC**

JEFFREY A. KRIEGER (SBN 156535)
JKrieger@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067
Telephone:  310.553.3610
Fax:  310.553.0687

Attorneys for Jason M. Rund,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YOUTH POLICY INSTITUTE, INC.,<br><br>               Debtor. | Case No. 2:19-bk-23085-BB<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION UNDER FED. R. BANKR. P. 9019 FOR ORDER APPROVING COMPROMISE WITH CALIFORNIA COMMUNITY FOUNDATION**<br><br>**DECLARATION OF JASON M. RUND IN SUPPORT THEREOF**<br><br>[NO HEARING REQUIRED] |

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-INTEREST HEREIN:**

Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor Youth Policy Institute, Inc. (the "Debtor" or "YPI"), hereby submits his motion (this "Motion") for entry of an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and each, a "Bankruptcy Rule") approving the Trustee's proposed compromise with California Community Foundation ("CCF") and approving the *Settlement Agreement* (the "Agreement") by and between the Trustee, on behalf of the bankruptcy estate, and CCF memorializing such proposed compromise, a copy of which is attached as <u>Exhibit 1</u> to the accompanying *Declaration of Jason M. Rund* (the "Rund Declaration"). In support of his Motion, the Trustee represents as follows:

## I. JURISDICTION AND VENUE

The Bankruptcy Court has jurisdiction over this bankruptcy case, the bankruptcy estate, and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee consents to the entry of a final judgment or order with respect to the Motion, if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code") and Bankruptcy Rule 9019.

### A. Commencement of the Bankruptcy Case

On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7 bankruptcy case. The Debtor filed the Petition on an emergency basis without the required schedules, statements and other case commencement documents listed in section 2.1(b) of the Court Manual. On the Petition Date, the Trustee was duly appointed the chapter 7 trustee pursuant to section 701

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

of the Bankruptcy Code.  The first chapter 7 meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") was held on December 11, 2019 at 9:00 a.m., at which the Debtor's representatives appeared.  The 341(a) Meeting was thereafter continued from time to time until concluded on July 9, 2020 (*See* Docket No. 146).  Rund Decl., ⁋ 4.

**B.**     **The Pre-Petition Transfer to CCF**

After obtaining an extension of the deadline to file its required disclosure schedules and statements (*See* Docket No. 9), on December 3, 2019, the Debtor filed its *Statement of Financial Affairs* [Docket Nos. 16] (the "SOFA").  Among other disclosures made in the SOFA, in response to question 3, which requires the Debtor to disclose all payments to creditors in the ninety (90) day period prior to the Petition Date, the Debtor, in a response identified as "3.23", disclosed a transfer to CCF on September 27, 2019 in the amount of $2,005,000 (the "Transfer").

Upon further investigation by the Trustee and his counsel, the Trustee confirmed that the Transfer did occur within the ninety (90) day period prior to the Petition Date, and that the Transfer was the repayment, in full, of an unsecured loan in the amount of $2,000,000 made by CCF to YPI pursuant to, among other documents, a promissory note and loan agreement each dated August 29, 2019 (the "CCF Loan").  The Trustee further understands that the CCF Loan was an emergency, short-term bridge loan made to YPI to cover its operations, including outstanding payroll and past-due payroll taxes.

**C.**     **The Trustee's Negotiations with CCF**

Following the Trustee's investigations into the Transfer, the Trustee served a demand letter on CCF on July 30, 2021 asserting that the Transfer was avoidable and can be recovered by the bankruptcy estate pursuant to sections 547 and 550 of the Bankruptcy Code.  Rund Decl., ⁋ 7  After service of the demand, the Trustee, though his counsel, engaged in extensive good faith negotiations with CCF, though their counsel Sasha Gurvitz, Esq. of KTBS Law LLP.  During those negotiations the parties extensively discussed CCF's various defenses and other considerations relevant to this matter.

During the course of the negotiations, the parties agreed that the statute of limitations applicable to the avoidance and recovery of the Transfer be tolled.  The parties, therefore, entered

MOTION TO APPROVE
COMPROMISE WITH CCF

into: (1) a *Stipulation Between Chapter 7 Trustee and California Community Foundation Tolling the Statute of Limitations to Commence an Avoidance Action Under 11 U.C.C. §546(a)* [Docket No. 190] filed on November 4, 2021, which was approved by the Court by order entered on November 5, 2021 [Docket No. 194]; and (2) a *Second Stipulation Between Chapter 7 Trustee and California Community Foundation Tolling Statute of Limitations to Commence an Avoidance Action* [Docket No. 210], which was approved by order of the Bankruptcy Court on January 27, 2022 [Docket No. 214] (collectively, the "Tolling Agreements").  Pursuant to the Tolling Agreements, the deadline for the Trustee, on behalf of the bankruptcy estate, to commence an action under, *inter alia*, sections 547 and 550 of the Bankruptcy Code against CCF has been extended to and including April 4, 2022 (the "Filing Deadline").

     **D.**    **The Agreement**

     The extensive good faith negotiations between the Trustee and CCF were fruitful, as CCF and the Trustee agreed to the proposed compromise memorialized in the Agreement without the need for litigation.  As detailed in the Agreement, the proposed compromise: (1) will result in a settlement payment from CCF to the bankruptcy estate in the aggregate amount of $400,000; (2) contains mutual releases between CCF and the bankruptcy estate; (3) permits CCF to file an unsecured proof of claim under section 502(h) of the Bankruptcy Code; and (4) extends the Filing Deadline, as necessary, to 14 days after the Court enters an order on this Motion.  The Trustee anticipates that he will receive the settlement payment from CCF no later than March 11, 2022, which is the payment deadline set forth in the Agreement.  Rund Decl., ¶ 9.

**II.**    **DISCUSSION**

     **A.**    **The Legal Standard**

     Bankruptcy Code section 105(a) provides in relevant part that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Bankruptcy Rule 9019(a) in turn states:

> On motion by the trustee and after notice and a hearing, the court
> may approve a compromise or settlement.  Notice shall be given to
> creditors, the United States trustee, the debtor, and indenture
> trustees as provided in Rule 2002 and to any other entity as the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

court may direct.

Fed. R. Bankr. P. 9019(a).

"The bankruptcy court has great latitude in approving compromise agreements." *Woodson v. Fireman's Fund Ins. Co.* (*In re Woodson*), 839 F.2d 610, 620 (9th Cir. 1988). "The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating contested and dubious claims." *Martin v. Kane* (*In re A & C Properties*), 784 F.2d 1377, 1380-81 (9th Cir. 1986) [hereinafter "*A & C Properties*"]. Accordingly, in approving such an agreement, the Bankruptcy Court need not conduct an exhaustive investigation into the validity, or a mini-trial on the merits, of the claims sought to be compromised. *United States v. Alaska Nat'l Bank* (*In re Walsh Constr., Inc.*), 669 F.2d 1325, 1328 (9th Cir. 1982).

Rather, it is sufficient that the Bankruptcy Court find that the settlement was negotiated in good faith and is reasonable, fair, and equitable. *A & C Properties*, 784 F.2d at 1381. The Court need only canvass the issues to determine whether the compromise falls "below the lowest point in the zone of reasonableness." *Newman v. Stein*, 464 F.2d 689, 698 (2d Cir. 1972); *see also Anaconda-Ericsson Inc. v. Hessen* (*In re Teltronics Servs., Inc.*), 762 F.2d 185, 189 (2d Cir. 1985). Finally, although the Bankruptcy Court should consider the reasonable views of creditors, ". . . [O]bjections do not rule. It is well established that compromise are favored in bankruptcy." *In re Lee Way Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990).

In the Ninth Circuit, courts generally look to the following considerations in determining whether a proposed compromise is reasonable, fair, and equitable:

> (a)  the probability of success in the litigation;
>
> (b)  the difficulties, if any, to be encountered in the matter of collection;
>
> (c)  the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it;
>
> (d)  the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

*A & C Properties*, 784 F.2d at 1381 (citation omitted).

### B.    The Proposed Compromise Should Be Approved

Consideration of the *A&C Properties* factors leads to the conclusion that the proposed compromise should be approved.  With regard to the first and third factors, although the Trustee could have taken the position that the bankruptcy estate is entitled to avoid and recover the full amount of the Transfer, the Trustee understands that CCF would vigorously oppose any such position and would assert various preference defenses, including those which they may have already asserted during settlement negotiations.  Such a dispute would likely cost the bankruptcy estate a significant amount in administrative expenses and could result in a ruling in favor of CCF.  The proposed compromise memorialized in the Agreement reflect a reasonable "middle ground" between the parties without the need for costly litigation.

With regard to the second *A&C Properties* factor, the Trustee considered the fact that CCF is a non-profit entity with limited resources.  Even if the Trustee were to obtain a judgment in the full amount of the Transfer, such a judgment would likely be difficult to collect from a nonprofit entity, and if collected, would likely have a detrimental impact on CCF's operations and its ability to conduct its various  programs in the underserved communities of Los Angeles County.  The proposed compromise minimizes the risk of collection and the aforementioned adverse impact and concurrently results in a significant recovery to the bankruptcy estate.

With regard to the fourth *A&C Properties* factor, the Trustee believes that the paramount interest of the creditors is served by the terms of the proposed compromise.  The proposed compromise results in a significant payment to the bankruptcy estate in the amount of $400,000 without the need for the additional expense of litigation.  Although approximately a 20% recovery with respect to the $2,005,000 Transfer, the Trustee recognizes that without the Debtor's use of the CCF Loan to pay, among other debts, outstanding payroll and past-due payroll taxes, the bankruptcy estate would likely be facing much larger priority wage and tax claims.  Despite the risks of lending to a financially distressed YPI, CCF opted to make the CCF Loan as an emergency bridge loan so YPI could pay those pre-petition priority claims.

Based on these factors, the Trustee believes that the proposed compromise with CCF

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

memorialized in the Agreement is in the best interests of the bankruptcy estate under the

circumstances, is well within the Trustee's business judgment, and should be approved.  Rund

Decl., ¶¶ 10-13.

**III.    CONCLUSION**

Based on the foregoing, the Trustee requests that the Bankruptcy Court enter an order (1)

approving the proposed compromise with CCF; (2) approving the Agreement; and (3) granting

such other and further relief as is just and appropriate under the circumstances.

DATED:  February 15, 2022

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP

By: */s/ Keith Patrick Banner*
JEFFREY A. KRIEGER
KEITH PATRICK BANNER
Attorneys for Jason M. Rund,
Chapter 7 Trustee

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

MOTION TO APPROVE
COMPROMISE WITH CCF

# DECLARATION OF JASON M. RUND

I, Jason M. Rund, declare:

1.    I am the duly appointed and acting chapter 7 Trustee of the bankruptcy estate of Youth Policy Institute, Inc. (the "Debtor").  I have personal knowledge of the facts stated below, or have gained knowledge of them from pleadings and other documents typically obtained and reviewed by trustees administering estates or from the professionals employed to assist me herein, and, if called as a witness, I could and would testify competently thereto.

2.    I submit this Declaration in support of the accompanying *Chapter 7 Trustee's Motion Under Fed. R. Bankr. P. 9019 for Order Approving Compromise with California Community Foundation* (the "Motion").  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.    On November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition (the "Petition") under chapter 7 of the Bankruptcy Code, commencing the within chapter 7 bankruptcy case.  The Debtor filed the Petition on an emergency basis without the required schedules, statements and other case commencement documents listed in section 2.1(b) of the Court Manual.

4.    On the Petition Date, I was duly appointed the chapter 7 trustee pursuant to section 701 of the Bankruptcy Code.  The first chapter 7 meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341(a) Meeting") was held on December 11, 2019 at 9:00 a.m., at which the Debtor's representatives appeared.  The 341(a) Meeting was thereafter continued from time to time until concluded on July 9, 2020 (See Docket No. 146).

5.    After obtaining an extension of the deadline to file its required disclosure schedules and statements (See Docket No. 9), on December 3, 2019, the Debtor filed its *Statement of Financial Affairs* [Docket Nos. 16] (the "SOFA").  Among other disclosures made in the SOFA, in response to question 3, which requires the Debtor to disclose all payments to creditors in the ninety (90) day period prior to the Petition, the Debtor, in a response identified as "3.23", disclosed a transfer to CCF on September 27, 2019 in the amount of $2,005,000 (the "Transfer").

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

DECLARATION OF
JASON M. RUND

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

6.    I and my counsel have reviewed the SOFA and the books and records of the Debtor and confirmed that the Transfer did occur within the ninety (90) day period prior to the Petition Date, and that the Transfer was the repayment, in full, of an unsecured loan in the amount of $2,000,000 made by CCF to YPI pursuant to, among other documents, a promissory note and loan agreement each dated August 29, 2019 (the "CCF Loan").  I further understand through my investigations and those of my counsel, that the CCF Loan was an emergency, short-term bridge loan made to YPI to cover its operations, including outstanding payroll and past-due payroll taxes.

7.    Following my initial investigations into the Transfer, I, through counsel, served a demand letter on CCF on July 30, 2021 asserting that the Transfer was avoidable and can be recovered by the bankruptcy estate pursuant to sections 547 and 550 of the Bankruptcy Code.  After service of the demand, I, though counsel, engaged in extensive good faith negotiations with CCF, though their counsel Sasha Gurvitz, Esq. of KTBS Law LLP.  During those negotiations the parties extensively discussed CCF's various defenses and other considerations relevant to this matter

8.    As a result of the extensive negotiations with CCF, the parties reached a proposed compromise memorialized in a *Settlement Agreement*, a true and correct copy of which is attached hereto as Exhibit 1 (the "Agreement").

9.    I anticipate that I will receive the settlement payment from CCF no later than March 11, 2022, which is the payment deadline set forth in the Agreement.

10.    Consideration of the *A&C Properties* factors leads me to the conclusion that the proposed compromise should be approved.  With regard to the first and third factors, although I could have taken the position that the bankruptcy estate is entitled to avoid and recover the full amount of the Transfer, I understand that CCF would vigorously oppose any such position and would assert various preference defenses, including those which they may have already asserted during settlement negotiations.  Such a dispute would likely cost the bankruptcy estate a significant amount in administrative expenses and could result in a ruling in favor of CCF.  The compromise memorialized in the Agreement reflect a reasonable "middle ground" between the

1    parties without the need for costly litigation.

2        11.    With regard to the second *A&C Properties* factor, I considered the fact that CCF is

3    a non-profit entity with limited resources.  Even if I were to obtain a judgment in the full amount

4    of the Transfer, such a judgment would likely be difficult to collect from a nonprofit entity, and if

5    collected, would likely have a detrimental impact on CCF's operations and its ability to conduct

6    its various  programs in the underserved communities of Los Angeles County.  The proposed

7    compromise minimizes the risk of collection and the aforementioned adverse impact and

8    concurrently results in a significant recovery to the bankruptcy estate.

9        12.    With regard to the fourth *A&C Properties* factor, I believe that the paramount

10   interest of the creditors is served by the terms of the compromise.  The compromise result in a

11   significant aggregate payment to the bankruptcy estate in the amount of $400,000, without the

12   need for the additional expense of litigation.  Although a 20% recovery with respect to the

13   $2,005,000 Transfer, the Trustee recognizes that without the Debtor's use of the CCF Loan to

14   pay, among other debts, outstanding payroll and past-due payroll taxes, the bankruptcy estate

15   would likely be facing much larger priority wage and tax claims.  Despite the risks of lending to a

16   financially distressed YPI, CCF opted to make the CCF Loan as an emergency bridge loan so YPI

17   could pay those pre-petition priority claims.  As such, I believe the compromise serve the interest

18   of other creditors.

19       13.    Based on these factors, I believe that the compromise with CCF memorialized in

20   the Agreement is in the best interests of the bankruptcy estate under the circumstances, is well

21   within my business judgment, and should be approved.

22

23       I declare under penalty of perjury under the laws of the United States of America that the

24   foregoing is true and correct.

25   Executed this _14th_ day of February 2022, at El Segundo, California.

26

27                                               JASON M. RUND

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

# EXHIBIT "1"

EXECUTION COPY

Youth Policy Institute, Inc.
Bankruptcy Case No. 2:19-bk-23085-BB

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "Settlement Agreement") is made by and between: (1) Jason M. Rund, solely in his capacity as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Debtor Youth Policy Institute, Inc. (the "Debtor") and (2) California Community Foundation ("CCF"). The Trustee and CCF may be referred to herein collectively as the "Parties" and each, a "Party".

**WHEREAS,** on November 5, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7, title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court");

**WHEREAS,** on the Petition Date, the Trustee was duly appointed the chapter 7 trustee of the Debtor's bankruptcy estate pursuant to section 701 of the Bankruptcy Code;

**WHEREAS,** on December 3, 2019, the Debtor filed its Statement of Financial Affairs [Docket No. 16] (the "SOFA"), in which the Debtor, in response to question 3 of the SOFA, disclosed a transfer to CCF on September 27, 2019 in the amount of $2,005,000.00 (the "Transfer") occurring during the ninety (90) day period prior to the Petition Date;

**WHEREAS,** the Trustee asserts that the Transfer is avoidable and may be recovered by the bankruptcy estate under sections 547 and 550 of the Bankruptcy Code;

**WHEREAS,** CCF has asserted certain defenses to the avoidance and recovery of the Transfer;

**WHEREAS,** to allow for discussions between the Parties relating to the potential avoidance of the Transfer, the Parties entered into a *Stipulation Between Chapter 7 Trustee and California Community Foundation Tolling the Statute of Limitations to Commence and Avoidance Action under 11. U.S.C. § 546* [Docket No. 190], which was approved by order of the Bankruptcy Court entered on November 5, 2021 [Docket No. 194], and a *Second Stipulation Between Chapter 7 Trustee and California Community Foundation Tolling Statute of Limitations to Commence an Avoidance Action* [Docket No. 210], which was approved by order of the Bankruptcy Court on January 27, 2022 [Docket No. 214] (collectively, the "Tolling Agreements");

**WHEREAS,** pursuant to the Tolling Agreements, the deadline for the Trustee, on behalf of the bankruptcy estate, to commence an action under, *inter alia*, 547 and 550 of the Bankruptcy Code against CCF has been extended to and including April 4, 2022 (the "Filing Deadline");

**WHEREAS,** following extensive good faith negotiations, the Trustee and CCF desire to settle and compromise this matter, on the terms set forth herein, to avoid the cost and uncertainty of litigation; and

**WHEREAS,** CCF has agreed to pay the Settlement Payment (as defined herein) to the Trustee on behalf of the Debtor's bankruptcy estate in full and final settlement of its alleged liability for the aforementioned Transfer under chapter 5 of the Bankruptcy Code.

EXECUTION COPY

**NOW THEREFORE**, the Parties agree as follows:

1. Settlement Payment. In exchange for the release described in Section 4 of this Settlement Agreement, CCF shall pay, or cause to be paid, to the Trustee the amount of $400,000.00 U.S. Dollars (the "Settlement Payment") via check made payable to "Jason M. Rund, Chapter 7 Trustee". If the Settlement Payment is not received by the Trustee on or before March 11, 2022 (the "Payment Deadline"), this Settlement Agreement shall be null and void. Notwithstanding the foregoing, the Payment Deadline may be modified by mutual agreement between the Parties.

2. Bankruptcy Court Approval. This Settlement Agreement is subject to approval of the Bankruptcy Court. After the Settlement Agreement is fully executed and delivered to the Trustee, his counsel shall prepare and file a motion seeking Bankruptcy Court approval of the compromise embodied in this Settlement Agreement (the "Compromise Motion").

3. Effective Date. For the purposes of this Settlement Agreement "Effective Date" shall mean the day upon which the last of the following occurs: (a) the Settlement Agreement has been duly executed by both Parties; (b) the Trustee has received the full amount of the Settlement Payment; and (c) the Bankruptcy Court enters and order approving this Settlement Agreement.

4. Mutual Releases.

   a. Releases by the Trustee. Upon the occurrence of the Effective Date, the Trustee, on behalf of the Debtor's bankruptcy estate, knowingly and voluntarily, unconditionally, irrevocably and absolutely, waives, releases, covenants not to sue and discharges all claims, obligations, suits, judgments, remedies, damages, demands, debts, rights, causes of action and liabilities, claims for relief, expenses, losses, or other rights to payment or obligations of any kind against CCF, and its past and present representatives, agents, insurers, directors, officers, employees, successors and assigns, whether liquidated, matured, fixed, disputed, contingent, existing or arising hereafter.

   b. Releases by the CCF. Except as provided in Section 5 of this Settlement Agreement, upon the occurrence of the Effective Date, CCF, knowingly and voluntarily, unconditionally, irrevocably and absolutely, waives, releases, covenants not to sue and discharges all claims, obligations, suits, judgments, remedies, damages, demands, debts, rights, causes of action and liabilities, claims for relief, expenses, losses, or other rights to payment or obligations of any kind against the Trustee and his past and present representatives, agents, insurers, employees, successors, and assigns, whether liquidated, matured, fixed, disputed or contingent.

   c. Waiver of Civil Code § 1542. It is understood and agreed as between the Parties hereto that all rights under Section 1542 of the California Civil Code are hereby expressly waived as to the claims released in this Settlement Agreement. Said section reads as follows:

   > 1542. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER

EXECUTION COPY

FAVOR AT THE TIME OF EXECUTING THE RELEASE AND
THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH
THE DEBTOR OR RELEASED PARTY.

5.  <u>Claims Against Debtors' Estate</u>.  Any proof of claim with respect to the Settlement Payment filed by CCF under section 502(h) of the Bankruptcy Code must be filed no later than 30 days from the Effective Date, and a claim filed within that period shall be deemed timely. The Trustee shall not object to a general unsecured proof of claim filed by CCF in the amount of the Settlement Payment and in accordance with this paragraph 5.

6.  <u>Further Extension of Filing Deadline</u>.  In the event that any order on the Compromise Motion is not entered by the Bankruptcy Court at least fourteen (14) days before the Filing Deadline, then the Parties agree that the Filing Deadline shall be further extended to fourteen (14) days after the Bankruptcy Court enters an order on the Compromise Motion.

7.  <u>No Admission of Liability.</u>  Each of the Parties acknowledge this Settlement Agreement is a compromise of a disputed claim and that the Settlement Payment made hereunder is not intended to be construed as an admission of any liability by either Party.

8.  <u>Entire Agreement.</u>  This Settlement Agreement constitutes the complete understanding between the Parties and it cannot be altered, amended, or modified in any respect, except by a writing duly executed by both Parties.

9.  <u>Voluntary Act</u>.  Each of the Parties does hereby warrant, with respect to itself only, that it is authorized and empowered to execute this Settlement Agreement.  The Parties acknowledge that they have read this Settlement Agreement in its entirety, fully understood its terms, and voluntarily accepted the terms set forth herein.  Further, each Party acknowledges that it has had an opportunity to consult with legal counsel and any other advisers of its choice with respect to the terms of this Settlement Agreement and it is signing this Settlement Agreement of its own free will.

10. <u>Governing Law/Venue</u>.  Each Party agrees that this Settlement Agreement shall be governed by and interpreted under the laws of the State of California and, where appropriate, the Bankruptcy Code.  Should any Party institute any action or proceeding to enforce any provision hereof or for damages by reason of any alleged breach of any provision of this Settlement Agreement, such action shall be brought in the Bankruptcy Court, and the Parties hereto expressly consent to the jurisdiction of the Bankruptcy Court with respect to any such action.

11. <u>Attorney Fees.</u>  Each Party shall bear its own attorneys' fees and costs relating to the Transfer, settlement negotiations, and the negotiation and execution of this Settlement Agreement.  However, if either Party must commence an action to enforce the terms of this Settlement Agreement, the prevailing Party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said enforcement action.

12. <u>No Assignment.</u>  Each Party hereby represents and warrants to the other Party that it has made no assignment, and hereafter will make no assignment of any claim, cause in action, right of action, or any other right released pursuant to this Settlement Agreement.

13. <u>Execution in Counterparts.</u>  It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be executed as of February 14, 2022.

"TRUSTEE"

_____
JASON M. RUND, Solely in His Capacity as
Chapter 7 Trustee of the Bankrutpcy Estate of
Youth Policy Institute, Inc.

"CCF"

CALIFORNIA COMMUNITY
FOUNDATION

By: _____

Name: _Carol Bradford Worley_

Its: _Senior Counsel_


By: _____

Name: _ROBERT HARRISON_

Its: _CONTROLLER_

13.  <u>Execution in Counterparts.</u> It is understood and agreed that this Settlement Agreement may be executed in identical counterparts and may be transmitted by email or facsimile, each of which shall be deemed an original for all purposes.

**IN WITNESS WHEREOF**, the Parties have caused this Settlement Agreement to be executed as of February 14, 2022.

"**TRUSTEE**"                                       "**CCF**"

CALIFORNIA COMMUNITY
FOUNDATION

JASON M. RUND, Solely in His Capacity as       By:_____
Chapter 7 Trustee of the Bankrutpcy Estate of
Youth Policy Institute, Inc.                        Name:_____

                                                        Its:_____

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2049 Century Park East, Ste. 2600, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION UNDER FED. R. BANKR. P. 9019 FOR ORDER APPROVING COMPROMISE WITH CALIFORNIA COMMUNITY FOUNDATION DECLARATION OF JASON M. RUND IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/15/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 02/15/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Youth Policy Institute, Inc.
6464 Sunset Blvd. Ste. 650
Los Angeles, CA 90028

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 02/15/2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Messenger
The Honorable Sheri Bluebond
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Ste. 1534
Los Angeles, CA 90012

Counsel for California Community Foundation
Sasha M. Gurvitz, Esq- SGurvitz@KTBSLaw.com

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/15/2022 | Julie King | /s/ Julie King |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Keith Patrick Banner    kbanner@greenbergglusker.com,
  sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass    bob.bass47@icloud.com
- Magdalena R Bordeaux    mbordeaux@publiccounsel.org
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com,
  calendar@greenbergglusker.com;jking@greenbergglusker.com
- Philip D Dracht    pdracht@drachtlaw.com
- Steven Goldsobel    steve@sgoldsobel.com
- EmmaElizabeth A Gonzalez    egonzalez@publiccounsel.org
- Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Jeffrey A Krieger    jkrieger@ggfirm.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Hayes F Michel    hmichel@krakowskymichel.com
- Christopher E Prince    cprince@lesnickprince.com,
  jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Daniel C Sharpe    , daniel.c.sharpe@me.com
- Summer M Shaw    ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
- Matthew N Sirolly    msirolly@dir.ca.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Andy C Warshaw    awarshaw@bwlawcenter.com, Warshaw.AndyB110606@notify.bestcase.com
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com

2. **SERVED BY UNITED STATES MAIL**:

Ford Motor Credit

| | | |
|---|---|---|
| FORD MOTOR CREDIT<br>PO Box 537901<br>Livonia, MI 48153 | Ford Motor Credit<br>P.O. Box 650574<br>Dallas, TX 75265-0574 | Ford Motor Credit<br>1501 North Plano Road Ste. 100.<br>Richardson, TX 75081 |
| Ford Motor Credit<br>260 Interstate N PKWY NW<br>Atlanta, GA 30339 | | |

Secured Creditors

| | | |
|---|---|---|
| Think Together<br>2101 E 4th St Ste. 200B<br>Santa Ana, CA 92705<br>Attn: Teresa A. McQueen,<br>General Counsel | Jules and Associates<br>2 Great Valley Parkway,<br>Suite 300<br>Malvern, PA 19355 | Non-Profit Finance Fund<br>5 Hanover Square,<br>9th Floor<br>New York, NY 10004 |

Unsecured Creditors

| | | |
|---|---|---|
| American Express<br>World Financial Center<br>New York, NY 10285 | Bright Star Schools<br>2636 South Mansfield Avenue<br>Los Angeles, CA 90016 | C3 Business Solutions<br>20321 SW Acacia St., Ste. 200<br>Newport Beach, CA 92660 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

California Department of
Education
21st 1430 N Street
Sacramento, CA 95814-5901

Department of Education (Los
Angeles Prom)
400 Maryland Avenue, SW
Washington, DC 20202

Employed Security Service Center
Inc.
959 E., Walnut Street
Suite 112
Pasadena, CA 91106

Fresh Start Meals Inc
1530 1st Street
San Fernando, CA 91340

Granada Hills Charter High School
10535 Zelzah Avenue
Granada Hills, CA 91344

JFK Transportation Company Inc.
980 W. 17th Street
Suite B
Santa Ana, CA 92706

Multicultural Learning Center
7510 Desoto Avenue
Canoga Park, , CA 91303

NIU College
5959 Topanga Canyon Blvd.
Suite 110
Woodland Hills, CA 91367

Oracle America, Inc.
P.O. Box 44471
San Francisco, CA 94144

Orenda Education (Principal's
Exchange)
2101 E. Fourth Street
Suite 200B
Santa Ana, CA 92705

Roth Staffing Companies, L.P.
P.O. Box 60003
Anaheim, CA 92812

Sabio Enterprises, Inc.
400 Corporate Pointe, Suite 300
Culver City, CA 90230

Spectrum
9260 Topanga Canyon Blvd.
Chatsworth, CA 91311

Staples Contract & Commercial
Inc.
Dept. La
P.O. Box 83689
Chicago, IL 60696

Staples Technology
P.O. Box 95230
Chicago, IL 60694

Stem & More LLC
7618 Jellico Avenue
Northridge, CA 91325

Ultimate Software (Payroll
Services)
P.O. Box 930953
Atlanta, GA 91193

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

JEFFREY A. KRIEGER (SBN 156535)
JKrieger@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067
Telephone:  310.553.3610
Fax:  310.553.0687

Attorneys for Jason M. Rund,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

In re:

YOUTH POLICY INSTITUTE, INC.,

Debtor.

Case No. 2:19-bk-23085-BB

Chapter 7

**NOTICE OF CHAPTER 7 TRUSTEE'S
MOTION UNDER FED. R. BANKR. P. 9019
FOR ORDER APPROVING
COMPROMISE WITH CALIFORNIA
COMMUNITY FOUNDATION**

[NO HEARING REQUIRED]

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY
JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-
INTEREST HEREIN:**

**PLEASE TAKE NOTICE** that Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the
bankruptcy estate of Debtor Youth Policy Institute, Inc. (the "Debtor") has filed his *Chapter 7
Trustee's Motion Under Fed. R. Bankr. P. 9019 for Order Approving Compromise with
California Community Foundation* [Docket No. 219] (the "Motion") seeking entry of an order
pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

and each, a "Bankruptcy Rule") approving the Trustee's proposed compromise with California Community Foundation ("CCF") and approving the *Settlement Agreement* (the "Agreement") by and between the Trustee, on behalf of the bankruptcy estate, and CCF memorializing such proposed compromise, a copy of which is attached as <u>Exhibit 1</u> to the *Declaration of Jason M. Rund* (the "Rund Declaration") accompanying the Motion.

As further set forth in the Motion, the Agreement is the result of extensive, good faith negotiations between the Trustee and CCF relating to a pre-petition transfer made by the Debtor to CCF on September 27, 2019 in the amount of $2,005,000 (the "Transfer"). The Trustee understands through his investigations that the Transfer was the repayment, in full, of an unsecured loan in the amount of $2,000,000 made by CCF to YPI pursuant to, among other documents, a promissory note and loan agreement each dated August 29, 2019 (the "CCF Loan"). The Trustee further understands that the CCF Loan was an emergency, short-term bridge loan made to YPI to cover its operations, including outstanding payroll and past-due payroll taxes. The Trustee and CCF have reached a proposed compromise regarding the potential avoidance of the Transfer under sections 547 and 550 of the Bankruptcy Code, which: (1) will result in a settlement payment from CCF to the bankruptcy estate in the aggregate amount of $400,000; (2) contains mutual releases between CCF and the bankruptcy estate; (3) permits CCF to file an unsecured proof of claim under section 502(h) of the Bankruptcy Code; and (4) extends the deadline for the Trustee to commence an avoidance action against CCF, as necessary, to 14 days after the Court enters an order on the Motion. The Trustee believes that the proposed compromise memorialized in the Agreement is in the best interests of the bankruptcy estate under the circumstances, is well within the Trustee's business judgment, and should be approved.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice, the Rund Declaration, the record in this case and all other matters of which this Court may take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence, and such further oral and documentary evidence as may be presented at any hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Court's *Order Granting Motion for Order Limiting Scope of Notice* [Docket No. 32] (the "Order Limiting Notice"), the

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Ste. 2600
Los Angeles, California 90067

1   Motion constitutes a Limit Notice Matter and therefore the Trustee will serve the Motion and this

2   Notice on the Limited Service List and counsel for CCF.

3        **PLEASE TAKE FURTHER NOTICE** that in accordance with Local Bankruptcy Rule

4   9013-1(o)(1), any response to the Motion and request for hearing must be in the form required by

5   Local Bankruptcy Rule 9013-1(f)(1) and must be filed with the Court and served on: (i) the

6   Trustee at 840 Apollo Street, Suite 351, El Segundo, California 90245; (ii) his general bankruptcy

7   counsel, Greenberg Glusker Fields Claman & Machtinger LLP, Attn:  Jeffrey A. Krieger, Esq.

8   and Keith Patrick Banner, Esq., 2049 Century Park East, Ste. 2600, Los Angeles, California

9   90067; and (iii) the Office of the United States Trustee, located at 915 Wilshire Blvd., Suite 1850,

10  Los Angeles, California 90017, within seventeen (17) days from the date of service of this Notice.

11       If you fail to file a written response within seventeen (17) days from the date of the

12  service of this Notice, the Bankruptcy Court may treat such failure as a waiver of your right to

13  oppose the Motion and may grant the requested relief.

14

15  DATED:  February 15, 2022          GREENBERG GLUSKER FIELDS CLAMAN
                      & MACHTINGER LLP

16

17                        By: */s/ Keith Patrick Banner*

18                          JEFFREY A. KRIEGER
                        KEITH PATRICK BANNER

19                          Attorneys for Jason M. Rund,
                        Chapter 7 Trustee

20

21

22

23

24

25

26

27

28

NOTICE OF OMNIBUS MOTION TO APPROVE
COMPROMISES OF PREFERENCE CLAIMS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2049 Century Park East, Ste. 2600, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF CHAPTER 7 TRUSTEE'S MOTION UNDER FED. R. BANKR. P. 9019 FOR ORDER APPROVING COMPROMISE WITH CALIFORNIA COMMUNITY FOUNDATION** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 02/15/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 02/15/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Youth Policy Institute, Inc.
6464 Sunset Blvd. Ste. 650
Los Angeles, CA 90028

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 02/15/2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Messenger
The Honorable Sheri Bluebond
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Ste. 1534
Los Angeles, CA 90012

Counsel for California Community Foundation
Sasha M. Gurvitz, Esq- SGurvitz@KTBSLaw.com

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 02/15/2022 | Julie King | /s/ Julie King |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                      **F 9013-3.1.PROOF.SERVICE**

**1.** <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- Keith Patrick Banner    kbanner@greenbergglusker.com,
  sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass    bob.bass47@icloud.com
- Magdalena R Bordeaux    mbordeaux@publiccounsel.org
- Shawn M Christianson    cmcintire@buchalter.com, schristianson@buchalter.com
- Brian L Davidoff    bdavidoff@greenbergglusker.com,
  calendar@greenbergglusker.com;jking@greenbergglusker.com
- Philip D Dracht    pdracht@drachtlaw.com
- Steven Goldsobel    steve@sgoldsobel.com
- EmmaElizabeth A Gonzalez    egonzalez@publiccounsel.org
- Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Jeffrey A Krieger    jkrieger@ggfirm.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- David W. Meadows    david@davidwmeadowslaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Hayes F Michel    hmichel@krakowskymichel.com
- Christopher E Prince    cprince@lesnickprince.com,
  jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Daniel C Sharpe    , daniel.c.sharpe@me.com
- Summer M Shaw    ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
- Matthew N Sirolly    msirolly@dir.ca.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Andy C Warshaw    awarshaw@bwlawcenter.com, Warshaw.AndyB110606@notify.bestcase.com
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>:

<u>Ford Motor Credit</u>

FORD MOTOR CREDIT                Ford Motor Credit                    Ford Motor Credit
PO Box 537901                          P.O. Box 650574                      1501 North Plano Road Ste. 100.
Livonia, MI 48153                       Dallas, TX 75265-0574             Richardson, TX 75081

Ford Motor Credit
260 Interstate N PKWY NW
Atlanta, GA 30339

<u>Secured Creditors</u>

Think Together                           Jules and Associates               Non-Profit Finance Fund
2101 E 4th St Ste. 200B             2 Great Valley Parkway,           5 Hanover Square,
Santa Ana, CA 92705                 Suite 300                             9th Floor
Attn: Teresa A. McQueen,          Malvern, PA 19355                 New York, NY 10004
   General Counsel

<u>Unsecured Creditors</u>

American Express                       Bright Star Schools                 C3 Business Solutions
World Financial Center                2636 South Mansfield Avenue   20321 SW Acacia St., Ste. 200
New York, NY 10285                 Los Angeles, CA 90016           Newport Beach, CA 92660

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

California Department of
Education
21st 1430 N Street
Sacramento, CA 95814-5901

Department of Education (Los
Angeles Prom)
400 Maryland Avenue, SW
Washington, DC 20202

Employed Security Service Center
Inc.
959 E., Walnut Street
Suite 112
Pasadena, CA 91106

Fresh Start Meals Inc
1530 1st Street
San Fernando, CA 91340

Granada Hills Charter High School
10535 Zelzah Avenue
Granada Hills, CA 91344

JFK Transportation Company Inc.
980 W. 17th Street
Suite B
Santa Ana, CA 92706

Multicultural Learning Center
7510 Desoto Avenue
Canoga Park, , CA 91303

NIU College
5959 Topanga Canyon Blvd.
Suite 110
Woodland Hills, CA 91367

Oracle America, Inc.
P.O. Box 44471
San Francisco, CA 94144

Orenda Education (Principal's
Exchange)
2101 E. Fourth Street
Suite 200B
Santa Ana, CA 92705

Roth Staffing Companies, L.P.
P.O. Box 60003
Anaheim, CA 92812

Sabio Enterprises, Inc.
400 Corporate Pointe, Suite 300
Culver City, CA 90230

Spectrum
9260 Topanga Canyon Blvd.
Chatsworth, CA 91311

Staples Contract & Commercial
Inc.
Dept. La
P.O. Box 83689
Chicago, IL 60696

Staples Technology
P.O. Box 95230
Chicago, IL 60694

Stem & More LLC
7618 Jellico Avenue
Northridge, CA 91325

Ultimate Software (Payroll
Services)
P.O. Box 930953
Atlanta, GA 91193

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2049 Century Park East, Ste. 2600 Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/07/2022   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 03/07/2022   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 03/07/2022   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Via Messenger
The Honorable Sheri Bluebond
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Ste. 1534
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/7/2022 | Julie King | /s/ Julie King |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- Keith Patrick Banner      kbanner@greenbergglusker.com,
  sharper@greenbergglusker.com;calendar@greenbergglusker.com
- Robert D Bass      bob.bass47@icloud.com
- Magdalena R Bordeaux      mbordeaux@publiccounsel.org
- Shawn M Christianson      cmcintire@buchalter.com, schristianson@buchalter.com
- Brian L Davidoff      bdavidoff@greenbergglusker.com,
  calendar@greenbergglusker.com;jking@greenbergglusker.com
- Philip D Dracht      pdracht@drachtlaw.com
- Steven Goldsobel      steve@sgoldsobel.com, vandad@sgoldsobel.com
- EmmaElizabeth A Gonzalez      egonzalez@publiccounsel.org
- Sheryl K Ith      sith@cookseylaw.com, sith@ecf.courtdrive.com
- Jeffrey A Krieger      jkrieger@ggfirm.com,
  kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- David W. Meadows      david@davidwmeadowslaw.com
- Kevin Meek      kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Hayes F Michel      hmichel@krakowskymichel.com
- Christopher E Prince      cprince@lesnickprince.com,
  jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com
- Jason M Rund (TR)      trustee@srlawyers.com, jrund@ecf.axosfs.com
- Daniel C Sharpe      , daniel.c.sharpe@me.com
- Summer M Shaw      ss@shaw.law,
  shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com
- Matthew N Sirolly      msirolly@dir.ca.gov
- United States Trustee (LA)      ustpregion16.la.ecf@usdoj.gov
- Andy C Warshaw      awarshaw@bwlawcenter.com,
  Warshaw.AndyB110606@notify.bestcase.com
- Genevieve G Weiner      gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com