JEFFREY A. KRIEGER (SBN 156535)
JKrieger@GreenbergGlusker.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Jason M. Rund,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YOUTH POLICY INSTITUTE, INC.,<br><br>Debtor. | Case No. 2:19-bk-23085-BB<br><br>Chapter 7<br><br>**STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND SECURED CREDITOR NONPROFIT FINANCE FUND REGARDING SECURED CLAIM DISTRIBUTION**<br><br>[NO HEARING REQUIRED] |

This *Stipulation Between Chapter 7 Trustee and Secured Creditor Nonprofit Finance Fund Regarding Secured Claim Distribution* (this "Stipulation") is hereby entered into by and between Jason M. Rund, solely in his capacity as the duly appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Bankruptcy Estate") of Debtor Youth Policy Institute, Inc. (the "Debtor"), on the one hand, and secured creditor Nonprofit Finance Fund, a New York

not-for-profit corporation ("NFF"), on the other.  The Trustee and NFF may sometimes be referred to herein as the "Parties" and each, a "Party".  The Trustee and NFF enter into this Stipulation with reference to the following facts:

**RECITALS**

A. On April 1, 2020, the Trustee filed the *Stipulation Between Chapter 7 Trustee and Secured Creditor Nonprofit Finance Fund: (1) Authorizing Use of Cash Collateral; (2) Granting Certain Carve Outs from Senior Lien in Favor of the Bankruptcy Estate; and (3) Resolving Disputes Regarding Secured Claim and Extent of Lien* [Docket No. 106] (the "NFF Stipulation") entered into by and between the Trustee and NFF.

B. On April 1, 2020, the Trustee filed his *Chapter 7 Trustee's Motion Under Fed. R. Bankr. P. 9019 for Order Approving Stipulation Between Chapter 7 Trustee and Secured Creditor Nonprofit Finance Fund: (1) Authorizing Use of Cash Collateral; (2) Granting Certain Carve Outs from Senior Lien in Favor of the Bankruptcy Estate; and (3) Resolving Disputes Regarding Secured Claim and Extent of Lien* [Docket No. 107] (the "NFF Stipulation Motion") seeking approval of the NFF Stipulation.

C. On May 4, 2020, the Court entered its *Order Granting Chapter 7 Trustee's Motion Under Fed. R. Bankr. P. 9019 for Order Approving Stipulation Between Chapter 7 Trustee and Secured Creditor Nonprofit Finance Fund: (1) Authorizing Use of Cash Collateral; (2) Granting Certain Carve Outs from Senior Lien in Favor of the Bankruptcy Estate; and (3) Resolving Disputes Regarding Secured Claim and Extent of Lien* [Docket No. 119] (the "NFF Stipulation Order") granting the NFF Stipulation Motion and approving the NFF Stipulation.

D. Pursuant to the terms of the NFF Stipulation, the Trustee acknowledged and agreed that NFF is entitled to a secured claim of $4,350,000 (the "NFF Secured Claim").

E. Pursuant to the terms of the NFF Stipulation, NFF agreed to carve out from the NFF Secured Claim in favor of the Bankruptcy Estate certain amounts NFF would otherwise receive on account of the NFF Secured Claim based on three asset categories (collectively, the "Asset

Categories"), as each are defined in the NFF Stipulation:

    (a) "Grant Assets" meaning grant-related receivables[1] collected by the Trustee, the net proceeds of which will be split 70/30 respectively between NFF and the Bankruptcy Estate, after the Trustee's costs of collection are deducted;

    (b) "Commercial Tort Assets" meaning amounts realized by the Trustee on account of commercial tort claims[2], the net proceeds of which will be split 90/10 respectively between the Bankruptcy Estate and NFF, after the Trustee's costs of collection are deducted; and

    (c) "FUTA Assets" meaning amounts collected by the Trustee relating to the Debtor's prepetition overpayment of taxes under the Federal Unemployment Tax Act[3], the net proceeds of which will be split 50/50 respectively between the Bankruptcy Estate and NFF, after the Trustee's costs of collection are deducted.

F.    The Trustee has completed his collection efforts as to each of the Asset Categories and, therefore, has calculated the final amount collected under each of the Asset Categories and has further calculated the Bankruptcy Estate's collection costs applicable to each.

G.    The Trustee and NFF have met and conferred regarding NFF's net share of recoveries from the Asset Categories due under the NFF Stipulation and have agreed to the net distributions set forth herein and a calculation of the NFF Unsecured Claim (as defined below) on the following terms:

NOW, THEREFORE, in consideration of the foregoing, the Trustee and NFF stipulate and agree as follows:

/ / /

/ / /

---

[1] The Debtor's Schedule A/B discloses certain accounts receivable and certain "unbilled" grant receivables relating ostensibly to services performed by the Debtor in conducting its various after-school and other programs, which were funded through governmental grants. The Trustee's investigations indicate that many such receivables may be subject to setoff or otherwise may be potentially uncollectable.

[2] Commercial tort claims include the cause of action disclosed against Dixon Slingerland in the Debtor's Schedule A/B, and further include causes of action against other current and/or former officers and directors of the Debtor, some of which may be covered under applicable insurance policies of the Debtor.

[3] As such has been disclosed in the Debtor's Schedule A/B.

76214-00002/4627946.3

**STIPULATION:**

1. Pursuant to the terms of the NFF Stipulation and NFF Stipulation Order, the Trustee and NFF hereby agree that NFF is entitled to a net distribution on account of the NFF Secured Claim in the aggregate amount of $826,933.37 (the "NFF Distribution"), calculated as follows:

|  | Grant Assets | Commercial Tort Assets | FUTA Assets |
|---|---|---|---|
| **Trustee Collections** | $590,583.11 | $4,886,796.00 | $274,371.80 |
| **less Trustee Collection Costs** | ($41,124.00) | ($1,784,637.64) | ($10,179.50) |
| **Net Total** | $549,459.11 | $3,102,158.36 | $264,192.30 |
|  |  |  |  |
| **Percentage to NFF** | 70% | 10% | 50% |
| **Total to NFF** | $ 384,621.38 | $ 310,215.84 | $ 132,096.15 |

2. Upon entry of an order approving this Stipulation, the Trustee shall pay the NFF Distribution to NFF.

3. Pursuant to the NFF Stipulation and NFF Stipulation Order, NFF shall be entitled to an allowed general unsecured claim against the Bankruptcy Estate in the amount of $3,523,066.63, calculated as the difference between NFF Secured Claim and the NFF Distribution (the "NFF Unsecured Claim"). The NFF Unsecured Claim shall be entitled to share *pro rata* in any distributions to general unsecured creditors made by the Trustee in connection with the Trustee's final report.

4. Pursuant to the NFF Stipulation and NFF Stipulation Order, any net recoveries to the Bankruptcy Estate from each of the Asset Categories after the NFF Distribution shall be free and clear property of the Bankruptcy Estate and not subject to any encumbrance or claim by NFF, other than (i) NFF's right to a *pro rata* distribution on the NFF Unsecured Claim to the same extent as other general unsecured creditors and (ii) any administrative claim based on a breach of the NFF Stipulation or this Stipulation, as such may be determined by the Bankruptcy Court.

5. Nothing herein, including, without limitation, the calculation of the NFF Distribution and the NFF Unsecured Claim, shall be construed as a waiver of the respective rights of the Parties regarding any Undiscovered Estate Property (as defined in the NFF Stipulation).

[*Signature Page Follows*]

IN WITNESS WHEREOF, the parties hereto execute this Stipulation as of the date set forth opposite their respective signatures.

DATED: June 5, 2023

_____
JASON M. RUND, Solely in his Capacity as Chapter 7 Trustee of the Bankruptcy Estate of Youth Policy Institute, Inc.

DATED: June 5, 2023

NONPROFIT FINANCE FUND

By: _____
Name:  Beth Doreian
Its:   Chief Financial Officer

76214-00002/4627946.3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2049 Century Park E #2600, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND SECURED CREDITOR NONPROFIT FINANCE FUND REGARDING SECURED CLAIM DISTRIBUTION**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/08/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Keith Patrick Banner: kbanner@greenbergglusker.com, vafanasieva@greenbergglusker.com, calendar@greenbergglusker.com
Robert D Bass: bob.bass47@icloud.com
Magdalena R Bordeaux: mbordeaux@publiccounsel.org
Shawn M Christianson: cmcintire@buchalter.com, schristianson@buchalter.com
Brian L Davidoff: bdavidoff@greenbergglusker.com, calendar@greenbergglusker.com, jking@greenbergglusker.com Philip D Dracht: pdracht@drachtlaw.com
Steven Goldsobel: steve@sgoldsobel.com, vandad@sgoldsobel.com
EmmaElizabeth A Gonzalez: egonzalez@publiccounsel.org
Sheryl K Ith: sith@cookseylaw.com
Jeffrey A Krieger: jkrieger@ggfirm.com, kwoodson@greenbergglusker.com, calendar@greenbergglusker.com, jking@greenbergglusker.com
David W. Meadows: david@davidwmeadowslaw.com
Kevin Meek: kmeek@robinskaplan.com, kevinmeek32@gmail.com, kmeek@ecf.inforuptcy.com
Hayes F Michel: hmichel@krakowskymichel.com
Christopher E Prince: cprince@lesnickprince.com, jmack@lesnickprince.com, cprince@ecf.courtdrive.com, jnavarro@lesnickprince.com
Jason M Rund (TR): trustee@srlawyers.com, jrund@ecf.axosfs.com
Daniel C Sharpe: daniel.c.sharpe@me.com
Summer M Shaw: ss@shaw.law, shawsr70161@notify.bestcase.com, shawsr91811@notify.bestcase.com
Matthew N Sirolly: msirolly@dir.ca.gov
United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov
Andy C Warshaw: awarshaw@bwlawcenter.com, Warshaw.AndyB110606@notify.bestcase.com
Genevieve G Weiner: gweiner@sidley.com, laefilingnotice@sidley.com, genevieve-weiner-0813@ecf.pacerpro.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*      **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 06/08/2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Sheri Bluebond
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|---|---|---|
| 06/08/2023 | Viktoriia Afanasieva | /s/ *Viktoriia Afanasieva* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                     **F 9013-3.1.PROOF.SERVICE**